UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

BRENDA DIANA NESTOR,                                    Case No.: 17-21187-BKC-AJC
                                                        Chapter 11

_____Debtor._____/

## CURATOR'S EXPEDITED MOTION FOR RELIEF FROM AUTOMATIC STAY TO ALLOW STATE COURT LITIGATION TO PROCEED OR FOR A DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO PENDING STATE COURT ACTION

### *Expedited Hearing Requested*

*The Curator respectfully requests that this matter be heard on expedited basis so as not to disrupt the upcoming deadlines set forth in the State Court's orders or cause any further delay with respect to the State Court Litigation*

Philip von Kahle, as Curator of the Estate of Victor Posner (the "Movant" or "Curator"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001(a) and Local Rule 4001-1, files this Expedited Motion for Relief from Automatic Stay to Allow State Court Litigation to Proceed or For a Determination that the Automatic Stay Does Not Apply to Pending State Court Action (the "Motion"), and in support thereof states as follows:

### SUMMARY OF REQUESTED RELIEF

The Curator seeks an order from this Court determining that his claims against Defendant, Fidelity & Deposit Company of Maryland ("Fidelity") in the State Court Litigation (defined below), which are not direct claims against the Debtor, and all related discovery in that action, are not stayed by the Debtor's commencement of this bankruptcy case.

In April, 2015, the Miami-Dade County Probate Court, *sua sponte*, removed Debtor as personal representative of the Estate of Victor Posner (the "Posner Estate"), finding that she had

disobeyed multiple orders of the Probate Court, and that she constituted a danger to the Posner Estate. These findings were affirmed on appeal. Thereafter, the Curator filed the State Court Litigation against Fidelity to recover $23.1 million, the full amount of the Debtor's personal representative's bond issued by Fidelity, guaranteeing Debtor's faithful performance of her duties as personal representative of the (formerly) multi-million dollar Posner Estate.

Fidelity thereafter impleaded Debtor as a third-party defendant to that case. Since then, litigation involving the Debtor and entities with which she was affiliated, has sprouted in various jurisdictions. Debtor is a familiar face in four bankruptcy cases pending in this court alone: *In re Windmill Reserve Corp.*, Case No. 16-20986-RBR, *In re Hollywood One, LLC*, Case No. 17-13739-LMI, and *In re Fox Run Creek Estates Holdings LLC*, 17-17221-LMI, and the instant proceeding.

Since June, 2017, Debtor has sought to delay the Curator's State Court Litigation, and the Curator posits that the filing of this bankruptcy petition is yet another tool employed by the Debtor to slow the wheels of justice. By this Motion, which he files in an abundance of caution, the Curator seeks a ruling that the automatic stay does not apply to the State Court Litigation and permitting the State Court Litigation to proceed in its entirety, or in the alternative, a ruling granting him relief from the automatic stay, and permitting the State Court Litigation to proceed against Fidelity, notwithstanding this bankruptcy.

## I.    Background of the Bankruptcy Case

1.    On August 31, 2017, Brenda Diana Nestor (the "Debtor" or "Nestor"), filed a voluntary petition for relief in this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") (ECF No. 1).

2.    No schedules have yet been filed.

## II.    Facts Supporting Relief Requested

3.      Debtor is the former personal representative of the Estate of Victor Posner, a multi-millionaire, who died on February 11, 2002. That same day, Debtor opened his Estate in the Probate Court in and for Miami-Dade County, Florida, Case No. 2002-0595-CP, and was appointed personal representative of the same.

4.      Fidelity issued a personal representative's bond in the total amount of $23.1 million, guaranteeing Debtor's faithful performance of her duties as personal representative of the Posner Estate (the "Bond").

5.      Debtor reigned over the Posner Estate for thirteen years, until the Probate Court removed her as personal representative of the Posner Estate, for cause, on April 30, 2015.  A true and correct copy of the Order removing Debtor as personal representative of the Posner Estate is attached hereto as **Exhibit "1."**

6.      After the Probate Court removed Debtor as personal representative, it appointed Movant as Curator of the Posner Estate. A true and correct copy of the order appointing Movant as Curator of the Posner Estate is attached hereto as **Exhibit "2."** The Curator was charged with: (i) filing a full accounting of the liabilities and assets of the Posner Estate, which Debtor failed to do during her tenure as personal representative; (ii) determining the Posner Estate's creditors and liabilities, and paying them off in the priority established by the Florida Probate Code, and (iii) distributing the Posner Estate's remaining funds, if any, to its beneficiaries. Debtor is the residuary beneficiary of the Estate.

7.      After his appointment, the Curator determined that due to Debtor's maladministration of the Posner Estate, it was insolvent by more than twice the amount of the Bond.

8.     Accordingly, prior to the commencement of the instant bankruptcy case, the Movant filed a lawsuit on August 12, 2016 styled, *Philip von Kahle, on behalf of the Governor of Florida, for the use and benefit of the Estate of Victor Posner and for All Other Interested Parties, v. Fidelity & Deposit Company of Maryland*, Case No. 16-21099-CA-40 currently pending in Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Litigation").  A true and correct copy of the operative Second Amended Complaint against Fidelity, filed on August 15, 2017, is attached hereto as **Exhibit "3"** (the "Complaint").[1]

9.     The Complaint (and all prior iterations thereof) seeks to recover the full amount of the Bond, alleging various misconduct that Nestor committed during her thirteen-year reign as the personal representative of the Posner Estate.  Specifically, the Complaint alleges that Debtor failed to faithfully perform her duties as personal representative of the Posner Estate, by, among other things: (i) pouring tens of millions of dollars into worthless businesses that were either insolvent, or had little value to the Posner Estate; (ii) failing to prudently invest the Posner Estate's substantial assets; (iii) allowing tens of millions of dollars in unpaid tax and pension liabilities and penalties to compound as claims and liens against the Posner Estate and its assets; (iv) engaging in self-dealing and orchestrating numerous undisclosed transactions with her husband, a real-estate developer, in which Debtor had conflicts of interest; and (v) improperly distributing money to herself from the Posner Estate and other companies that she had business interests in (some of which have filed for bankruptcy protection before this Court) ahead of other creditors.

10.     The Complaint alleges that Debtor wasted and dissipated tens, if not hundreds of millions of dollars of the Posner Estate's assets, and accordingly, seeks the full penal sum of the Bond. The Complaint asserts no claims and requests no direct relief against the Debtor.

---

[1] For brevity, the exhibits to the Second Amended Complaint have not been filed with this Motion.

11. On February 10, 2017, Fidelity filed a third-party complaint against Debtor, seeking indemnification if Fidelity is determined to be liable on the Bond.

12. On April 3, 2017, Debtor answered the Third Party Complaint. On April 20, 2017, Debtor moved to amend her answer due to a scrivener's error, but the Motion was never set for hearing, nor was it granted.

13. Shortly after Debtor filed her Answer, her first counsel of record, David Goldstein, moved to withdraw.

14. Debtor's second attorney of record, Heather Rutecki, filed a notice of appearance on June 21, 2017, just nine days before the close of discovery. Thereafter, on July 11, 2017, Debtor, through Ms. Rutecki, filed an Emergency Motion to Modify Case Management Order and Case Management Schedule and to Extend Pretrial Deadlines, etc., seeking a six-month enlargement of all deadlines set forth in the applicable Case Management Order. A true and correct copy of this motion is attached hereto as **Exhibit "4."**[2]

15. The purported necessity for a six-month enlargement of the trial date and all applicable deadlines, was to enable Ms. Rutecki to get up-to-speed on the case.

16. In response, on July 12, 2017, the Curator filed his response in opposition to Debtor's Emergency Motion to Modify Case Management Order. The Curator's response is attached hereto as **Exhibit "5."**

17. On July 31, 2017 the Court held a hearing on Nestor's Emergency Motion to extend deadlines, in which her counsel argued that the extension of deadlines and the trial was necessary

---

[2] This Motion was subsequently amended to amend its signature blocks and clarify that the six-month extension requested was to file a counter or third-party claim and then have an additional six months to complete her discovery.

to enable her to get up to speed on the matter.  As a result, on August 1, 2017, the State Court entered the Amended Case Management Order attached hereto as **Exhibit "6."**

18.     Having successfully extended all deadlines in the case, it was time for Ms. Rutecki to bow out.  Just one week after the hearing Ms. Rutecki advised that she was withdrawing. Thereafter, on August 22, 2017, she filed a motion to withdraw.

19.     Even though she had just succeeded in securing an extension of deadlines and the trial for Debtor, once again Debtor asked for additional stays in the litigation to obtain new counsel.

20.     On August 30, 2017, the Court granted Ms. Rutecki's motion to withdraw, and provided Ms. Nestor until September 30, 2017 to take the Curator's deposition (despite having previously ordered Ms. Nestor to complete the same by August 28), and granting her until October 10, 2017 to amend her claims in the State Court Litigation (granting Debtor an additional extension from the extension granted on August 1, 2017).  A true and correct copy of that Order is attached hereto as **Exhibit "7."**

21.     Notwithstanding the aforementioned delays, preparation for trial in the State Court Litigation is substantially advanced. To date, the Curator has answered dozens of interrogatories, and produced in excess of 224,000 pages of documents to Fidelity.  The Curator has sat for deposition for over 15 hours, in this case. Besides the Curator, nine other individuals have been deposed in this case in Florida, Kansas, Washington D.C., and Wilmington, Delaware. These individuals include Fidelity's corporate representatives, Debtor, three attorneys who previously represented Debtor, a former employee of the Posner Estate, and employees of the Delaware Department of Natural Resources.  The parties have exchanged expert witness reports, and are set to take expert witness depositions by the end of the year.  The State Court Litigation is currently set for trial on during the period commencing on April 30, 2018.

22.     In an abundance of caution, the Movant seeks a determination from this Court that the automatic stay does not apply to the State Court litigation, or, in the alternative, that this Court grant the Curator relief from the automatic stay, so that he may continue litigating his claims against Fidelity in the State Court Litigation.

## Legal Argument and Citation to Authority

23.     Based on the foregoing, Movant seeks relief from the automatic stay imposed by 11 U.S.C. § 362(a), to proceed with the State Court Litigation.

24.     Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay  - (1) for cause . . ." 11 U.S.C. § 362(d)(1).  "Cause" is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay.  *See In re SCO Group, Inc*., 395 B.R. 852, 856 (Bankr. D. Del. 2006); *I.R.S. v. Robinson (In re Robinson)*, 169 B.R. 356, 359 (E.D. Va. 1994); *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998); *Smith v. Tricare Rehabilitation Systems, Inc. (In re Tricare Rehabilitation Systems, Inc.)*, 181 B.R. 569, 572-74 (Bankr. N.D. Ala. 1994) (extensive analysis of whether "cause" exists for granting relief from the stay).

25.     Section 362 is designed to give debtors a breathing spell from creditors. *In re Govero*, 439 B.R. 917, 921 (Bankr. S.D. Fla. 2010).  Notwithstanding its importance, the automatic stay does not apply to property that is not property of the Debtor's bankruptcy estate. 11 U.S.C. § 362(a).

26.     In this case, the Debtor and the bankruptcy estate do not have any interest in the claim against the personal representative's bond and allowing the State Court Litigation to proceed will cause no harm to the Debtor or the bankruptcy estate.

27.     In the event that the Court determines that the stay does apply, the Court should grant relief from the automatic stay "for cause" under 11 U.S.C. § 362(d)(1).

28.     The decision whether to grant relief from the automatic stay to allow litigation to continue in another forum is within the sound discretion of the bankruptcy court.  *See In re Dixie Broad., Inc.,* 871 F.2d 1023, 1026 (11th Cir. 1989); *In re Murray Indus., Inc.*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990) (citing *In re Castle Rock Props.*, 78 F.2d 159 (9th Cir. 1986)).  "In determining whether to lift the automatic stay, the courts have generally considered the prejudice to the debtor's reorganization efforts, conservation of judicial resources, and prejudice to the movant." *Murray Indus.*, 121 B.R. at 636-37 (citations omitted).

29.     Furthermore, the legislative history to section 362(d) provides:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin when no great prejudice to the bankruptcy estate would result in order to lead the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5836, 6297; *In re Humphrey's Pest Control Co., Inc.*, 35 B.R. 712, 714 (E.D. Pa. 1984); *see also In re Santa Clara County Fair Assoc., Inc.*, 180 B.R. 564, 566 (9th Cir. 1995).

30.     The bankruptcy courts in the 11th Circuit have held that they have discretion to lift the automatic stay for "cause" to allow a pending action to continue against the debtor where the balancing of the equities involving (a) prejudice to the debtor's reorganization efforts, (b)

conservation of judicial resources and (c) prejudice to the movant tilt toward such a result.  *See In re Murray Indus.*, 121 B.R. at 637.

31.     "Courts conduct a case-by-case inquiry and apply a totality of the circumstances test to determine whether cause for relief from the stay exists." *In re Laminate Kingdom, LLC*, 2008 WL 1766637 at *3 (Bankr. S.D. Fla. 2008).

32.     "[A]llowing a matter to proceed to another forum may constitute 'cause' to lift the stay.  A Senate Report noted: [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Murray*, 121 B.R. 636 (Bankr. M.D. Fla. 1990) (*citing* Senate Report No. 989, 95th Cong., 2d Sess. 50).

33.     Courts have adopted a balancing test for determining whether to modify the automatic stay to permit a pending action to proceed in another forum.  A court should balance the prejudice to the debtor against the hardship to the moving party if the stay remains in effect as well as consider the efficient use of judicial resources, the location of witnesses, documents, and other necessary parties.  A court can examine whether a creditor has a probability of success on the merits of his case. *In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001) (citations omitted).  *See also In re Bryan Road*, 382 B.R. 844 (Bankr. S.D. Fla. 2008); *In re Emerald Cove Villas*, 2007 WL 757663 (Bankr. M.D. Fla. 2007).

34.     Applying a balancing/totality of the circumstances test in this case, weighs heavily in the Movant's favor.  The Debtor is not prejudiced because Movant seeks only to proceed in the State Court Litigation against non-debtor defendant, Fidelity, and the personal representative's Bond.  Furthermore, the case is substantially advanced, is presently set for trial for the period

beginning on April 30, 2018, and the parties have undertaken extensive discovery and pretrial preparation in the matter.

35.     Furthermore, the State Court Litigation is based upon state law claims, which do not arise under Title 11 of the Bankruptcy Code and therefore any issues related thereto should be heard in state court.  *See, Piombo Corporation v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159 (9th Cir. 1986) ("A clear congressional policy exists to give state law claimants a right to have claims heard in state court").  Accordingly, the Movant believes that cause exists for granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) as there is no prejudice or burden to the estate in pursuing such stay relief.

36.     Should the Movant succeed in the State Court Litigation, Fidelity will have to appear before this Court to liquidate its claim against the Debtor, but the filing of this bankruptcy should not stall the efforts of the parties in the State Court Litigation.

37.     Accordingly, this Court should grant relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1), such that the Movant may proceed with the State Court Litigation, and the deadlines set forth by the State Court should not be impacted by the Debtor's bankruptcy filing.

WHEREFORE, the Movant, Philip Von Kahle, as Curator of the Estate of Victor Posner respectfully requests the entry of an order: (i) determining that the automatic stay does not apply to the Curator's claims in the State Court Litigation; or, in the alternative, (ii) terminating and modifying the automatic stay of Section 362(a); (iii) authorizing the Movant to proceed with the State Court Litigation against the non-debtor Defendant Fidelity, and against the proceeds of the personal representative's bond; and (iv) for such other and further relief as the Court deems just and proper.

Dated: September 5, 2017

                       BAST AMRON LLP
*Counsel for Movant*
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone: 305.379.7904
Facsimile: 305.379.7905
Email: bamron@bastamron.com
Email: jkorch@bastamron.com
Email: hharrison@bastamron.com

By:*/s/ Brett M. Amron*
    Brett M. Amron, Esq. (FBN 148342)
    Jeremy S. Korch, Esq. (FBN 14471)
    Hayley G. Harrison, Esq. (FBN 105157)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system where available, via e-mail, and/or via U.S. Mail as indicated upon the parties listed on the attached service list on this the 5th day of September, 2017.

                  */s/ Brett M. Amron*
                  Brett M. Amron, Esq.

## SERVICE LIST

**VIA CM/ECF**

- **Alberto M. Cardet**    alcardet@gmail.com,
  G1615@notify.cincompass.com;ebbycmecf@gmail.com
- **Joann M Hennessey**    joann@cjapl.com,
  frandy@cjapl.com;ami@cjapl.com;notices@cjapl.com
- **David S Musgrave**    dmusgrave@gfrlaw.com, tleonard@gfrlaw.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov

**VIA E-MAIL**

Brett Marks, Esq. (brett.marks@akerman.com)
Richard C. Milstein, Esq. (richard.milstein@akerman.com)
Dale Noll, Esq. (dale.noll@akerman.com)
Scott W. Leeds, Esq. (swleeds@cochranfirm.com)
William Strop, Esq. (wstrop@bplegal.com)
Ryan Carpenter, Esq. (rcarpenter@bplegal.com)
Geoffrey Sherman, Esq. (geoffrey@oplaw.net)
Jacquelyn Trask, Esq. (jtrask@oplaw.net)

**VIA U.S. MAIL**

*See attached mailing matrix*

```
Label Matrix for local noticing        Fulton Bank, N.A.                          Office of the US Trustee
113C-1                                  c/o David S. Musgrave, Esquire            51 S.W. 1st Ave.
Case 17-21187-AJC                       Gordon Feinblatt LLC                      Suite 1204
Southern District of Florida            233 East Redwood Street                   Miami, FL 33130-1614
Miami                                   Baltimore, MD 21202-3332
Tue Sep  5 12:16:40 EDT 2017

Brenda D Nestor                         Joann M Hennessey
39 Palm Avenue                          28 West Flagler Street, Suite 608
Miami Beach, FL 33139-5137              Miami, FL 33130-1893
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Miami                                (u)Name                    Address1        (u)Name,Address1,Address2,Address3,City,State
                                        Ally Financial             200 Re          Ally Financial,200 Renaissance Ctr,,,Det
                                        Amex                       Po Box          Amex,Po Box 297871,,,Fort Lauderdale,FL,
                                        Bankamerica                4909 S          Bankamerica,4909 Savarese Circle,,,Tampa
                                        Barclays Bank Delaware     Po Box          Barclays Bank Delaware,Po Box 8803,,,Wil
                                        Bk Of Amer                 Po Box          Bk Of Amer,Po Box 982238,,,El Paso,TX,79

End of Label Matrix
Mailable recipients        4
Bypassed recipients        3
Total                      7
```

# EXHIBIT "1"

FILED FOR RECORD

2015 APR 30  PM 3: 31

CLERK, CIRCUIT & COUNTY CTS.
DADE COUNTY, FLA.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

PROBATE DIVISION

| | |
|---|---|
| IN RE:  ESTATE OF VICTOR POSNER | CASE NO.:  02-595-CP-02/DIV. 04 |
| KELLY POSNER-GERSTENHABER<br>JARRETT POSNER and SEAN POSNER,<br>    Petitioners,<br>vs.<br>BRENDA NESTOR, as Personal Representative<br>of the Estate of Victor Posner | CASE NO.:  02-1027-CP-02/DIV. 04 |
| IN RE:  GUARDIANSHIP OF MELODY<br>LANE WARD | CASE NO.:  02-1369-GD-02/DIV. 04 |
| TRACY P. WARD<br>    Plaintiff<br>vs.<br>BRENDA NESTOR, individually and<br>as Personal Representative of the Estate<br>of VICTOR POSNER, Deceased<br>    Defendant | CASE NO.:  02-2058-CP-02/DIV. 04 |
| IN RE:  IRREVOCABLE TRUST<br>AGREEMENT FOR VICTOR POSNER<br>(TRUST 6) dated September 25, 1968 | CASE NO.:  02-3301-CP-02/DIV. 04 |
| TRACY POSNER WARD, as Guardian of<br>Melody Lane Ward, a minor,<br>    Plaintiff<br>vs.<br>BRENDA NESTOR, MELVIN COLVIN, and<br>BLANCHE LAUNER, as successor trustees of the<br>Victor Posner Trust No. 6 under Irrevocable Trust<br>Agreement dated September 25, 1968, as amended,<br>And individually; GAIL POSNER, as Un-resigned<br>Trustee of the Victor Posner Trust No. 6 under<br>Irrevocable Trust Agreement dated September 25,<br>1968, as amended, and individually; SECURITY<br>MANAGEMENT CORP., a Maryland Corporation;<br>And BRENDA NESTOR & ASSOCIATES, INC.,<br>a Florida Corporation. | |

1

IN RE:  IRREVOCABLE TRUST                          CASE NO.: 02-3701-CP-02/DIV. 04
AGREEMENT FOR VICTOR POSNER
(TRUST NO. 20) DATED 9/15/67

LANCE TROY POSNER,
      Plaintiff
vs.
BRENDA NESTOR CASTELLANO, MELVIN
COLVIN & BLANCHE LAUNER, as trustees
and GAIL POSNER as co-beneficiary
      Defendants

Order Removing Personal Representative and Providing for Appointment of Successor

This cause came before the court on April 2, 2015,  and April 17, 2015,  for evidentiary hearings providing an opportunity  for Brenda Nestor [respondent] in her capacity as personal representative, "and in the fiduciary and corporate roles that she has undertaken in the above referenced cases regarding the assets and liabilities of the estates and trusts and corporate interests of Victor Posner" to show cause why she should *not*  be removed and her letters of administration revoked,  as ordered *sua sponte*  on March 11, 2015.

1.     Grounds for the issuance of the order to show cause included the personal representative's failure to comply with a court order dated October 23, 2014, giving a deadline in December, 2014 for the personal representative to file an interim accounting and amended inventory and to provide estate information also previously ordered.

2.     A copy of the October 23, 2014 order violated by the respondent's inactions was attached to the March 11, 2015 order to show cause and served by formal notice on the respondent.  The order to show cause outlined the basis for contempt proceedings seeking not only removal of the personal representative but sanctions in the form of attorneys' fees and costs for the respondent's failure to obey the court's orders.

2

CASE NO.: 02-595-CP-02/DIV. 04
CASE NO.: 02-1027-CP-02/DIV. 04
CASE NO.: 02-1369-GD-02/DIV. 04
CASE NO.: 02-2058-CP-02/DIV. 04
CASE NO.: 02-3301-CP-02/DIV. 04 &
CASE NO.: 02-3701-CP-02/DIV. 04

3.     The March 11, 2015 order to show cause included the history of the personal representative's

failure to file an interim accounting, as well as failure to provide   other estate information requested by

interested persons as allowed by Florida Probate Rule 5.341.

4.     While professing through counsel that she has been prepared to act, she has denied

responsibility for failure to comply with the October 23, 2014 order without plausible explanations.

Florida Statute 733.602(1) provides that a personal representative is...

> ...a fiduciary who shall observe the standards of care applicable
> to trustees.  A personal representative is under a duty to settle
> and distribute the estate of the decedent in accordance with
> the terms of the decedent's will and this code as expeditiously
> and efficiently as is consistent with the best interests of the
> estate. A personal representative shall use the authority
> conferred by this code, the authority in the will, if any, and the
> authority of any order of the court, for the best interests of
> interested persons, including creditors.

5.     In response to the March 11 Order to Show Cause, multiple counsel for the  respondent have

sought   to shift the responsibility for failures  to others while continuing to withhold information from

the court, creditors, beneficiaries and interested persons  as to the financial status of the estate.

Counsel's request for a court order directed to the estate's largest secured creditor, the Pension Benefit

Guaranty Corporation [PBGC] for permission to use proceeds from the sale of estate assets subject to its

multi-million dollar lien for the personal representative's interim accounting is at best untimely.

6.     Florida Statute 733.603 provides that except as otherwise specified by this code or ordered by

the court, [a personal representative] shall proceed expeditiously with the settlement and distribution

of a decedent's estate without adjudication, order or direction of the court.

CASE NO.: 02-595-CP-02/DIV. 04
CASE NO.: 02-1027-CP-02/DIV. 04
CASE NO.: 02-1369-GD-02/DIV. 04
CASE NO.: 02-2058-CP-02/DIV. 04
CASE NO.: 02-3301-CP-02/DIV. 04 &
CASE NO.: 02-3701-CP-02/DIV. 04

7.      Although the personal representative is seeking to appeal matters involving the PBGC, she may

have allowed the PBGD's lien for unpaid pension plan contributions to grow from ten million estimated

in 2013 to over forty million dollars (secured and unsecured) as estimated by the PBGC in its recent

report.

8.      In August, 2014, the U.S. Tax Court in estate proceedings found that "no deficiency or

overpayment existed in connection with the decedent's estate tax issues".    That ruling triggered

(pursuant to a previous court order) the personal representative's duty to file an interim accounting.

9.      The first hearing for the respondent to show cause on   April 2, 2015 gave the respondent and

interested persons otherwise uninformed a chance to hear representatives of  the Pension Benefit

Guaranty Corporation [PBGC], a wholly owned United States government corporation created by Title IV

of the Employee Retirement Income Security Act.

10.      Accruing since 2010 when pension obligations fell short, PBGC has secured and unsecured liens

against the estates and trusts of Victor Posner.  In defense of her failure to file an interim accounting,

the respondent professed that  her "hands were tied" by the PBGC,  making her unable to raise the cash

to pay obligations of the estate of Victor Posner, including the cost of preparing an interim accounting

and an amended inventory for the estate.

11.      The court rejects to the defenses of the respondent to the order to show cause why she should

not be removed as a fiduciary of the estates and trusts of Victor Posner.   If her inability to obtain further

4

CASE NO.: 02-595-CP-02/DIV. 04
CASE NO.: 02-1027-CP-02/DIV. 04
CASE NO.: 02-1369-GD-02/DIV. 04
CASE NO.: 02-2058-CP-02/DIV. 04
CASE NO.: 02-3301-CP-02/DIV. 04 &
CASE NO.: 02-3701-CP-02/DIV. 04

accounting services estimated to be $300,000 to $500,000, is caused by her failure to pay pension obligations and to compensate the accountants hired for past work, she herself caused her inability to perform her duty by not paying compensation to professionals and estate obligations as appropriate when due.

12.     Because of testimony and documentation showing recent real estate sales with gross amounts of almost ten million, from which relatively modest amounts were paid for overdue pension payments, the court rejects as lacking credibility the respondent's defense that she is unable to pay for an accounting due to the PBGC's liens.

13.     On April 13, 2015, the respondent submitted for *in camera* review and sealing items identified as court exhibit 2 and 3.  Court exhibit 2 contains four pages, which do not justify the respondent's continued delay in the preparation and filing of an interim accounting.

14.     As to court exhibit 3, there has been no effort by the respondent to tie hundreds of pages of what appear to be fiduciary tax returns to her inability to afford the cost of an interim accounting and updated inventory as ordered.  Court exhibit 3 will be returned to the respondent's counsel unless a motion to determine confidentiality and to seal is timely provided as required by the court's order entered April 20, 2015, denying without prejudice requests for *in camera* review.

15.     In its order to show cause, the court requested a report on the issue of "danger to the estate', in an abundance of caution, as a  failure to obey court order is all that is required to remove a personal representative.§733.504(3), Fla. Stat.  The court finds that the additional ground of danger to the estate is established by the totality of the evidence presented in support of

CASE NO.: 02-595-CP-02/DIV. 04
CASE NO.: 02-1027-CP-02/DIV. 04
CASE NO.: 02-1369-GD-02/DIV. 04
CASE NO.: 02-2058-CP-02/DIV. 04
CASE NO.: 02-3301-CP-02/DIV. 04 &
CASE NO.: 02-3701-CP-02/DIV. 04

the respondent's removal at the hearings on April 2 and April 17, 2015. *See In Re Murphy's Estate,* 336

2d 697, 699 (Fla. 4th DCA 1976).

16.    Accordingly, the court removes the personal representative, and her letters of administration

are hereby revoked.

17.    "The removal of the personal representative shall not exonerate the removed personal

representative or the removed personal representative's surety from any liability." §733.506, Fla. Stat.

The former personal representative shall provide proof forthwith that the bond premiums are current.

18.    The removed personal representative shall file and serve a final accounting of the personal

representative's administration, and comply with Florida Statute 733.508 in order to obtain a discharge,

the bond released, and the surety discharged.

19.    In addition, the removed personal representative shall file pursuant to Fla. Prob. R. 5.065 "a

notice when a civil action has been instituted by or against the personal representative...containing

names of the parties, the style of the court and the case number, the county and state where the

proceedings is pending, the date of commencement of the proceeding, and a brief statement of the

nature of the proceeding".

20.    The removed personal representative shall immediately deliver all estate assets, records,

documents, papers, and other property of or concerning the estate in the personal representative's

possession or control to the "remaining personal representative or the successor fiduciary".

21.    If there is an alternate personal representative named in the will, the removed personal

representative shall advise the court forthwith.

6

CASE NO.: 02-595-CP-02/DIV. 04
CASE NO.: 02-1027-CP-02/DIV. 04
CASE NO.: 02-1369-GD-02/DIV. 04
CASE NO.: 02-2058-CP-02/DIV. 04
CASE NO.: 02-3301-CP-02/DIV. 04 &
CASE NO.: 02-3701-CP-02/DIV. 04

22.     The beneficiaries and interested persons shall all submit the names of persons willing to assume

the responsibilities of the personal representative in her fiduciary capacities, subject to the reservation

of jurisdiction as to corporate issues that is contained in the final judgment involving certain matters

recently affirmed.

23.     Unless well known in the community for fiduciary accomplishments, a resume of the proposed

successor personal representative shall be submitted to the court as soon as possible.

24.     The court finds grounds to assess attorney's fees for failure to provide estate information and

reserves ruling as to amounts.

DONE AND ORDERED in chambers, Miami-Dade County, Florida this 30 day of APRIL, 2015.

JUDGE CELESTF HARDEE MUIR
OVERTOWN VILLAGE NORTH
701 N.W. 1ST COURT
MIAMI, FLORIDA 33136
305/349-7105

JUDGE CELESTE HARDEE MUIR

CC:
SCOTT W. LEEDS, 2541 S.W. 27 AVENUE, MIAMI, FL. 33133
EDWARD I. GOLDEN, 17345 S. DIXIE HIGHWAY, PALMETTO BAY, FL. 33157
CANDIS TRUSTY, TWO DATRAN CENTER, 9130 S. DADELAND BLVD., STE. 1225, MIAMI, FL. 33156
ANDREW B. CLUBOK & JENNIFER LEVY, 601 LEXINGTON AVE., NEW YORK, N.Y. 10022
NORMAN A. FLEISCHER, 2101 NW CORPORATE BLVD., STE. 107, BOCA RATON, FL. 33431
MARTY STEINBERG, BILZIN SUMBERG, 1450 BRICKELL AVENUE, STE. 2300, MIAMI, FL. 33131
JOSHUA D. LERNER, 80 SW 8 STREET, #3000, MIAMI, FL. 33130
JOHN H. SCHULTE, 4000 PONCE DE LEON BLVD., STE. 470, CORAL GABLES, FL. 33146

7

CASE NO.: 02-595-CP-02/DIV. 04
CASE NO.: 02-1027-CP-02/DIV. 04
CASE NO.: 02-1369-GD-02/DIV. 04
CASE NO.: 02-2058-CP-02/DIV. 04
CASE NO.: 02-3301-CP-02/DIV. 04 &
CASE NO.: 02-3701-CP-02/DIV. 04

JONATHAN FEUERMAN, 1 S.E. 3 AVE., STE. 2950, MIAMI, FL. 33131
ROBERT BARRAR, 6619 S. DIXIE HIGHWAY, STE. 311, MIAMI, FL. 33143
ALSCHULER GROSSMAN STEIN & KAHN, 1629 26 STREET, SANTA MONICA, CALIFORNIA 90404
MELODY LANE WARD, 4867 PEDLEY AVE., NORCO, CA. 92860
TRACY WARD, 4867 PEDLEY AVE., NORCO, CA. 92860
DENNIS KLEIN, HUGHES HUBBARD, P.A., 201 S. BISCAYNE BLVD., STE. 2500, MIAMI, FL. 33131
JOHN C. LUKACS, 2525 PONCE DE LEON BLVD., 4TH FLOOR, MIAMI, FL. 33134
ROBIN KING, 525 OKEECHOBEE BLVD., STE. 1600, WEST PALM BEACH, FL. 33401
PAUL MORRIS, 9350 S. DIXIE HIGHWAY, STE. 1450, MIAMI, FLORIDA 33156

8

# EXHIBIT "2"





FILED FOR RECORD

2015 JUN -9 PM 2:32

CIRCUIT & COUNTY
DADE COUNTY FLA.
CIVIL # 165 COURTS

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

PROBATE DIVISION

| | |
|---|---|
| IN RE: ESTATE OF: VICTOR POSNER<br>      Deceased | CASE NO.: 02-595-CP-02/DIV.04 |

| | |
|---|---|
| KELLY POSNER-GERSTENHABER<br>JARRETT POSNER and SEAN POSNER,<br>      Petitioners,<br><br>vs.<br><br>BRENDA NESTOR, as Personal Representative<br>Of the Estate of Victor Posner | CASE NO.: 02-1027-CP-02/DIV.04 |

| | |
|---|---|
| IN RE: GUARDIANSHIP OF MELODY<br>LANE WARD | CASE NO.: 02-1369-GD-02/DIV.04 |

| | |
|---|---|
| TRACY P. WARD,<br>      Plaintiff<br><br>vs.<br><br>BRENDA NESTOR, individually and as Personal<br>Representative of the Estate of VICTOR<br>POSNER, Deceased<br>      Defendant | CASE NO.: 02-2058-CP-02/DIV.04 |

| | |
|---|---|
| IN RE: IRREVOCABLE TRUST AGREEMENT<br>FOR VICTOR POSNER (TRUST NO. 6) dated,<br>SEPTEM BER 25, 1968 | CASE NO.: 02-3301-CP-02/DIV.04 |

TRACY POSNER WARD, as Guardian of
Melody L. Ward, a minor
      Plaintiff

vs.

BRENDA NESTOR, MELVIN COLVIN, and
BLANCHE LAUNER, as successor trustees of the
Victor Posner Trust No. 6 under Irrevocable Trust
Agreement dated September 25, 1968, as amended,
and individually; GAIL POSNER, as Un-resigned
Trustee of the Victor Posner Trust No. 6 under
Irrevocable Trust Agreement dated September 25,
1968, as amended, and individually; SECURITY
MANAGEMENT CORP., a Maryland Corporation;
and BRENDA NESTOR & ASSOCIATES, INC.,
a Florida Corporation.

CASE NO. 02-595-CP-02/DIV. 04, 02-1027-CP-02/DIV. 04,
02-1369-GD-02/DIV. 04, 02-2058-CP-02/DIV. 04,
02-3301-CP-02/DIV. 04 & 02-3701-CP-02/DIV.04

IN RE: IRREVOCABLE TRUST          CASE NO. 02-3701-CP-02/DIV.04
AGREEMENT FOR VICTOR POSNER
(TRUST NO. 20) DATED 9/15/67

LANCE TROY POSNER,
        Plaintiff

vs.

BRENDA NESTOR CASTELLANO, MELVIN
COLVIN & BLANCHE LAUNER, as trustees
and GAIL POSNER as co-beneficiary
        Defendants

Order Appointing Curator Pursuant to Removal of Personal Representative

(Corrected)

THIS CAUSE came before the court for a status conference on June 2, 2015, for the purpose of appointing a successor personal representative.

1.      On April 30, 2015, the court entered its order removing the personal representative and providing for an appointment of a successor for the reasons indicated in the order, and the evidence presented at the hearings on the court's March 2015 order to show cause.

2.      The removed personal representative's failure to observe the standards of care applicable to trustees . . . and failure to settle and distribute the estate of the decedent (expeditiously) in accordance with Florida law and the terms of the decedent's will,  resulted in removal for violation of court orders, as provided in Florida Statute 733.504(3). See §733.602(1), Fla. Stat. (2014).  The order removing the personal representative and revoking her letters of administration is now on appeal.

3.      The court denied a stay of the proceedings at the  June 2, 2015 status conference, after waiver of the right to advance notice of the hearing on the motion to stay, by counsel for the interested persons and their clients who attended in person or by phone.

CASE NO. 02-595-CP-02/DIV. 04, 02-1027-CP-02/DIV. 04,
02-1369-GD-02/DIV. 04, 02-2058-CP-02/DIV. 04,
02-3301-CP-02/DIV. 04 & 02-3701-CP-02/DIV.04

4.      Because the court's jurisdiction continues under Florida Rule of Appellate Procedure 9.130(f), the court proceeded to approve a proposed successor fiduciary on June 2, 2015. The conduct of the estate's administration should not be interrupted any longer. Appeal proceedings in probate and guardianship cases "shall be as in civil cases". See Fla. App. R. 9.170(a). "In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing, except that the lower tribunal may not render a final order disposing of the cause pending such review absent leave of the court." Fla. R. App. P. 9 130(f).

5.      At the June 2, 2015, the court directed the  curator approved by the court to hire counsel and submit his oath and proposed letters of curatorship pursuant to Florida Statute 733.5061. The court's order appointing the curator was entered on June 3, 2015.

6.      The removed personal representative has not provided an updated inventory, or satisfactory interim accounting in thirteen years of the estate's administration. Since the removed personal representative posted a bond, there is no restricted depository to hold the estate's liquid assets, and the administration of the decedent's assets and liabilities has been largely outside the view of the court and interested persons.

7.      The April 30, 2015 order directed the removed personal representative, beneficiaries and interested persons to submit the names of persons willing to assume the responsibilities of the personal representative in her fiduciary capacities and to the extent provided in various settlement agreements approved by the court, her corporate capacities.

8.      The only resumes submitted were for Philip J. von Kahle, chief operating officer of Michael Moecker & Associates, Eric J. Vainder of Northern Trust, and Ronald  L. Glass of GlassRatner.

CASE NO. 02-595-CP-02/DIV. 04, 02-1027-CP-02/DIV. 04,
02-1369-GD-02/DIV. 04, 02-2058-CP-02/DIV. 04,
02-3301-CP-02/DIV. 04 & 02-3701-CP-02/DIV.04

9.      The removed personal representative submitted the names of her two sisters, Marianne Nestor and Nannette Nestor, who are named as alternate personal representatives in the decedent's will.

10.     The court did not receive resumes of the successor personal representatives suggested by the removed personal representative.  The April 30, 2015 order provided that, unless well known in the community for fiduciary accomplishments, resumes were due "as soon as possible," and the appointment of a successor fiduciary is an emergency matter.

11.     Formal notice is normally required to the "person apparently entitled to letters, if any," however, "[i]f it is likely that the decedent's property will be wasted . . ., and the appointment of a curator would be delayed by giving notice," the court has authority to appoint a curator without formal notice. *See* Fla. Prob. R. 5.122(c).

12.     The removed personal representative indicates in the May 21, 2015 Motion for Rehearing and Request for Immediate Interim Relief, paragraphs one and two, that since the entry of the court's April 30th order, the Pension Benefit Guaranty Corporation has published the Court's order, and "thwarted Ms. Nestor's ability to transfer Regents Glen properties in accordance with signed agreements for sale and make decisions with respect to a judicial sale which is scheduled for June 4[th]."

13.     The imminent judicial sale involving assets of the estate, or at least assets available to pay the creditors of the estate, constituted a new emergency (since resolved).  The removed personal representative's failure to keep current with the estate's obligations was another reason for the appointment of a curator as an independent successor fiduciary, needed to protect and preserve the estate.

14.     The curator shall act promptly as a fiduciary for all the creditors and beneficiaries, including the removed personal representative.

CASE NO. 02-595-CP-02/DIV. 04, 02-1027-CP-02/DIV. 04,
02-1369-GD-02/DIV. 04, 02-2058-CP-02/DIV. 04,
02-3301-CP-02/DIV. 04 & 02-3701-CP-02/DIV.04

15.    The court reserves jurisdiction to appoint a successor personal representative, or curator, if

Philip von Kahle is no longer available.

16.    A curator is required and appointed to perform pursuant to Florida Probate Rule 5.122, if

necessary, the following acts:

1.  Marshall all of the assets of the decedent. All persons in the possession or control of any of

the decedent's property, assets or records, are hereby directed to forthwith deliver such

property, estate and records to the curator;

2.  File an inventory with the court within thirty days;

3.  Have income tax returns prepared and filed for the estate and trusts as necessary;

4.  Protect assets in the best interest of the estate;

5.  Collect any over payments of estate or income taxes and request extensions, if necessary,

and obtain tax releases from the Internal Revenue Service and the State of Florida for the

estate;

6.  To substitute as appropriate in pending litigation and to institute and defend all lawsuits and

to hire such counsel to represent the curator and the estate in such matters;

7.  The curator is authorized to perform any duty or function which a successor personal

representative is authorized by law to perform;

8.  Perform such other matters as this court, upon proper notice and approval or consent of the

interested persons if needed, directs for the administration of this estate until such time as

Letters of Administration can be granted;

9.  Philip J. von Kahle of Michael Moecker & Associates, is appointed curator of the estate with

full authority to perform the acts listed above; and shall in all respects do and perform all

the duties as are by law and order of this court required.

CASE NO. 02-595-CP-02/DIV. 04, 02-1027-CP-02/DIV. 04,
02-1369-GD-02/DIV. 04, 02-2058-CP-02/DIV. 04,
02-3301-CP-02/DIV. 04 & 02-3701-CP-02/DIV.04

THEREFORE, it is ORDERED AND ADJUDGED as follows:

1.      Philip J. von Kahle, is appointed curator of the above estate with full authority to perform the

above-listed acts; and that upon designating a resident agent, and taking an oath, Letters of Curatorship

in the estate will be granted to Philip J. von Kahle.

2.      The curator shall post a bond in an amount to be determined, or shall place all liquid assets in a

depository designated by this court. The depository is a frozen account, in which no funds can be

withdrawn without an order of this court. § 69.031, Fla. Stat. (2014). If the curator does not post a

bond:

   a. The curator shall file receipt of assets by the restricted depositor[ies] within thirty (30) days

      of issuance of letters.

   b. In the event Florida real estate is sold, the net proceeds of sale shall be deposited into the

      court ordered depository pursuant to Florida Statute 69.031.

   c. All monies payable to the estate shall be paid jointly to the curator and the depository

      designated by this court  pursuant to Florida Statute 69.031.

   d. There will be no sale of assets without special order of this court.

   DONE AND ORDERED in chambers, Miami-Dade County, Florida this $\underline{7}$ day of JUNE, 2015.


JUDGE CELESTE HARDEE MUIR
OVERTOWN VILLAGE NORTH
701 N.W. 1ST COURT
8TH FLOOR
MIAMI, FLORIDA 33136
305/349-7105

JUDGE CELESTE HARDEE MUIR

CC:

CASE NO. 02-595-CP-02/DIV. 04, 02-1027-CP-02/DIV. 04,
02-1369-GD-02/DIV. 04, 02-2058-CP-02/DIV. 04,
02-3301-CP-02/DIV. 04 & 02-3701-CP-02/DIV.04

PHILIP J. VON KAHLE, CHIEF OPERATING OFFICER OF MICHAEL MOECKER & ASSOC., 3613 N. 29 AVENUE, HOLLYWOOD, FLORIDA 33020/954-252-1560

JOHN H. SCHULTE, FOR THE RESPONDENT, 4000 PONCE DE LEON BLVD., STE. 470, CORAL GABLES, FL. 33146

JOHN LUKACS, FOR THE RESPONDENT, 2525 PONCE DE LEON BLVD., CORAL GABLES, FL. 33134

SCOTT W. LEEDS, 657 SOUTH DRIVE, STE. 304, MIAMI SPRINGS, FL. 33166

EDWARD I. GOLDEN, 17345 S. DIXIE HIGHWAY, PALMETTO BAY, FL. 33157

CANDIS TRUSTY, TWO DATRAN CENTER, 9130 S. DADELAND BLVD., STE. 1225, MIAMI, FL. 33156

ANDREW B. CLUBOK & JENNIFER LEVY, 601 LEXINGTON AVE., NEW YORK, N.Y. 10022

NORMAN A. FLEISCHER, 2101 NW CORPORATE BLVD., STE. 107, BOCA RATON, FL. 33431

MARTY STEINBERG, BILZIN SUMBERG, 1450 BRICKELL AVE., STE. 2300, MIAMI, FL. 33131

JOSHUA D. LERNER, 80 S.W. 8 ST., #3000, MIAMI, FL. 33130

JONATHAN FEUERMAN, 1 S.E. AVE., STE. 2950, MIAMI, FL. 33131

ROBERT BARRAR, 6619 S. DIXIE HIGHWAY, STE. 311, MIAMI, FL. 33143

ALSCHULER GROSSMAN STEIN & KAHN, 1629 26 ST., SANTA MONICA, CA. 90404

MELODY LANE WARD, 4867 PEDLEY AVE., NORCO, CA. 92860

TRACY WARD, 4867 PEDLEY AVE., NORCO, CA. 92860

ROBIN KING, 525 OKEECHOBEE BLVD., STE. 1600, WEST PALM BEACH, FL. 33401

DENNIS KLEIN, HUGHES HUBBARD, P.A., 201 S. BISCAYNE BLVD., STE. 2500, MIAMI, FL. 33131

# EXHIBIT "3"

**IN THE CIRCUIT COURT IN AND FOR THE ELEVENTH JUDICIAL CIRCUIT FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO. 16-21099-CA-40**

**PHILIP VON KAHLE, CURATOR, on behalf of THE GOVERNOR OF FLORIDA, for the use and benefit of the ESTATE OF VICTOR POSNER, and for All Other Interested Parties,**

      **Plaintiff,**

**v.**

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Corporation,**

      **Defendant,**

**v.**

**BRENDA D. NESTOR**

      **Third-Party Defendant.**

_____/

## SECOND AMENDED COMPLAINT

Plaintiff Philip von Kahle, Curator ("Curator"), on behalf of the Governor of Florida, brings this Second Amended Complaint to Recover on Personal Representative's Bond against Fidelity and Deposit Company of Maryland, a Maryland corporation ("Fidelity"), surety for Brenda Nestor ("Nestor"), removed personal representative for the Estate of Victor Posner (the "Estate"), and as grounds therefor states:

## Introduction

1.      Nestor breached and failed to faithfully perform her fiduciary duties owed to the Estate and its creditors, proximately causing tens of millions of dollars in damages in the form of unpaid creditor claims and administrative expenses. The Curator seeks to recover against Nestor's bond issued by Fidelity.

2.      Nestor failed to fulfill her statutory mandate of settling claims and distributing the Estate's property expeditiously.  During Nestor's tenure as personal representative, the Estate lost millions in value while leaving behind unpaid creditor claims totaling in excess of $54 million.  At or about the time Nestor was appointed, the Estate's assets had an approximate value of at least $97.2 million based on the sworn inventory filed by Nestor on April 12, 2002.[1] Today, the Estate's remaining assets are worth less than the Estate's outstanding liabilities.

3.      Instead of conscientiously performing her statutorily-mandated duty to expediently marshal Posner's assets, pay off his creditors, and distribute the remainder of the Estate, Nestor attempted to operate Posner's businesses through the Estate.  To do this, Nestor had to avoid the Court's oversight, which she accomplished by posting a $23.1 million fidelity bond, and removing Gail Posner as a potential beneficiary of the Estate and shareholder of Security Management Corp. ("SMC").

4.      Nestor oversaw the Estate's wholly-owned and partially-owned business entities. Some of these entities were involved in the development of real estate in Florida, Maryland, and Pennsylvania.

5.      Nestor treated certain entities whose outstanding stock was owned by the Estate as if they were one consolidated entity, using proceeds from the sales of assets of certain companies to invest in other companies, for operations, real estate development, and payment of debts of those companies.

6.      In so doing, Nestor poured tens of millions of dollars from the Estate into worthless businesses that were either insolvent or had little value to the Estate, and invested in

---

[1] The inventory filed with the Probate Court is deemed confidential pursuant to Fla. R. Jud. Admin. 2.420, and has not been attached for that reason. Plaintiff has previously provided a copy of it to Fidelity.

other companies with little, if any, analysis regarding the risks of potential loss and whether such investments were prudent. Additionally, Nestor allowed tens of millions of dollars in unpaid tax and pension liabilities and penalties to compound as claims and liens against the Estate and its assets.

7.     Nestor engaged in self-dealing and orchestrated numerous undisclosed transactions with her husband, a real-estate developer, in which she had conflicts of interest, in contravention of Florida Statutes, Section 733.610.

8.     Nestor also dipped into the Estate and improperly distributed money to herself and companies in which she had a personal stake, to repay loans she and her companies made to the Estate and its subsidiaries, ahead of other creditors.

9.     Ultimately, Nestor was removed as personal representative for cause by the Probate Court for cause after disobeying previous orders based upon, *inter alia* her failure to provide an accounting evidencing her actions as personal representative. Thereafter, Nestor filed numerous unsuccessful appeals contesting her removal as personal representative, causing additional delay and multiplying the Estate's administrative costs.

10.     After his appointment, the Curator was charged with performing the accounting that Nestor could not or would not perform, and determined that as of March 31, 2016, the Estate was insolvent by $54,285,738 (the amount of unpaid creditor claims including, but not limited to, those asserted by Pension Benefit Guaranty Corporation ("PBGC"), the Internal Revenue Service ("IRS"), Melody Ward, Tracy Posner Ward, and administrative creditors), far more than double the amount of the surety bond.

11. On March 31, 2017, the Curator filed his Initial Status Report with the Probate Court,[2] showing that the Estate had assets valued at $11,312,418. The Initial Status report showed that, as of March 31, 2017, the Estate had non-current liabilities and creditor claims in the amount of $60,218,403. Therefore, as of March 31, 2017, the Estate was insolvent by $48,905,985.

12. Although Nestor is the residuary beneficiary of this Estate, she was duty-bound to pay off the Estate's creditors and the Estate's administrative expenses incurred, before she was entitled to enjoy the benefits bequeathed to her. She failed by allowing the Estate's liabilities to increase, giving herself preferential treatment ahead of creditors of the Estate, and leaving the Estate in a position where it is now unable to pay its creditors or cover administrative expenses.

## Jurisdiction, Parties, Venue

13. This is an action to recover damages that exceed $15,000.00 exclusive of attorney's fees and costs, and seeks relief under Section 733.619, Florida Statutes and Florida Probate Rule 5.025. Thus, jurisdiction is proper in this Court.

14. The Curator was appointed by the Probate Court to act for the benefit of the creditors of the Estate, and is otherwise *sui juris*.

15. Fidelity is a licensed surety company organized and existing under the laws of the State of Maryland, with its principal place of business at 600 Red Brook Boulevard, Suite 600, Owings Mills, MD 21117, which regularly conducts business in Miami-Dade County, Florida, issued the bond in favor of the Estate, and is otherwise *sui juris*.

---

[2] This document contains confidential information, and is not attached hereto for that reason. A copy has previously been provided to Fidelity.

## Facts Supporting Claims

### A. Procedural History

16.     Posner, a wealthy and successful businessman, died on February 11, 2002.  That same day, Nestor filed Posner's will (the "Will") in the Probate Court in and for Miami-Dade County, Florida, which named her as personal representative, opened the Estate, and secured her appointment as personal representative of the Estate through the issuance of the first set of Letters of Administration.  That Will, dated June 28, 2001, was filed with the Probate Court and Fidelity has a copy of the same.   Pursuant to her appointment, Nestor took possession of the Estate's property and undertook her duties as personal representative.

17.     On April 12, 2002, Nestor filed an inventory with the Court estimating that the value of the Estate's personal property and Florida real estate holdings was approximately $97.2 million.

18.     On March 5, 2002, the Court entered an order requiring Nestor to post a $16 million bond, as a condition to granting Nestor's request to remove the requirement that Estate's funds be held in a restricted depository account, withdrawals from which would have to be approved by the Court.

19.     On March 6, 2002, Nestor filed a $16 million bond issued by Fidelity in favor of the Estate, pursuant to Section 733.402, Florida Statutes, which guaranteed Nestor's faithful performance of her duties as personal representative.   A true and correct copy of the bond is attached hereto as **Exhibit "1."**

20.     Second Amended Letters of Administration were then issued to Nestor, removing additional restrictions on her as personal representative. These letters still constrained Nestor to act according to applicable law, granting her "full power to administer the estate according to

law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law."

21.     On July 23, 2002, the Court entered an order permitting Nestor to sell real property and allowing her to retain the proceeds thereof in an unrestricted account, on the condition that she increase the amount of the bond to $23.1 million.  A true and correct copy of that order is attached hereto as **Exhibit "2."**

22.     On August 28, 2002, Nestor executed and filed a surety rider, increasing the amount of the bond to $23.1 million.  A true and correct copy of the surety rider is attached hereto as **Exhibit "3"** (Exhibits 1 and 3 shall collectively be referred to herein as the "Bond").

23.     Having freed herself from court oversight and scrutiny by posting the Bond, Nestor proceeded to run the once valuable Estate into the ground.

24.     Nestor operated the Estate owned-entities and subsidiaries as Posner had done during his lifetime, such as comingling and using funds from one company to fund another. However, this was improper. Pursuant to Florida Statutes, Sections 733.602, Nestor was bound to observe the standards of care applicable to Trustees in administering the Estate, and by running the Estate as Posner had during his lifetime, she failed to observe this standard of care.

25.     Although Nestor was permitted to take certain actions without an order of the Probate Court pursuant to Florida Statutes, Section 733.612, Nestor failed to obtain permission from the Court to run the Estate's unincorporated business ventures pursuant to Florida Statutes, Section 633.612(22), and Florida Probate Rule 5.350.

26.     By June 30, 2004, the Estate, through Nestor's actions, had sold at least $242.5 million worth of its assets.     Pursuant to Section 733.608, Florida Statutes, income and profits

from the sale of Estate assets were to be used by Ms. Nestor for the payment of administrative expenses, creditor claims, and other obligations of the Estate. Instead of using these funds to pay off known obligations of the Estate, Nestor engaged in real estate speculation, investing more than $161.7 million worth of the proceeds in building and operating expenses of other entities, and paying $90 million to redeem Gail Posner's shares in SMC.

27.     Nestor's downfall was her inability to account for what she had done with the Estate's assets, either because she simply could not get a handle on the hundreds or thousands of transactions that she ran through the Estate, or because she thought she could continue to disobey numerous Probate Court orders requiring that she provide an updated accounting of the Estate's financial condition, without consequence.

28.     On March 11, 2015, the Probate Court ordered Nestor to show cause why she should not be removed as personal representative for violating prior orders of the court. A true and correct copy of that Order is attached hereto as **Exhibit "4."**   When she could not or would not do so, Nestor was removed as personal representative on April 30, 2015. Thereafter, the Curator was appointed and is now charged with winding down and closing the Estate and liquidating remaining Estate assets, to pay off its creditors—the very thing Nestor should have done during her thirteen year tenure as personal representative.

29.     On April 30, 2015, the Probate Court entered the Order Removing Personal Representative and Providing for Appointment of Successor (the "Removal Order"). A true and correct copy of the Removal Order is attached hereto as **Exhibit "5."** In the Removal Order, the Probate Court noted that Nestor failed to perform certain duties, incurred substantial obligations, and failed to pay professionals and Estate obligations as appropriate when due. The Removal Order also referred to previous orders of the court which outlined Nestor's failure to provide

Estate information to the Probate Court and other interested persons. The Removal Order also noted that Nestor continued to "withhold information from the court, creditors, beneficiaries, and interested persons as to the financial status of the estate." Moreover, the Probate Court found that Nestor had presented a danger to the Estate in view of the evidence presented to it during hearings held on April 2 and April 15, 2015.

30. In its Corrected Order Appointing Curator Pursuant to Removal of Personal Representative, a true and correct copy of which is attached hereto as **Exhibit "6,"** the Probate Court found that "[t]he removed personal representative's failure to observe the standards of care applicable to trustees . . . and failure to settle and distribute the estate of the decedent (expeditiously) in accordance with Florida law and the terms of the decedent's will, resulted in removal for violation of court orders, as provided in Florida Statute 733.504(3)."

31. Pursuant to the Corrected Order Appointing Curator dated June 9, 2015, and the Letters of Curatorship issued on June 16, 2015, the Curator was ordered to perform an accounting.

32. On April 29, 2016, the Curator filed his accounting (the "Curator's Accounting").[3]

33. The Curator's Accounting reflects that the Estate had a direct or indirect interest in approximately 160 companies.

34. On June 2, 2016 the Probate Court entered an order authorizing the Curator to retain Brett M. Amron, Esq. of Bast Amron LLP and Scott W. Leeds, Esq., of The Cochran Firm to pursue these claims on behalf of the Estate.

---

[3] The accounting filed with the Probate Court is deemed confidential pursuant to Fla. R. Jud. Admin. 2.420, and has not been attached for that reason. Plaintiff previously provided Fidelity with a copy of the Accounting.

### B. Nestor Allowed Creditors of the Estate to Go Unpaid

#### Nestor Allowed the PBGC's Claims to Increase

35.     When Posner died in 2002, certain entities, including NVF Company ("NVF") and Evans Tempcon, whose equity interests were owned directly or indirectly by Posner (and thus, the Estate), sponsored a number of defined benefit pension plans.

36.     In 2009, the Estate merged each of these pension plans into the APL/NVF Consolidated Pension Plan (the "Pension Plan"). The Estate became the contributing sponsor of the Pension Plan.

37.     PBGC is the United States government agency that administers the pension insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"). The Pension Plan is a covered plan under Title IV of ERISA.

38.     Under ERISA and the Internal Revenue Code, a plan sponsor is required to make minimum funding contributions to the Pension Plan and file various Form 5500s and other documents with the Department of Labor. In the event of a failure to comply with such obligations, a statutory lien arises in favor of the Pension Plan against all real and personal property of the sponsor and the members of its controlled group.

39.     On August 18, 2009, pursuant to a *sua sponte* order of the Court, Nestor filed under penalty of perjury the "Personal Representative's Accounting of Current Assets and Liabilities," allegedly representing the Estate's financial condition as of July 31, 2009 (the "2009 Accounting").  A true and correct copy of the 2009 Accounting is attached hereto as **Exhibit "7."**

40.     The 2009 Accounting shows a contingent liability to PBGC in the amount of $18 million.  This amount represents the unfunded benefit liabilities that would be owed to PBGC as

a result of early termination of the Pension Plan. Because of Posner's death and the administration of the Estate, early termination of the Pension Plan was essentially a certainty, which is why—in all likelihood—the Estate was identified as the contributing sponsor and Nestor recognized this liability at the Estate level in the 2009 Accounting.

41.     Even though she believed and reported to the Probate Court that at least $18 million would be due and owing to PBGC as of July 31, 2009, Nestor did not take action to preserve assets to cover all or a portion of the obligation to the PBGC.

42.     Instead, between the 2009 Accounting and the time she was removed as Personal Representative, Nestor continued burning through money, leaving the Estate in a position where it could not pay debts due and owing to PBGC at the time of termination of the Pension Plan.

43.     In addition to failing to preserve assets to cover all or a portion of the obligations to the PBGC that the Estate would be liable for once the Pension Plan was terminated, Nestor caused the Estate's liability to PBGC to increase by failing to make required pension contributions as they came due.

44.     On April 5, 2013, PBGC received a Form 200, Notice of Failure to Make Required Contributions, indicating that the Estate had failed to make required contributions for the 2010 plan year and the first quarter of the 2011 plan year, causing the amount of unpaid required contributions to exceed $1 million.

45.     The Estate, under Nestor's watch, continued to fail to make the minimum funding contributions, or even make provisions to ensure that such contributions could be made.

46.     As of November 2015, according to PBGC, the Estate and each member of its controlled group were jointly and severally liable for: (i) approximately $24 million in unpaid funding contributions, (ii) approximately $38.8 million owed to PBGC in unfunded benefit

liabilities (contingent upon termination of the Pension Plan), and (iii) approximately $7.9 million owed to PBGC in termination premiums (contingent upon termination of the Pension Plan).

47.    Not only did Nestor's failure to ensure that the Estate met its obligations under ERISA result in monetary penalties being assessed against the Estate, but it also caused a lien in favor of the Pension Plan to be placed against all real and personal property of the Estate, including real and personal property owned by entities owned by the Estate due to joint and several liability law under ERISA.

48.    The lien in favor of the Pension Plan made it difficult for the Curator to liquidate assets of the Estate for the benefit of any creditor or beneficiary other than PBGC.

49.    As a result of Nestor's actions and inactions, as the case may be, the Curator and the Estate have incurred significant administrative expenses relative to procuring the release of the lien through a negotiated settlement with PBGC, so that the Curator may liquidate assets for the benefit of the Estate and its creditors.

### Nestor Failed to Pay Obligations Due and Owing to Melody Ward And Failed to Pay Administrative Obligations of the Estate

50.    Melody Lane Ward is Victor Posner's granddaughter who had claims against the Estate.

51.    In 2006, Nestor executed a handwritten mediated agreement settling Melody Ward's claims against the Estate and businesses, trusts, and assets in which Posner had an interest.

52.    Melody Lane Ward asserted that Nestor breached the written mediated agreement and the parties arbitrated the matter.

53.    On May 20, 2013 the arbitrator decided the matter.

54. On February 27, 2014, the Probate Court entered final judgment on the arbitrator's order, awarding Melody Ward judgment in the amount of $5,817,054.

55. Nestor failed to pay the judgment awarded to Melody Ward.

56. Furthermore, Nestor incurred professional fees for the Estate which remained unpaid at the time of her removal. Although administrative claimants have filed claims in the Probate Court, there is little likelihood of sufficient funds to pay those administrative claims in full.

**Nestor Fell Behind on the Estate's and its Subsidiaries'**
**Tax Obligations, Resulting in IRS Levies and Penalties**

57. The Estate owed taxes to the IRS. Although Nestor elected to pay these taxes in installments, she failed to pay them for the Estate as they came due.

58. As a result, by November 2013, the IRS assessed late payment penalties against the Estate in the amount of $4,004,884.

59. Nestor also failed to pay taxes due and owing from SMC to the IRS. As a result, in October, 2015, the IRS filed a levy against the Estate for any monies due and owing to SMC, in the amount of $15,379,572.

60. Therefore, to the extent that the Estate ever has enough liquidity to pay obligations due and owing to SMC, the IRS has a claim against those monies.

**C.** ***Nestor Failed to Prudently Invest and Manage Estate Assets***

61. Pursuant to Florida Statutes, Sections 733.612(4) and 736.0901, Nestor was permitted to invest the Estate's money, provided that she did so prudently in accordance with Sections 518.10-518.14, Florida Statutes.

62.    Without seeking or obtaining the approval of the Probate Court, Nestor, in her capacity as Personal Representative, caused the Estate to invest more than $34 million in companies that were failing at the time Posner died.

63.    Nestor also failed to account for in excess of $13.7 million worth of proceeds from the sale of the Estate's stocks and bonds.

**Nestor sunk $31 million into NVF with nothing to show for it**

64.    NVF was a Delaware corporation whose equity interest was owned by the Estate. NVF produced vulcanized fiber, which was used to insulate electrical wires, and make textile mill parts, material handling containers, and automobile brake discs.

65.    Through its then counsel, Kirkland & Ellis, the Estate hired Management Planning, Inc. ("MPI") to estimate NVF's value.

66.    MPI reviewed NVF's financial statements from 1996-2001, as well as other substantial records of the company, including an estimate of NVF's underfunded pension liability.

67.    On May 9, 2003, MPI issued a "Financial and Economic Analysis and Evaluation of NVF Company and Subsidiaries as of August 11, 2002 and February 11, 2002" (the "Economic Analysis").

68.    The Economic Analysis stated, "Despite [NVF's] efforts to develop new uses for its products, its business prospects are not good. [NVF] continues to lose money and management cannot foresee a turnaround without a significant capital infusion. . . . NVF will face significant cash flow issues over the coming months. In addition, NVF owes more than $90 million (notes and interest) to the Estate."

69.     The Economic Analysis noted that NVF's business had eroded significantly over the previous five years, and as of August 11, 2002, NVF was once again, "on the brink of bankruptcy."   Per the Economic Analysis, the only reason that NVF was able to remain in business was as a result of significant loans from Posner.

70.     MPI valued NVF from a liquidation perspective, because, as of the valuation date, it believed that NVF had little to no prospect of continuing as a going concern.

71.     MPI noted that NVF had lost money for the five consecutive years before the Economic Analysis was issued, and that the *lowest* annual loss that NVF had experienced was $4.354 million in 1998. In total, NVF suffered net losses of $69,105,000 in the five years preceding Posner's death.

72.     According to MPI, as of February 11, 2002, NVF's liquidation value was ($88,587,000), leading to MPI's conclusion that when Posner died, the 100% equity interest owned by Posner had no value.

73.     According to MPI, as of June 30, 2002, NVF's total liabilities were $108,364,000, and stockholder equity was ($75,898,000). MPI determined that because the net realizable value of NVF was ($100,338,000), as of August 11, 2002, the fair market value of the Estate's 100% interest on that date was zero.

74.     Between Nestor's appointment as personal representative of the Estate to the date of the Economic Analysis, the Estate transferred $7,880,000 to NVF. Though the Estate and Nestor were certainly aware of NVF's financial woes at the time of her appointment, from May 9, 2003 onward, Nestor was explicitly on notice that the Estate would not be able to recoup any funds given to NVF.

75.    As reflected in the Estate's initial Federal Income Tax Return, Nestor identified the value of the issued and outstanding stock of NVF held by the Estate as "$0.00."

76.    Abandoning NVF as a worthless asset was a right conferred upon Nestor by the Florida Probate Code, yet Nestor did not avail herself of this right.

77.    Instead, even after May 9, 2003, Nestor transferred an additional $22,923,000 of the Estate's money to NVF.

78.    On June 20, 2005, NVF filed a Chapter 11 bankruptcy.  Nestor, as CEO of NVF, approved the bankruptcy filing.

79.    On March 30, 2007, NVF filed its Chapter 11 Plan, which provided that the Estate would receive any net cash proceeds from the sale of various parcels of real property after distribution to other unsecured creditors, and that the Estate would receive 100% of the common stock of Reorganized NVF.  Not surprisingly, the plan never came to fruition.

80.    On April 15, 2009, NVF filed a Chapter 7 bankruptcy petition to liquidate its assets.  Nestor was the CEO and President of NVF at the time of its Chapter 7 filing.

81.    NVF's 2009 bankruptcy petition and schedules showed that the Estate was the 100% owner of NVF, as well as a creditor holding a secured claim against NVF in the amount of $4.5 million, but failed to include the Estate on a list of creditors entitled to notice of NVF's bankruptcy.

82.    On April 24, 2009, the Bankruptcy Court directed NVF's creditors to file claims by July 27, 2009.

83.    Nestor, on behalf of the Estate, failed to file a claim in NVF's bankruptcy.

84.     Nevertheless, Nestor's 2009 Accounting lists as an asset a $4.5 million promissory note receivable from NVF.  However, Nestor knew that the receivable had little, if any, value at the time the 2009 Accounting was filed.

85.     On July 31, 2009, the same day that Nestor certified the 2009 Accounting to the Probate Court identifying the $4.5 million debt from NVF as an asset, the Chapter 7 Trustee filed a Motion for the Sale of Miscellaneous Property Free and Clear of All Liens, Claims and Encumbrances. Another motion for sale of property free and clear of all liens, claims and encumbrances was filed on August 6, 2009. On August 19, 2009, the Trustee filed a Notice of No Objection to the sale.

86.     Nestor, on behalf of the Estate, took no action to preserve the Estate's interest in the proceeds from the sale of property, effectively abandoning any right that the Estate had to the proceeds.

87.     The Trustee's Final Account and Distribution Report, filed on March 18, 2015, shows that NVF's distributions to secured and unsecured creditors totaled $3,498,697.24. Ultimately, no money from NVF's bankruptcy was distributed to the Estate.

88.     Rather, the bankruptcy filings cost the Estate money.  Indeed, Nestor caused the Estate to pay $740,000 to pay NVF's bankruptcy attorneys.

89.     In total, Nestor imprudently poured an additional $31,543,000 of the Estate's money into NVF while she was personal representative, failed to take any action to safeguard or recoup the Estate's investment in NVF, and recovered nothing of value for the Estate as a result of that investment.

**Nestor spent $4 million on Cary Marine with nothing to show for it**

90.     NVF was not the only company that Nestor funded through the Estate, which failed to result in a net recovery to the Estate.

91.     Cary Marine Sales & Building Corp. ("Cary Marine"), a speedboat manufacturer, was a company whose outstanding shares are owned by the Estate.

92.     As of the Alternate Valuation Date in the Estate's IRS Form 706 Tax Return, August 11, 2002, Ms. Nestor valued the outstanding stock of Cary Marine at $5,814,299.

93.     Kirkland & Ellis, on behalf of the Estate, had also hired MPI to estimate the value of the Estate's shares in Cary Marine.  On August 22, 2003, MPI valued the Estate's 100% ownership in Cary Marine, as of August 11, 2002, at $4,408,912.

94.     Even though Nestor was aware that Cary Marine was losing money before Posner died, she caused the Estate to transfer $4,556,142 to the company, recovering only $647,200.

95.     Edward McGann ("McGann"), Cary Marine's CFO drafted a memorandum to Nestor on January 5, 2001, showing that Posner had spent $13 million to keep Cary Marine operating.

96.     Nevertheless, from March 20, 2002 through September 7, 2006, Nestor caused the Estate to transfer an additional $3.9 million to Cary Marine.

97.     In October, 2006, McGann wrote to Nestor stating, "Brenda, Cary is still burning $500,000 per year (down from $1.2 mill). Need to stop the bleeding."

98.     Even after this warning, between December 28, 2006 to April 15, 2015, Nestor caused the Estate to invest an additional $613,142 into Cary Marine.

99.     The Estate lost approximately $3.9 million as a result of Nestor's ill-advised decision to continue to fund Cary Marine.

100.    Furthermore, Nestor failed to recover any of the value of Cary Marine's stock, failing to recover the appraised value of $4,408,912 for the outstanding shares.

101.    As a result, Nestor lost approximately $8.3 million on Cary Marine by imprudently continuing to fund the company and failing to realize the full value of its outstanding stock.

### Nestor Failed to Properly Account for Proceeds of Stock Sales

102.    Pursuant to the Estate's IRS Form 706, on February 19, 2002 the Estate sold numerous shares in publicly-held stocks and bonds held by Posner at the date of his death, and received $21,820,034 from those sales.

103.     The Estate's bank records reflect that the Estate's brokerage accounts received $8,068,651 from the sale of these stocks and bonds.

104.    However, the residual proceeds from the sale of these stocks and bonds, totaling $13,751,383 do not appear to be accounted for and the Curator has been unable to trace these funds.

### D.  Nestor Engaged in Unauthorized Transactions and Improper Self-Dealing

105.    Over her 13-year tenure as personal representative, Nestor engaged in a series of unauthorized transactions which benefitted her either directly or indirectly.

### The SMC Global Settlement Agreement

106.     In March, 2002, Nestor, acting on behalf of the Estate, herself, and other parties, entered into a Global Settlement Agreement with Gail Posner (the "GSA"), in which SMC would redeem Gail Posner's stock in the company and the Estate would guarantee the payments.[4]

---

[4] This document is confidential, and is not attached hereto for that reason. A copy has previously been provided to Fidelity.

107.    The GSA provided that SMC would pay Gail Posner $125,700,000 to redeem her 36.67% interest in SMC.

108.    Per the GSA, the fair market value of SMC in 2002 was approximately $187 million. Based on the fair market value at the time, Gail Posner's outstanding shares in SMC would have been valued at approximately $69 million.

109.    The additional $56 million paid to Gail Posner was apparently payment to remove her as a litigious shareholder and/or litigious potential beneficiary of the Estate.

110.    According to the Estate's Form 706 Tax Return, the value of Victor Posner's 38 Class A and 2872 Class B Non-Voting shares in SMC was valued at $35,927,680 on the date of his death, and $6,331,840 on August 11, 2002 (the alternate valuation date); far less than the values upon which the GSA and payments to Gail Posner were based.  As a result of the GSA, SMC's value declined by approximately $30,000,000.

111.    Nestor paid a premium of approximately $56,700,000 to remove Gail Posner as a shareholder of SMC, reflecting that she believed that SMC and the Estate's interest therein had substantial value.

112.    The GSA also provided that Nestor was entitled to $5,000,000 to be distributed from the Estate to her as a beneficiary of the Estate. This amount was distributed to Nestor in 2002, before other creditors were paid or sufficient provision was made to ensure that creditors would be paid.

113.    Nestor breached and failed to faithfully perform her fiduciary duties by (i) paying a large premium to remove Gail Posner as a litigious creditor without a supporting valuation, (ii) causing a substantial devaluation of SMC and the Estate's interest therein, and (iii) by making a

$5,000,000 distribution to herself from the Estate as a beneficiary without including a clawback provision and before ensuring that all of the Estate's creditors were or would be paid.

114. Nestor continued to disregard her duties as personal representative and failed to exercise duties of loyalty and impartiality to the Estate and its creditors through her continued use of Estate funds without Court approval, and for improper purposes.

115. Because Nestor failed to file adequate inventories or accountings, and because she confounded the Estate's record keeping to such an extent, it is difficult to determine the value of the Estate at the time it was opened or throughout her tenure.

### Improper Transfers to Companies owned by Nestor

116. In or around August 2000, Nestor created Hollywood One, LLC ("Hollywood One"), a Florida limited liability company.

117. On November 23, 2003, Hollywood One loaned SMC $4 million pursuant to a Promissory Note (the "Note").  The Note provided for annual interest at the rate of 10% per annum, with a due date of November 24, 2008.

118. Nestor testified that this loan was made by Hollywood One to SMC so that SMC could pay obligations due under the GSA with Gail Posner.

119. In November 2004, Nestor set up two Pennsylvania entities: Fox Creek Estates, LLC and Fox Run Creek Estates Limited Partnership (collectively, "Fox Run"). Fox Run owned a number of properties in York, Pennsylvania, adjacent to properties that Posner, and subsequently the Estate, was developing.

120. Neither Hollywood One nor Fox Run were ever owned or controlled by Posner or the Estate.

121.    Notwithstanding that the Estate was not an obligor under the Note, and notwithstanding that the Note did not come due until November 2008, on December 10, 2004, Nestor caused $3 million to be transferred from the Estate to Hollywood One through a series of transactions: the $3 million was transferred from the Estate to Equity Asset Management (an entity with little, if any, business activity whose stock is 100% owned by the Estate), from Equity Asset Management to SMC, an entity in which the Estate has a 43% ownership interest, and ultimately from SMC to Hollywood One.

122.    According to a check request, the transfer of funds from SMC to Hollywood One was to repay principal and interest due and owing under the Note. However, there is no evidence that the Estate guaranteed or was in any way obligated on this Note, and there is no court approval for either incurring this obligation, or paying it back.

123.    Four days later, on December 14, 2004, the same $3 million was transferred from Hollywood One to Fox Run in two separate transactions.

124.    The transfers to Fox Run are recorded in SMC's books and records as "partner contributions[.]"  Nestor did not seek, nor did she receive court authority to use Estate funds as partner contributions in Fox Run.

**Improper transfers to Brenda Nestor Individually**

125.    In addition to the transactions set forth herein, in which Nestor diverted monies to herself or her companies, over the course of her administration of the Estate, the Curator's Accounting shows that the Estate made payments to Nestor in the amount of $1,653,173.

126.    It is not clear whether these funds diverted to Nestor were for repayment of loans that Nestor made to the Estate, or some other compensation to Nestor.

127.    Regardless, these payments to Nestor were improper.  She neither sought nor received the approval of the Probate Court prior to these payments being made.

128.    Furthermore, to the extent that these monies constitute repayment of loans that Nestor made to the Estate, repayment was improper before all of the Estate's existing creditors were paid.

### Real Estate Transactions Tainted by Conflicts of Interest

129.    In addition to funneling money from the Estate to entities in which she had an interest, Nestor engaged in additional transactions which improperly provided a benefit to both her and her husband, and harmed the Estate.

130.    Windmill Reserve Corp. f/k/a The Estates of Swan Lake Corp. ("Windmill Reserve"), whose shares were wholly owned by the Estate, was a residential real estate development located in Weston, Florida.

131.    Nestor sought Court approval for loans from Regions Bank to develop Windmill Reserve. The Court entered several orders approving and modifying such loans, with the caveat, however, that "neither Brenda Nestor nor any person or entity related to her is personally benefiting from this transaction." A true and correct copy of the Court's January 15, 2003 order is attached hereto as **"Exhibit 8."**

132.    Despite this representation, Nestor benefitted personally, directly or indirectly, from the sale of homes by Windmill Reserve Corp. and Weston Custom Homes.

133.    Although, in August 2004, Nestor sought and obtained Court approval to sell one lot in Windmill Reserve to Southern Chateaux, Inc., a corporation affiliated with her husband, Robert Castellano ("Castellano"), the order granting that approval was for one lot.

134.   Beginning in 2012 through 2014 (eight years after the initial lot was sold to Castellano), Castellano, through another company called Robert Castellano Building and Design, LLC, purchased 14 different lots in Windmill Reserve.

135.   Though the Estate earned a profit on the sales to Castellano, Castellano typically turned around and sold the lots on the same day they were purchased from Windmill Reserve. On his sales to third parties, Castellano earned a profit in the amount of $1,727,500. Castellano also purchased six additional lots from Windmill Reserve through other entities in which he had an ownership interest.

136.   Nestor did not seek Probate Court approval for the sales of these 20 lots to Castellano, nor did she disclose to the court that she and her husband would directly or indirectly benefit from sales by Windmill Reserve.

## COUNT I – ACTION ON FIDELITY BOND

137.   The Curator restates and realleges paragraphs 1 – 136 as set forth above as if expressly stated herein.

138.   This is an action to recover against the Bond issued in favor of Nestor as personal representative of the Estate.

139.   Part IV of Chapter 733, Florida Statutes, sets forth Nestor's powers and duties as personal representative of the Estate.

140.   Section 733.609(1), Florida Statutes states that Nestor's fiduciary duty as personal representative is the same as the fiduciary duty of a trustee of an express trust, and she is therefore liable to persons for damages or loss resulting from the breach of this duty.

141.   Pursuant to Section 733.602, Florida Statutes, Nestor was a fiduciary who was required to observe the standards of care applicable to trustees.   Nestor was under a duty to

prudently administer, settle and distribute the Estate of the decedent, in accordance with the Will and the Florida Probate Code, as expeditiously and efficiently as is consistent with the best interests of the Estate, using reasonable care, skill, and caution, and to use the authority conferred upon her for the best interests of interested persons, including creditors.

142.    Nestor breached and failed to faithfully perform this duty by, among other things:

i.    Failing to observe the standards of care applicable to trustees;

ii.    Failing to settle and distribute the Estate expeditiously in accordance with Florida law and the terms of Posner's Will;

iii.    Failing to settle the Estate efficiently as is consistent with the best interests of the Estate, incurring millions of dollars of debt and failing to account for and pay the Estate's creditors' claims;

iv.    Using the Estate's funds to speculate on real estate development, and losing tens of millions of dollars in the process;

v.    By putting her own interests ahead of the interests of the Estate and its creditors, and treating the Estate as a reserve from which she could draw money to fund her businesses and;

vi.    Repaying loans that she had made to the Estate and its subsidiaries, ahead of other creditors;

vii.    Failing to pay the Estate's and its subsidiaries' tax liabilities, resulting in the imposition of fines, levies, and penalties;

viii.    Failing to pay the PBGC's claim and allowing the claim to balloon to $46.7 million and resulting in the imposition of liens against Estate property,

thereby hindering the Estate's ability to administer and liquidate said property;

    ix.  Failing to pay administrative expenses incurred during her tenure as personal representative;

    x.  Failing to prudently maintain, invest in and dispose of assets of the Estate;

    xi.  Failing to comply with orders of the Probate Court without plausible explanation, including but not limited to failing to comply with a court order dated October 23, 2014;

    xii.  Failing to file interim accountings and failure to provide other estate information requested by interested persons as allowed by Florida Probate Rule 5.341;

    xiii.  Withholding information about the financial status of the Estate from the Probate Court, creditors, beneficiaries, the PBGC, and other interested persons;

    xiv.  Failing to pay compensation to the Estate's professionals; and

    xv.  Failing to provide an updated inventory, or satisfactory interim accounting during her reign as personal representative.

143.    Pursuant to Chapters 733, 736 and Chapter 518, Florida Statutes, Nestor had the following duties:

A) The duty to take reasonable steps to take control of and protect the trust property. Nestor breached this duty by failing to address the PBGC liabilities as they came due, resulting in claims in the amount of $46.7 million being assessed against the Estate and liens placed against the Estate's assets by PBGC, and ultimately hindering the

Estate's ability to liquidate those encumbered assets. In addition, Nestor failed to address and pay other creditor claims, including administrative expenses pursuant to Florida Statutes, Section 733.707, the IRS, and Tracey Ward Posner, resulting in liens being placed against the Estate's assets by these creditors, further hindering the Estate's ability to liquidate the encumbered assets.

B) The duty of loyalty, and the duty not to engage in transactions that would constitute a conflict of interest and the duty of impartiality. Nestor breached and failed to faithfully perform these duties by, among other things:

   i. Using tens of millions of dollars' worth of proceeds from the sales of Estate assets to develop real property and pay SMC's liabilities under the GSA, and failing to recoup those monies;

   ii. Engaging in self-dealing and transactions tainted with conflicts of interests by transferring at least $3 million from the Estate to Hollywood One through a series of transactions intended to hide that she was improperly repaying loans that Hollywood One had made to SMC, before other creditors were paid;

   iii. Repaying herself ahead of other creditors, approximately $1.7 million in other loans that she made to the Estate either directly, or through entities that she owned or controlled;

   iv. Entering into the GSA to remove Gail Posner as a shareholder from SMC so that Nestor could operate the Estate without oversight from shareholders or beneficiaries. In so doing, Nestor caused the value of SMC to decline by $30 million, paid a premium to Gail Posner over the value of her shares in

the amount of approximately $56.7 million, and caused SMC to pay Nestor a $5 million distribution as a beneficiary of the Estate, before all creditors had been paid or sufficient provision was made to ensure that creditors would be paid;

v. Engaging in self-dealing and transactions tainted by conflicts of interest by selling Estate assets to her husband without disclosing that fact to the Probate Court, allowing her husband to obtain a $1.7 million profit on said sales; and

vi. Profiting from transactions despite representing to the Probate Court that neither she nor anyone related to her would profit from the loans used to purchase and improve the property breaching her duty of candor to the court.

C) The duty to keep clear, distinct, and accurate records of the administration of the Estate and to keep the Estate property separate from her own.  Nestor breached and failed to faithfully perform this duty by, among other things:

i. Failing to provide accountings and inventories as mandated by Florida law and the Probate Court;

ii. Misrepresenting Estate assets and the financial condition of the Estate in the 2009 Accounting filed with the Probate Court;

iii. Failing to account for over $13.7 million worth of proceeds from the sale of the Estate's stocks and bonds;

iv. Failing to keep the Estate's creditors and beneficiaries apprised of the financial condition of the Estate; and

v.  Using Estate funds to repay loans made by Nestor and/or her companies to the Estate and its subsidiaries, ahead of other creditors.

144.    Pursuant to Section 736.0901, Florida Statutes, Nestor was required to invest trust property in accordance with Chapter 518, Florida Statutes.  As a fiduciary, pursuant to Section 518.11, Florida Statutes, Nestor was under a duty to invest and manage investment assets as a prudent investor would.

145.    Nestor breached and failed to faithfully perform this duty by, among other things:

i.  Dumping more than $30 million into NVF, recovering nothing for the benefit of the Estate;

ii.  Failing to recover the value of the Estate's ownership interest in the outstanding shares of the Cary Marine;

iii.  Pumping over $4 million into Cary Marine, recovering a fraction of that amount for the benefit of the Estate;

iv.  Paying a premium of approximately $57 million to remove Gail Posner as a shareholder of SMC, eliminating her oversight of Nestor's reign over the Estate;

v.  Investing in excess of tens of millions of dollars of the Estate's money in real property development, and failing to recover those investments; and

vi.  Improperly delegating her investment duties in contravention of Section 518.112, Florida Statutes.

146.    Florida law requires a personal representative be held to the highest standards of honesty and truthfulness. Nestor breached this duty by misrepresenting the Estate's assets in the

2009 Accounting, and by making other misstatements to the Court that neither Nestor, nor anyone related to her would benefit from certain of the Estate's real estate transactions.

147.    Furthermore, Nestor breached her duty of honesty and truthfulness by withholding information relating to the Estate's poor financial health from the Probate Court, the Estate's creditors, interested parties, and the Estate's beneficiaries.  Nestor was on notice at least as of May 2009, that the Estate's finances were in poor condition, yet she obfuscated this fact from the Probate Court, interested persons, and other beneficiaries.

148.    Between her appointment on February 11, 2002 and her removal on April 30, 2015, Nestor wrongfully misappropriated the Estate's money and assets for her own use, and breached numerous duties owed to the Estate and its creditors.

149.    Nestor's actions and inactions proximately caused damage to the Estate and its creditors, by causing the Estate to dissipate assets exceeding $85 million due to:

> i.    Transfers for Nestor's personal benefit including engaging in preferential transfers to Nestor and companies she owned ahead of creditors of the Estate;
>
> ii.    Losing Estate assets by advancing monies to or for entities that she knew were not  recoverable;
>
> iii.    Interest and penalty accruals on outstanding obligations of the Estate, and
>
> iv.    Reduction in the value of SMC and overpayment for the redemption of SMC stock from entry into the GSA with Gail Posner.

150.    As a result of Nestor's actions and inactions as set forth above, the Estate is unable to pay creditor claims that total in excess of $48 million.

151.    Nestor's Bond guaranteed her faithful performance of her duties as personal representative.

152.    The conduct of Nestor as described above demonstrates that Nestor failed to faithfully perform her duties as personal representative.

153.    These breaches and losses occurred during the period covered by the Bond.

154.    As a result of Nestor's actions and the losses directly attributable thereto, Fidelity is liable for the penal sum of the Bond.

155.    The Curator has retained the services of the undersigned counsel to represent him in these proceedings and has agreed to pay counsel a reasonable attorney's fee.  Pursuant to Section 733.609, Florida Statutes, in all actions challenging the proper exercise of a personal representative's powers the Court must award taxable costs as in chancery actions, including attorney's fees.

WHEREFORE, the Curator demands judgment against Fidelity, finding Fidelity liable for the penal sum of Nestor's bond and ordering Fidelity to pay the sum of $23,100,000.00 to the Curator, and awarding the Curator reasonable attorney's fees and costs in this action, and for such other and further relief as this Court deems just and proper.

Dated this 14th day of August, 2017.

BAST AMRON LLP
*Co-Special Counsel for the Curator*
SunTrust International Center
One Southeast Third Ave., Suite 1400
Miami, Florida 33131
Telephone: 305.379.7904
Facsimile: 305.379.7905
Brett M. Amron (FBN 148342)
E-mail:  bamron@bastamron.com
Jeremy S. Korch (FBN 14471)
E-mail:  jkorch@bastamron.com
Hayley G. Harrison (FBN 105157)
E-mail:  hharrison@bastamron.com

-And-

The Cochran Firm – South Florida
*Co-Special Counsel for the Curator*
657 South Drive, Suite 304
Miami Springs, FL 33166
Telephone: 305.567.1200
Facsimile: 305.856.7747
Scott W. Leeds (FBN 372552)
E-mail: swleeds@cochranfirm.com

By: */s/ Brett M. Amron*
     Brett M. Amron (FBN 148342)
     Jeremy S. Korch (FBN 14471)
     Hayley G. Harrison (FBN 105157)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronic mail upon the parties listed on the Service list below on this the 14th day of August, 2017:

| | |
|---|---|
| William H. Strop<br>Ryan F. Carpenter<br>*Attorneys for Fidelity and Deposit Company of Maryland*<br>**BECKER & POLIAKOFF, P.A.**<br>One East Broward Boulevard, Suite 1800<br>Fort Lauderdale, FL 33301<br>Fort Lauderdale, FL 33312-6525<br>Telephone: (954) 987-7550<br>Facsimile: (954) 985-4176<br>Email: wstrop@bplegal.com<br>rcarpenter@bplegal.com<br>sgill@bplegal.com | Heather A. Rutecki, Esq.<br>*Attorney for Brenda D. Nestor*<br>**RUTECKI & ASSOCIATES, P.A.**<br>2 South Biscayne Boulevard, Suite 3760<br>Miami, Florida 33131<br>Telephone: (305) 423-4999<br>Facsimile: (305) 428-4998<br>Email: hrutecki@ruteckiandassociates.com<br>jpalmer@ruteckiandassociates.com |

By:    */s/ Brett M. Amron*
      Brett M. Amron, Esq.

# EXHIBIT "4"

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

PHILIP VON KAHLE, CURATOR, on
behalf of THE GOVERNOR OF FLORIDA,
for the use and benefit of the ESTATE OF
VICTOR POSNER, and for All Other
Interested Parties,

       Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND, a Maryland Corporation,

       Defendant,

v.

BRENDA D. NESTOR,

       Third-Party Defendant.

COMPLEX BUSINESS LITIGATION

CASE NO.: 2016-21099-CA-40

## THIRD-PARTY DEFENDANT'S, BRENDA D. NESTOR, EMERGENCY MOTION TO MODIFY CASE MANAGEMENT ORDER AND CASE MANAGEMENT SCHEDULE AND TO EXTEND PRETRIAL DEADLINES AND TRIAL WITH INCORPORATED MEMORANDUM OF LAW

Third-Party Defendant, Brenda D. Nestor ("Nestor"), moves the Court for entry of a

Modified Case Management Order in order to be provided due process of law, as follows:

### INTRODUCTION

The case involves a claim by Plaintiff, Philip von Kahle, Curator, on behalf of the

Governor of Florida, for the use and benefit of the Estate of Victor Posner (the "Estate") (the

"Curator"), to recover against the full penal sum of the Personal Representative Bond issued by

Defendant, Fidelity and Deposit Company of Maryland ("Fidelity"), in the amount of Twenty-

Three Million One Hundred Thousand Dollars and No Cents ($23,100,000.00), as a result of

Nestor's alleged dissipation during her tenure as personal representative of the Estate of the Estate's funds in the amount of Three Hundred Seventy-Five Million Dollars and No Cents ($375,000,000.00).

Nestor was brought in to this matter as a third-party indemnitor six (6) months after its inception while the Curator and Fidelity had been conducting discovery and litigating their respective claims and defenses. Nestor arguably was a party that should have been brought in from day one by the Plaintiff, since it is Nestor herself whom is expected to foot the judgment *if* there is one in favor of the Plaintiff and her claims, defenses and counterclaims appear to be compulsory. The Plaintiff intentionally left her out of the matter and has again enjoyed 6 full months of discovery that she has not had the benefit of. Nestor retained counsel after being brought in as a third party defendant by Fidelity, who realized she had a right to defend and will have counter claims and discovery of her own to conduct. Nestor hired legal counsel David Goldstein, Esq to represent her when she was brought in six (6) months later by Fidelity, which counsel by no fault of Nestor was plagued with severe illnesses, and as a result of same unintentionally provided to Nestor ineffective assistance in the defense of this matter, which necessitated his recent withdrawal of which circumstances this Honorable Court is aware of since Mr. Goldstein Nestor's former counsel cited specifically his severe illnesses and inability to act as her counsel, as a direct result thereof. Undersigned counsel was recently retained, in fact a few weeks ago and is attempting to get files, transcripts and other documents from Mr. Goldstein and other. In order to properly investigate the matter and provide an adequate defense for Nestor, among other things, the undersigned and Nestor require an enlargement of time on all the dates set forth in the Case Management Order by six (6) months the same amount of time that Nestor was not even named as a party while the Plaintiff utilized his discovery period. As a

result, this Court should enter an Order granting this Motion.

## BACKGROUND[1]

1.      On August 12, 2016, the Curator commenced this action against Fidelity <u>only</u>, with the filing of its Complaint.

2.      The gravamen of the Curator's claim is that Nestor, the removed personal representative for the Estate of Victor Posner (the "Estate"), allegedly breached certain fiduciary duties to the Estate and its creditors causing damages to the Estate, and the Curator seeks to recover against Nestor's personal representative's bond issued by Fidelity.

3.      The Curator and Fidelity began conducting discovery, including, but not limited to, Fidelity taking the deposition of the Curator, and otherwise litigating their respective claims and defenses without bringing Nestor in as a defendant at all.

4.      Nestor initially retained David M. Goldstein, Esq. and David M. Goldstein, P.A. (collectively, "Goldstein") to represent her in this and other cases.  Goldstein reassured Nestor that her cases were being handled properly, yet kept her completely in the dark about his lack of involvement in and attentiveness to the proceedings precipitated by his health issues.  Goldstein was also hard to get a hold of by phone and by e-mail.   Of even date herewith he cannot be reached by the undersigned.

5.      Although Nestor was personally present during  a tiny portion of the Curator's deposition, her legal counsel Goldstein was not present at all, and she had no opportunity to depose the Curator whatsoever, the Plaintiff in this action.

6.      On January 9, 2017, this Court conducted its initial Case Management Conference

---

[1] This Motion is supported by the Affidavits of Brenda Nestor and David M. Goldstein, Esq., in addition to other information obtained from correspondence between the undersigned and counsel for Fidelity with regard to these proceedings.

to, among other things, set case management deadlines.

7.      Also on January 9, 2017, this Court entered its Case Management Order and Case Management Schedule, which established the following deadlines for this case:

   a.   Motions for leave to amend the pleadings to be completed by March 31, 2017;

   b.   Mediation to be completed by April 15, 2017;[2]

   c.   Discovery to be completed by June 30, 2017;

   d.   Experts to be designated and CBL Rule 6.2 information to be provided by July 15, 2017;

   e.   Rebuttal reports to be completed by July 31, 2017;

   f.   Expert deposition to be completed by September 30, 2017;

   g.   *Daubert* and dispositive motions to be filed by October 15, 2017;

   h.   Motions in limine to be filed by January 5, 2018;

   i.   Final case management conference date / status report due date (in lieu of final case management conference) on November 2, 2017;

   j.   Final pretrial conference on January 25, 2018;

   k.   Trial begins on February 5, 2018.

A copy of the Case Management Order is attached as **Exhibit A**.

8.      Nestor was not present at the scheduling conference whatsoever, and had no input with regard to the proposed dates ultimately contained in the Case Management Order, as she was not at even at that time a party to this action.  In addition, Nestor's counsel Goldstein was also absent from this Case Management Conference.

---

[2] On February 3, 2017, this Court entered an Order Granting Plaintiff's Agreed Motion for Relief From the Court's Case Management Order extending the mediation deadline up to and including May 12, 2017.

9.      On January 12, 2017, a hearing was held on the Curator's Motion for Ruling on Defendant's, Fidelity and Deposit Company of Maryland ("Fidelity"), Discovery Objections, and Fidelity's Motion to Compel Better Responses from the Curator.  Goldstein was absent from this January 12, 2017 hearing.

10.      On February 10, 2017, Fidelity initiated a third-party action against Nestor with the filing of its Third-Party Complaint for contractual and common law indemnification for damages, if any, Fidelity is found liable to the Curator for based upon Nestor's purported negligence.  Accordingly, in order for the Curator to prevail on its claim against Fidelity, it must prove that Nestor was negligent as personal representative of the Estate.

11.      Nestor was brought in the case late as a third-party indemnitor six (6) months after its inception while the Curator and Fidelity had been conducting discovery and litigating their respective claims and defenses regarding Nestor, and was not afforded the opportunity to take place in the proceedings at all until she was brought into the action by Fidelity, again a full six(6) months later.

12.      Nestor's deposition was scheduled for March 7, 2017.  All parties were present, however, the deposition was continued because Goldstein had a personal medical emergency and had in fact to depart directly to the hospital for emergency medical care.

13.      Goldstein also was absent from the following depositions in this matter:

      a.  Edd McGann taken on March 10, 2017;

      b.  Edd McGann taken on April 4, 2017;

      c.  Terri McDaniels taken on March 14, 2017;

      d.  Curator taken on April 18, 2017;

      e.  Curator taken on May 11, 2017;

    f.  Curator taken on June 8, 2017;

    g.  Chandar Potter taken on April 28, 2017;

    h.  Richard Greene taken on May 18, 2017;

    i.  John Cargill taken on May 19, 2017;

    j.  Andrew Clubok taken on May 22, 2017; and

    k.  Tom Evans taken on May 23, 2017.

14.    In addition, Goldstein did not take the deposition of the parties, the Curator or Fidelity, or of any witnesses to this matter, or conduct other necessary discovery and or bring any counter-claim, which may be ccompulsory in this claim alleging "tens of millions of dollars " in damages which Nestor would have to pay if Plaintiff prevailed and she was afforded no time to defend or file any counterclaim.

15.    On April 7, 2017, the Curator served upon Nestor its Request for Production.

16.    On May 10, 2017, Goldstein filed Nestor's Motion to Compel Answers to First, Second and Third Sets of Interrogatories propounded upon the Curator alleging the Curator's failure to timely respond.  On May 11, 2017, Goldstein withdrew Nestor's Motion to Compel when the Curator showed Goldstein that the Curator's responses had been served.

17.    On May 17, 2017, the Curator filed its Ex Parte Motion to Compel Nestor to provide responses to the Curator's Request for Production from Nestor, as the deadline to respond was May 15, 2017 and Goldstein had served no response.

18.    On May 24, 2017, Goldstein filed an Agreed Motion to Withdraw as counsel for Nestor, as a direct result of Goldstein's admitted severe health issues and inability to serve as her counsel, which the Plaintiff is aware of, as is this Honorable Court, since this Court granted his withdraw recently on that very basis.

19.     Also on May 24, 2017, Goldstein filed in the matter styled: *American Southern Insurance Company v. Brenda Nestor*, Case No. 1:16-23550, in the United State District Court for the Southern District of Florida ("American Southern Action"), his Agreed Motion to Withdraw as counsel for Nestor, as a result of Goldstein's health issues, which Motion to Withdraw was granted.

20.     On May 26, 2017, American Southern Insurance Company filed an Unopposed Motion for Extension of Mediation Deadline in the American Southern Action ("Motion for Extension"), a copy of which is attached as **Exhibit B**.  The Motion for Extension provides further examples of Goldstein's ineffectiveness as counsel for Nestor and lack of involvement in and attentiveness to the litigation as a result of his ongoing health issues.

21.     On June 6, 2017, this Court entered an Order granting Goldstein's Agreed Motion to Withdraw as counsel for Nestor.  The Order provided to Nestor until June 23, 2017 to secure new counsel, which Nestor did timely.

22.     Notwithstanding the Order effectively staying the proceedings as to Nestor until Nestor obtained new counsel, the Curator and Fidelity continued conducting discovery, including, but not limited to, scheduling matters that effect Nestor's defense of this matter without providing to Nestor the requisite time to obtain counsel, and for counsel to become familiar with this matter, and with the plaintiff otherwise litigating its claims and defenses to the detriment of Nestor. The Plaintiff's counsel threatened Motions to Compel and otherwise denied Nestor the right to take the Plaintiff's deposition at all, despite Nestor in fact enlarging by agreement the Plaintiff's time to conclude two separate depositions, and hearings related to discovery unfinished of even date herewith, and as of the discovery cutoff.

23.     The undersigned was recently retained and on June 21, 2017, filed its Notice of

Appearance and Designation of E-Mail Addresses. The undersigned took immediate action and responded to ¾ of the Plaintiff's outstanding discovery at the time and has made great efforts to continue to respond to Plaintiff's late discovery this week, and has graciously extended discovery cutoffs for the Plaintiff, as has the Magistrate herein citing ( of even date today ) our recent appearance and obvious need to become familiar and have time to prepare, and represent Nestor individually.

24.    In order to obtain, organize, and review the pleadings, motions, notices, correspondence, requests, responses and other papers filed, review the operative facts and properly investigate the matter, correspond with opposing counsel and other non-parties and otherwise familiarize herself with the case, engage in meaningful discovery, and determine whether Nestor's affirmative defenses require amendment or counter claims to be brought, the undersigned (and Nestor) require(s) an enlargement of time on the dates set forth in the Case Management Order by six (6) months, the exact time frame by which Nestor was not a party to this litigation and which the Plaintiff enjoyed without her named in these proceedings although the Plaintiffs intends her to be 100% responsible for his claims, which sound in her actions, or alleged inactions alone.

25.    The undersigned conferred with counsel for the Curator regarding, among other things, the scheduling of the Curator's deposition, but the Curator's counsel repeatedly refused such request.  In light of the fact discovery deadline and the crucial nature of information required from the Curator, Nestor is without time to move to compel the Curator's deposition and obtain an Order on same, or any other depositions which she needs to defend herself for these claims, and is left with no other alternative but to move this Court to modify the schedule contained in the Case Management Order.  Once this deposition is complete, Nestor will require

time to obtain any additional discovery and depositions that is needed and to retain the appropriate experts. The expert cutoff is in a few days ( July 15, 2017 in fact ) and Nestor has not had time to prepare, and to retain experts due to her former counsel's ineffectiveness and complete unavailability to her.

26.     Despite the Curator as the Plaintiff in this action and the current representative of the Estate refusing to sit for deposition by the undersigned, on June 26, 2017, the Curator filed its Emergency Motion to Extend Deadline to Conduct and Conclude Fact Discovery for Limited Purpose of Conducting Two Previously Noticed Depositions.  In its Motion, the Curator requests from this Court on an emergency basis an extension of time because its counsel did not timely complete its previously noticed depositions after it had been litigating this case for over ten (10) months, yet refuses to provide to Nestor the opportunity to depose the Curator and adequately prepare her defense.

27.     On June 27, 2017, this Court granted the Curator's Emergency Motion to Extend Deadline to Conduct and Conclude Fact Discovery. Nestor via the undersigned had already graciously extended this time by the time this Honorable Court did the same for Plaintiff, and as recently as this morning in a hearing with the Magistrate the Magistrate emphasized the additional time Nestor requested in the "Lockwood" remaining discovery issue required by Plaintiff was appropriate given the undersigned was just retained.

28.     Nestor reasonably needs a minimum six ( 6 ) months of discovery and opportunity to amend her affirmative defenses and bring any compulsory counterclaim that she has, in this matter of alleged " tens of millions of dollars in damages, which Nestor believes has been caused by none other then the Curator, Plaintiff himself who has destroyed the Estate of which she was, and is today the sole beneficiary of.

29.     Based on the claims and issues raised in the Curator's Amended Complaint and Fidelity's Answer thereto, in addition to the claims and issues raised in Fidelity's Third-Party Complaint and Nestor's Answer thereto, Nestor anticipates that all discovery could be completed within six (6) months, the time period between the filing of the Curator's Complaint against Fidelity, and the filing of Fidelity's Third-Party Complaint against Nestor.

30.     Nestor should also be afforded an ample opportunity to amend her pleadings and file any counter or third-party claims her counsel the undersigned deems necessary.

31.     This Motion is made in absolute good faith, and not for the purpose of delay.

32.      The case against Nestor is less than five (5) months old.

33.     No party will be prejudiced should this Court grant the Motion.

34.     On the other hand, Nestor will be severely prejudiced should this Motion be denied.

35.     This is the first and therefore the only continuance Nestor has ever requested in this matter. She was pro se until she retained the undersigned and follwing the withdraw of Goldstein for severe health issues.

## MEMORANDUM OF LAW

36.     This Court should enter an Order modify the Case Management Order so that Nestor has adequate time within which to complete meaningful discovery and, among other things, properly defend against Fidelity's claims.

37.     A motion for continuance is addressed to the sound discretion of the trial court. *See Fleming v. Fleming*, 710 So. 2d 601, 603 (Fla. 4th DCA 1998); *Ziegler v. Klein*, 590 So. 2d 1066, 1067 (Fla. 4th DCA 1991).  Factors to be considered include whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance

was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance. *See Fleming*, 710 So. 2d at 603.

38.    It is an abuse of discretion when a trial court denies a motion for continuance where counsel withdraws or counsel or a key witness become ill before trial preventing an adequate presentation or defense of the case. *See Fleming*, 710 So. 2d at 603; *Courtney v. Cntrl. Trust Co.*, 112 Fla. 298 (Fla. 1993) (holding that the trial court abused its discretion to deny a motion for continuance on grounds that the defendant's attorney would not have been able to adequately prepare for trial due to his wife's illness); *Thompson v. Gen. Motors* Corp., 439 So. 2d 1012 (Fla. 2d DCA 1983) (judgment quashed because petitioner's counsel was ill, respondent was not prejudiced by the delay, and petitioner may not have had an adequate remedy on appeal); *Diaz v. Diaz*, 258 So. 2d 37 (Fla. 3d DCA 1972) (holding that trial court abused its discretion by proceeding in light of the sudden illness of counsel); *Jean v. Cnty. Sanitation, Inc.*, 596 So. 2d 1245 (Fla. 4th DCA 1992) (order denying motion for continuance reversed because illness constituted special circumstance beyond control of attorney); *Silverman v. Millner*, 514 So. 2d 77 (Fla. 3d DCA 1987) (order denying motion for continuance reversed where appellant's illness and unavailability were unforeseeable).

39.    If the parties, like the litigants here, diligently and timely pursue their rights but for reasons other than their own negligence are unable to comply with the court's deadline, the court should exercise its discretion and modify its scheduling order. *See Payne v. Ryder Sys.*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).  Good cause exists where substitute counsel needs to familiarize themselves with the case. *See Johnson v. Sea Court Mgmt., LLC*, 2016 U.S. Dist. LEXIS 19670, at *2-3 (M.D. Fla. 2016) (finding good cause existed to extend mediation and

other deadlines as a result of defendant's counsel's motion to withdraw and need for defendant to retain new counsel and for said counsel to become familiar with case).

40.     Nestor's Motion clearly sets forth a good faith bases for granting this enlargement.  Nestor was brought in to this case six (6) months after its inception, and has only been a defendant in this case for approximately five (5) months.  Her former counsel Goldstein suffered from health issues which negatively impacted his representation of Nestor in this matter. For example, Goldstein had to leave unexpectedly with a medical emergency during the deposition of Nestor, was absent from all other depositions in this matter, and conducted no depositions for the benefit of Nestor.  Nestor retained counsel who to no fault of Nestor was plagued with illness and as a result of same unintentionally provided to Nestor ineffective assistance in the defense of this matter which necessitated his withdrawal.

41.     The undersigned counsel was recently retained and requires adequate time to familiarize herself with this matter.  In order to obtain, organize, and review the pleadings, motions, notices, correspondence, requests, responses and other papers filed, review the operative facts and properly investigate the matter, correspond with opposing counsel and other non-parties and otherwise familiarize herself with the case, engage in meaningful discovery, and determine whether Nestor's affirmative defenses require amendment or counter claims to be brought, the undersigned (and Nestor) require(s) an enlargement of time on the dates set forth in the Case Management Order.

42.     The undersigned conferred with counsel for the Curator regarding, among other things, the scheduling of the Curator's deposition, but the Curator's counsel repeatedly refused such request even before discovery cutoff in the existing case Management Order, a grounds for dismissal standing alone, arguably of any Plaintiff's claim.  In light of the fact discovery

deadline and the crucial nature of information required from the Curator, Nestor is without time to move to compel the Curator's deposition and obtain an Order on same ( or to take any other necessary depositions ) and is left with no other alternative but to move this Court to modify the schedule contained in the Case Management Order.  Once this deposition is complete, Nestor will require time to obtain any additional discovery that is needed and to retain the appropriate experts in this matter of alleged "tens of millions of dollars" in damages in an Estate in which she herself is the sole beneficiary of.

43.    Despite the Curator as the Plaintiff in this action litigating this case for over ten (10) months, the Curator requested from this Court on an emergency basis an extension of time to conduct fact discovery because its counsel did not timely complete its previously noticed deposition, yet refuses to provide to Nestor the opportunity to depose the Curator and adequately prepare her defense. The undersigned pointed to the fact that Nestor was deprived of six months of discovery and he refused yet again to extend the Case management Order, after and while simultaneously taking advantage of the undersigned's and Nestor's gracious extensions to him.

44.    Nestor requests six (6) months to prepare for that which was claimed in the operative complaint for all of the aforementioned reasons above believes these are sufficient reasons for this Honorable Court to grant her extension of six (6) months. The Extension request is an Emergency now as the Expert reports are due July 15, 2017.

45.     Clearly Nestor is not engaging in any type of delay tactic that would warrant the denial of this Motion.  No party will be prejudiced should this Court grant the Motion to extend six (6) months to give Nestor an equal amount of time for discovery in all alleged claims stemming from the operative Complaint filed by the Plaintiff who never named, or served Nestor.  Instead, Nestor would be severely prejudiced should the Court deny this Motion.  Nestor

respectfully requests this Court exercise its discretion and permit the requested extension of time for the good cause stated herein and modify its Trial Order accordingly.

## CERTIFICE OF GOOD FAITH CONFERENCE

I hereby certify that Heather A. Rutecki, Esq., counsel for Nestor, and Hayley G. Harrison, Esq., counsel for Fidelity, conferred early via email, and also Brett Amron, Esq counsel for Plaintiff and Heather Rutecki, Esq conferred via telephone on June 11th, 2017, and made a good faith effort to resolve the issues contained in this Motion without Court intervention, but have been unable to do so. The undersigned conferred also with Bill Strop, Esq Counsel for Fidelity and Fidelity has no objection to Nestor's request for an additional six (6) months for her individually to complete her discovery and amend or file whatever pleadings are necessary for or in her defense.

WHEREFORE, Third-Party Defendant, Brenda D. Nestor, respectfully requests this Honorable Court grant its Motion and modify the Case Management Order so that the Nestor may amend the pleadings and file any counter, or third-party claims and have at least six (6) months, or until January 10, 2017, within which to complete her discovery, with the remainder of the pretrial deadlines modified accordingly, based on the Court's docket, together with such other and further relief as this Court deems just and proper.  This Motion for an Extension of Time to the current Case management Order is an Emergency in light of deadlines " past already " as the undersigned appeared, "passing" and "about to pass".

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11 day of July, 2017, that a true and correct copy of the foregoing was filed with the Court through the use of the Florida Courts eFiling Portal, and

CASE NO.: 2016-21099-CA-40

has been served upon all parties on the attached Service List via the Florida Courts eFiling Portal

eService, in accordance with rule 2.516, Florida Rules of Judicial Administration.

RUTECKI & ASSOCIATES, P.A.
**_Main Office:_**

100 Southeast 2nd Street, Floor 44
Miami, Florida 33131

**_Mailing Address:_**

2 South Biscayne Boulevard, Suite # 3760
Miami, Florida 33131

Telephone:  (305) 423-4999
Facsimile:  (305) 428-4998
hrutecki@ruteckiandassociates.com

By:_____/S/_____
       Heather A. Rutecki, Esq.
       Florida Bar No. 49190

## SERVICE LIST

**_Via E-Mail:_**

Brett M. Amron, Esq.
Jeremy S. Korch, Esq.
Hayley G. Harrison, Esq.
Bast Amron LLP
SunTrust International Center
One Southeast Third Ave., Suite 1400
Miami, Florida 33131
Telephone:  (305) 379-7904
Facsimile:  (305) 379-7905
Email: bamron@bastamron.com
Email: jkorch@bastamron.com
Email: hharrison@bastamron.com
*Co-Special Counsel for the Curator*

Scott W. Leeds, Esq.
The Cochran Firm – South Florida
657 South Drive, Suite 304
Miami Springs, Florida 33166
Telephone:  (305) 567-1200
Facsimile:  (305) 856-7747
Email: swleeds@cochranfirm.com
*Co-Special Counsel for the Curator*

CASE NO.: 2016-21099-CA-40

William H. Strop, Esq.
Ryan F. Carpenter, Esq.
Becker & Poliakoff, P.A.
One East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176
Email: wstrop@bplegal.com
Email: rcarpenter@bplegal.com.com
Email: sgill@bplegal.com
*Counsel for Fidelity*

# Exhibit A

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY
FLORIDA

Conformed Copy

JAN 0 9 2017

JOHN W. THORNTON, JR.
CIRCUIT COURT JUDGE

PHILIP VON KAHLE, CURATOR, on behalf
of THE GOVERNOR OF FLORIDA, for the
use and benefit of the ESTATE OF VICTOR
POSNER, and for All Other Interested Parties,

                                        Plaintiff,

vs.                                                     **Complex Business Litigation Section**
                                                        Case No. 16-21099 CA 40

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND, a Maryland Corporation,

                                        Defendant.
_____/


## CASE MANAGEMENT ORDER

### Case Management Schedule

| | |
|---|---|
| **JURY TRIAL DATE AND TIME** | **February 5, 2018**<br>**At**<br>**9:00 AM** |
| **FINAL CASE MANAGEMENT CONFERENCE DATE /**<br>**STATUS REPORT DUE DATE (IN LIEU OF FINAL**<br>**CASE MANAGEMENT CONFERENCE)** | **November 2, 2017**<br>**At**<br>**1:30 PM** |
| **FINAL PRE-TRIAL CONFERENCE DATE** | **January 25, 2018**<br>**At**<br>**2:30 PM** |

THIS CAUSE came before the Court on January 9, 2017 for a Case Management Conference

pursuant to the Court's notice and order. All counsel and the parties were present or by telephone. This

case has been assigned to Division 40, Complex Business Litigation Court pursuant to Administrative Order No. 14-14, in the Eleventh Judicial Circuit, in and for Miami, Miami-Dade County, Florida. After reviewing the Joint Case Management Report, with the stipulation of the Parties to the trial date set forth below and being otherwise fully informed, it is

**ORDERED AND ADJUDGED** that unless later modified by Order of this Court, the following schedule of events shall control the management and proceedings in this case.

## COMMUNICATION WITH THE COURT AND AMONG THE PARTIES

1.      The parties are represented by the following who shall be designated "Lead Trial Counsel":

Brett M. Amron and Scott Leeds for Plaintiff;

William H. Strop for Defendant.

2.      **Courtesy copies of all motions and memoranda related thereto where required shall be submitted through the e-courtesy portal and to the CBL Document Library at cbl@jud11.flcourts.org. immediately upon being filed with the Clerk of the Court.** All communications with the Court must be sent to the following address:

The Honorable John W. Thornton, Jr.
73 West Flagler Street, Suite 1017
Miami, Florida 33130
Telephone: 305.349.7255
Facsimile: 305.349.7252
E-Mail: cbl@jud11.flcourts.org

## MOTIONS, DISCOVERY, ALTERNATIVE DISPUTE RESOLUTION AND TRIAL

3.      Any motions for leave to amend the pleadings to add additional parties or otherwise, shall be filed no later than March 31, 2017.

4.      Any motions to dismiss or other preliminary or pre-discovery motions shall be filed and briefed on or before N/A.

5.      The parties are directed to comply in all respects with the Complex Business Litigation Rules located at: www.jud11.flcourts.org.

6.      The trial of this case shall occur during the **three (3) week** trial period beginning February 5, 2018 at 9:00 AM with **Call of the Calendar** at **9:00 AM** on February 2, 2018. The parties estimate the trial will be completed in five to fifteen (5-15) days.  Pursuant to Fla. R. Civ. P. 1.201 (b)(3) continuance of the trial will be granted only upon good cause shown.

**The parties shall stipulate to comply with Paragraph 7.A. or 7.B.**

7.A.      Pursuant to Fla. R. Civ. P. 1.201 (d), which requires a Final Case Management conference be set ninety days prior to the trial date, the same is scheduled as above noted, in Courtroom 10-1.  At least ten (10) days prior to said conference, the parties shall confer and prepare a joint case status report which shall comply with rule 1.201 (d)(1-8).  The Joint Case Status Report shall be submitted to the Court five (5) days prior to the hearing.

7.B.      In lieu of a Final Case Management Conference, the parties agree to submit, ninety (90) days prior to trial, a Joint Final Case Status Report which contains all information required by Rule 1.201 (d)(1-8).

8.      The Final Pre-Trial Conference is scheduled as above noted in Courtroom 10-1.  The parties shall prepare in advance and provide at the pre-trial conference an updated pre-trial statement comporting with CBL Rule 9.2.

9.      The parties shall have until June 30, 2017 to conduct and conclude fact discovery.  It is further ordered that the setting of the discovery deadline will not limit any party from filing summary judgment motions during the period, but any such motions should be narrowly drawn to address only

issues on which discovery has been completed. If there are still motions pending after the discovery period, the Court will set a briefing schedule at that time.

10.     The Parties are limited to 4 expert witnesses per side. In all respects, the presumptive limitations on discovery contained in the Complex Business Litigation Procedures shall apply.

11.     The Plaintiff(s) shall designate the experts expected to be called at trial and provide all information specified in CBL Rule 6.2 by June 30, 2017.

The Defendant(s) shall designate the experts expected to be called at trial and provide all information specified in CBL Rule 6.2 by July 15, 2017.

12.     Rebuttal reports shall be due by July 31, 2017.

13.     Expert depositions shall be completed by September 30, 2017.

14.     Dispositive Motions and *Daubert* Motions shall be filed by October 15, 2017.

15.     Motions in limine shall be filed by January 5, 2018.

16.     The parties shall mediate this dispute before April 15, 2017 with the mediator of their choice. Plaintiff shall advise the Court of the precise date of mediation no later than five (5) days prior. Plaintiff is **Ordered** to advise the Court, in writing, of the outcome of the mediation no later than five (5) days following the conclusion of the mediation conference. If a second mediation is required, the same shall be scheduled before January 5, 2018. Plaintiff shall advise the Court of the precise date of mediation no later than five (5) days prior. Plaintiff is **Ordered** to advise the Court, in writing, of the outcome of the mediation no later than five (5) days following the conclusion of the mediation conference.

17.     The parties shall submit to non-binding arbitration by N/A.

18.   In the event any party files a petition for writ of certiorari or a notice of appeal during the course of the proceeding which would divest this Court of jurisdiction, said party shall provide the Court with a copy of same in order to advise the Court that such a proceeding has been commenced.

19.   **If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 01/09/17.

JOHN W. THORNTON
CIRCUIT COURT JUDGE

> No Further Judicial Action Required on **THIS MOTION**
> CLERK TO **RECLOSE** CASE **IF** POST JUDGMENT

ORIGINAL
JUDGE JOHN W. THORNTON JR.

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.  The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed and stamped original Order sent to court file by Judge Thornton's staff.

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing has been furnished/hand delivered to all parties on January 9, 2017.

wstrop@bplegal.com
rcarpenter@bplegal.com
sgill@bplegal.com
bamron@bastamron.com
jkorch@bastamron.com
hharrison@bastamron.com
kjones@bastamron.com
swleeds@cochranfirm.com

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:16-23550-Civ-COOKE/TORRES

AMERICAN SOUTHERN INSURANCE
COMPANY,

      Plaintiff,

v.

BRENDA NESTOR,

      Defendant.

_____/

**AMERICAN SOUTHERN INSURANCE COMPANY'S**
**UNOPPOSED MOTION FOR EXTENSION OF MEDIATION DEADLINE**

Plaintiff, AMERICAN SOUTHERN INSURANCE COMPANY ("ASIC"), by and through its undersigned counsel, and pursuant to Rule 16, Federal Rules of Civil Procedure, files this Unopposed Motion for Extension of Mediation Deadline ("Motion"), and respectfully requests an extension of the mediation deadline through and including June 30, 2017, and in support states as follows:

1.      Pursuant to this Court's Order Setting Civil Trial Date and Pretrial Deadlines, May 31, 2017 is the deadline for the parties to complete mediation. (D.E. 18).

2.      Despite initial communications with David Goldstein as counsel for Defendant, Brenda Nestor ("Defendant"), regarding mediation, counsel for ASIC has been unable to reach Defendant's counsel despite numerous attempts to do so in order to schedule and finalize a mediation date before May 31, 2017.

3.      As reflected in Defendant's Agreed Motion to Withdraw filed on May 24, 2017, Defendant's counsel, David Goldstein, seeks to withdraw as counsel for Defendant due to

purported health issues, and requests that Defendant be permitted thirty (30) days to secure new counsel. (D.E. 37).

4.      While ASIC does not presently take a position on the propriety of Defendant's counsel's request to withdraw in this matter, ASIC respectfully requests that the Court grant the parties an extension of the mediation deadline through and including June 30, 2017.

5.      Generally speaking, Rule 16, Fed. R. Civ. P., allows for the modification of scheduling order deadlines for good cause and with the judge's consent.  The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

6.      ASIC submits that it has remained diligent in its attempts to coordinate with Defendant's counsel over the past several months in order to schedule mediation prior to the May 31st deadline.  ASIC's counsel has attempted to contact Defendant's counsel on numerous occasions, and left messages with said counsel's office, though ASIC's efforts have been unsuccessful and unanswered as far as scheduling mediation, presumably the result of the health issues as set forth in Defendant's Agreed Motion to Withdraw. (D.E. 37).

7.      ASIC respectfully submits that good cause for the extension of the mediation deadline exists in that if this Court permits Defendant's counsel to withdraw, Defendant will either need to retain new counsel or proceed *pro se*. *See Johnson v. Sea Court Mgmt., LLC*, 2016 U.S. Dist. LEXIS 19670, at *2-3 (M.D. Fla. 2016) (finding good cause existed to extend mediation and other deadlines as a result of defendant's counsel's motion to withdraw and need for defendant to retain new counsel and for said counsel to become familiar with case).  In the event Defendant hires new counsel, said counsel will need time to become familiar with the case in order to meaningfully participate in mediation.  In either case, ASIC's counsel will coordinate

2

with Defendant's new counsel, or with Defendant personally, to schedule and complete mediation prior to the June 30, 2017 requested extension.

8.      The requested extension is made in good faith, is not intended for purposes of delay, and will have no effect upon the July 24, 2017 trial date currently scheduled in this matter.

WHEREFORE, ASIC respectfully requests that the Court grant this Motion and extend the mediation deadline through and including June 30, 2017, and for such further relief as the Court deems just and proper.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Counsel for ASIC, Robert C. Graham, Jr., has communicated with David Goldstein as present counsel for Defendant, Brenda Nestor, and with Defendant, Brenda Nestor, individually (with the approval of Mr. Goldstein) on May 25, 2017, regarding ASIC's motion for an extension of the mediation deadline set forth herein.  Neither Mr. Goldstein nor Mrs. Nestor has any objection to the relief requested herein.

Respectfully submitted,

*s/ Robert C. Graham, Jr.*
BRETT D. DIVERS, ESQ.
Florida Bar No. 0973246
bdivers@mpdlegal.com
ROBERT C. GRAHAM, JR., ESQ.
Florida Bar No. 105951
rgraham@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa St., Ste. 3700
Tampa, FL  33602
Telephone: (813) 229-3500
Facsimile: (813) 229-3502
*Counsel for American Southern*
*Insurance Company*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 26th day of May, 2017, a true and correct copy of the forgoing has been filed electronically through the Court's CM/ECF Noticing System on all parties registered for electronic service, furnished via electronic mail to bnestor01@live.com and brendadnestor3939@gmail.com, and furnished via U.S. Mail and U.S. Certified Return Receipt Mail to:

Mrs. Brenda Nestor
39 Palm Avenue
Miami Beach, FL 33139

/s/ *Robert C. Graham, Jr.*
Attorney

# EXHIBIT "5"

IN THE CIRCUIT COURT IN AND FOR THE ELEVENTH JUDICIAL CIRCUIT FOR MIAMI-DADE COUNTY, FLORIDA

**PHILIP VON KAHLE, CURATOR, on behalf of THE GOVERNOR OF FLORIDA, for the use and benefit of the ESTATE OF VICTOR POSNER, and for All Other Interested Parties,**

**COMPLEX BUSINESS LITIGATION**

**CASE NO. 2016-21099-CA-40**

      **Plaintiff,**

**v.**

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Corporation,**

      **Defendant,**

**v.**

**BRENDA D. NESTOR,**

      **Third-Party Defendant.**
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THIRD-PARTY DEFENDANT'S BRENDA D. NESTOR [SIC] EMERGENCY MOTION TO MODIFY CASE MANAGEMENT ORDER AND CASE MANAGEMENT SCHEDULE AND TO EXTEND PRETRIAL DEADLINES AND TRIAL WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff, PHILIP VON KAHLE, as Curator ("Plaintiff" or "Curator"), by and through his undersigned counsel, hereby responds in opposition to Brenda D. Nestor's ("Nestor") Emergency Motion to Modify Case Management Order and Case Management Schedule and to Extend Pretrial Deadlines and Trial with Incorporated Memorandum of Law (the "Motion"), and states as follows:

### Introduction

Ms. Nestor's Motion is 11 days late and sets forth no good cause or excusable neglect for the belated filing, or the request that the Court's deadlines be extended. At the Case Management Hearing on January 9, 2017, the Court was explicit that the deadlines contained in the Case

Management Order were firm dates.  Nestor became a party to the case as of February 22, 2017

when Fidelity served its third party claim on her.  By February 24, 2017, her counsel, David M.

Goldstein ("Goldstein"), was included on email correspondence, even though Ms. Nestor did not

answer the third-party complaint until much later.  From the date of his appearance, Ms. Nestor's

counsel was charged with knowing this Court's rules and procedures, including, CBL § 5.1(2),

which states,

> <u>Once the trial date is set at the scheduling conference, the parties
> should understand that this is a firm trial date.</u>  Continuances will
> not be granted for lack of preparation as counsel are expected
> comply with their Case Management Order. CBL is not a division
> where preparation runs from the trial date backward. Parties are
> expected to prepare their case for trial guided by the deadlines
> imposed by this order.

(<u>emphasis in original</u>).

Both the Curator and Fidelity & Deposit Company of Maryland ("Fidelity") have worked

diligently to abide by the tight discovery schedule entered in this case.[1]  Although Ms. Nestor

claims that she was denied an additional 6 months of discovery; that is not accurate.  Discovery

did not begin in earnest in this case until after Nestor was a represented party. Despite her current

protestations, she was an active participant in this case and the discovery process before she was a

---

[1] In fact, it is surprising that Fidelity has apparently consented to this Motion, given that Fidelity brought Ms. Nestor in as a party, and has been working to complete discovery by June 30, 2017.  Presumably, Fidelity has obtained all discovery that it needs, since its expert reports are due in three days, and it has not sought to extend any deadline, including fact discovery. Furthermore, as is demonstrated in the correspondence attached as exhibits hereto and referenced below, Fidelity remained silent and took no position when the Curator probed for more information supporting Ms. Nestor's alleged need to take more discovery, which was first formally raised on June 27, 2017. Perhaps Fidelity agrees to the relief sought in the Motion because it knows that it will benefit from any extension granted to Ms. Nestor. After all, the requested extension in essence grants Fidelity an additional enlargement of the discovery deadline of six months to close any holes in its case, because any discovery that Ms. Nestor obtains, will be coordinated with and shared with Fidelity pursuant to their joint defense agreement.

party, and after she was made a party, she had every opportunity to and did participate in the process.  Ms. Nestor attended depositions, served three sets of interrogatories, and a lengthy request for production of documents on the Curator. She could have noticed or cross-noticed depositions, but chose not to.  The Motion seeks to depict Mr. Goldstein as a "potted plant" who shared nothing with Ms. Nestor, keeping her in the dark.  This does not square with Ms. Nestor's attendance at numerous depositions, including depositions taken out-of-state, and Mr. Goldstein's appearance when it suited Ms. Nestor's desire to pump the brakes on this case.[2]

This Motion is yet another example of Ms. Nestor's pattern of delay, and this Court should not countenance these games.  On June 8, 2017, over a month before the Motion was filed and before Ms. Rutecki had been formally retained, Curator's counsel forwarded a copy of the Case Management Order, along with all outstanding written discovery the Curator had propounded on Ms. Nestor.  Ms. Rutecki certainly knew what she was facing by agreeing to be retained in this matter at this late date.  Despite that, it took Ms. Rutecki two weeks to finalize her retention and file a Notice of Appearance on June 21, 2017.  The first time Ms. Rutecki formally requested an extension of the deadlines in this case was on the afternoon of June 27, 2017, three days before the close of discovery.  On the morning of June 28, 2017, the Curator asked Ms. Rutecki what deadlines she sought to extend and what discovery she intended to take, so that he could evaluate her request.  Ms. Rutecki repeatedly demurred in setting forth what she was looking for, until finally providing some information during a phone call on the afternoon of July 11, 2017.  The purpose of seeking this information (beside the fact that it is required by the Court when asking

---

[2]    Mr. Goldstein attended at least one hearing before Magistrate Schwabedissen, to compel production of documents from *administrator ad litem*, Michael Axman, to ensure that there was no disclosure of Ms. Nestor's private information.

for an extension) was for the Curator to assess whether the request was reasonable or to determine whether the Curator could agree to a more modest extension of the deadlines.

The Curator may have been willing to accommodate reasonable requests for extensions of time, if they had been made and agreed to in advance of his required compliance with other Court-ordered deadlines.  Instead, Ms. Nestor and her counsel sat on their rights. It took Ms. Nestor over a month from the first time her new counsel contacted the undersigned, to explain the reasons for, and subsequently file her motion for extension of deadlines. Ms. Nestor's Motion still does not comply with the requirements set forth in CBL § 6.4, and flouts CBL § 5.1(2).

Ms. Nestor's untimely and non-compliant Motion leaves a lot to be desired.  It fails to identify which deadlines are sought to be extended, *ie,* all deadlines including those that have expired, only certain deadlines that have expired, or only those that have not expired.  Regardless, given that the Curator has complied with his obligations, including timely serving reports of his expert witnesses, any extension will serve to unduly prejudice the Curator.  Reopening discovery and any other previously expired deadlines, would permit Ms. Nestor to pursue lines of discovery aimed at attacking the factual bases for the Curator's expert witness opinions, which will doubtless be shared with Fidelity (pursuant to their common interest agreement), so that Fidelity can fill in any after-the-fact gaps in Fidelity's own discovery.  Furthermore, if the Court grants Ms. Nestor's Motion, the Curator will incur tens of thousands of dollars in additional fees for his experts to update their expert reports, which will further tax the resources of an already cash-strapped Estate.

Based upon the foregoing and as set forth in detail herein below, the Curator respectfully requests that the Motion be denied.

## Chronology

Because of the continued obfuscation by Ms. Nestor it is worth providing the Court with a brief chronology of the events that have transpired in this matter. On March 30, 2015, the Probate Court removed Nestor for cause as personal representative of the Estate of Victor Posner (the "Estate"), finding that she failed to comply with legal requirements imposed upon her by Florida Statutes and the Probate Code, and that she had repeatedly disregarded orders of the Probate Court. The Court appointed Plaintiff as Curator of the Estate. In August, 2016, Plaintiff filed this action against Fidelity, to recover on the bond that Fidelity issued, securing Ms. Nestor's faithful performance of her duties as personal representative of the Estate.[3] The Curator did not join Ms. Nestor as a party, because she is not an indispensable or necessary party to the Curator's claims. Nevertheless, Ms. Nestor has actively participated with Fidelity in the defense of the Curator's claims. Fidelity's privilege log, which is attached hereto as **Exhibit "A"** shows that its counsel was communicating with Ms. Nestor and her former counsel regarding defenses to the Curator's Complaint before the complaint was even filed, through the entirety of the litigation. Ms. Nestor verified *both* of Fidelity's Motions to Strike the Curator's Complaint as a Sham Pleading, which were filed on October 14, 2016, and November 28, 2016, respectively.

On January 9, 2017, this Court entered its Case Management Order. Because the Curator's bond claim is one of the matters that must be resolved in order to close the Probate Case (which has taxed judicial resources since 2002), the Curator requested that this case be determined on an

---

[3] The Curator has no direct claims against Nestor in this litigation, and she has asserted no claims against any party in this litigation. To the extent that Ms. Nestor believes she has claims against the Curator for his administration of the Estate, those claims would be in the nature of a surcharge, and must be brought in Probate Court, not in this forum. *See* Fla. R. Probate P. 5.025(a); *Kozinski v. Stabenow*, 152 So. 3d 650, 652-53 (Fla. 4th DCA 2014).

expedited timeframe. In contrast, Fidelity asked for a much longer timeframe.[4] During the hearing on the Case Management Order, the Court split the difference between the two litigation tracks, and was quite clear during the hearing that the deadlines contained in the Case Management Order were firm deadlines, and would likely not be extended.

Because of the compressed timeframe, the Curator asked Fidelity to agree to set aside various weeks for depositions, as suggested by the Court during the Case Management hearing. Fidelity would not agree to the schedule, so on January 18, 2017, the Curator filed his Motion to Compel Defendant to Cooperate with Deposition Scheduling, attaching a proposed order that the Court entered on the same day.  On January 30, 2017, the Curator subpoenaed Ms. Nestor for deposition for March 7, 2017, a designated deposition week.  Fidelity impleaded Nestor on February 10, 2017 as a third-party defendant, seeking indemnification from Nestor if Fidelity was found liable under the Curator's Complaint. Ms. Nestor was served with the Complaint on February 22, 2017.[5]

Since the Case Management Order was entered, both the Curator and Fidelity have worked diligently to arrange for all depositions and discovery, and to comply with the deadlines imposed by the Court. The Case Management Order gave all parties until March 31, 2017 to implead new parties, and to file any other pleadings in this case.  No motion was made to extend this deadline.

By February 24, 2017, two days after Ms. Nestor was served with the Complaint (apparently at Fidelity's counsel's office), Fidelity was including Mr. Goldstein, in email communications.  *See* **Exhibit "B"** hereto, email communications dated February 24, 2017 -

---

[4]   Perhaps not coincidentally, Fidelity asked for a litigation and trial schedule that Ms. Nestor's counsel now seeks.

[5]   Despite the assertion of the claims, as evidenced in Fidelity's privilege log (**Exhibit "A"**), Ms. Nestor continues to assist Fidelity in its defense of the Curator's claims.

March 1, 2017 with Mr. Goldstein.  When Ms. Nestor hired Mr. Goldstein in this case, she was aware that he suffered from health issues. To wit: Mr. Goldstein represented Nestor in the Probate Case. On October 17, 2016, Nestor filed a "Limited Appearance of David M. Goldstein on Behalf of Brenda Nestor and Motion for Continuance of October 19, 2016 Hearing on the Curator's Motion to Hold Brenda Nestor in Contempt," in the Probate Case, attached hereto as **Exhibit "C."** As a basis for continuing the hearing to hold Ms. Nestor in Contempt, Ms. Nestor alleged that Mr. Goldstein's eye and kidney problems prevented him from appearing on her behalf, and requiring a continuance of the hearing.

On March 2, 2017 Mr. Goldstein formally appeared in this case and sought a protective order for Ms. Nestor's March 7, 2017 deposition, because he allegedly had to fly to a meeting in California for a large litigation he was involved in.  Because Mr. Goldstein never noticed his motion for hearing, the deposition proceeded on March 7.  At 1:30 p.m., Ms. Nestor left to take a call, and Mr. Goldstein disappeared for an hour and a half, first to attend a call with Ms. Nestor. Then, according to Ms. Nestor, Mr. Goldstein had to go to the bank to "sign a wire," and then he apparently had a kidney stone issue, which purportedly resolved itself before he got to the hospital. Ms. Nestor informed those present at her deposition that Mr. Goldstein would take about half an hour to get back to the deposition, bringing the total time that the deposition would be suspended due to these antics, to two hours. Instead of indulging in these games, the Curator suspended the deposition. *See* Excerpt from Nestor's Deposition Transcript dated March 7, 2017 attached hereto as **Exhibit "D."**

On March 8, 2017, per an agreement with Mr. Goldstein, the Curator noticed Ms. Nestor's continued deposition for March 21 and 22.  However, on March 15, 2017, Mr. Goldstein again filed a motion for protective order, alleging that although he agreed to the dates, he had not checked

with Ms. Nestor in advance, and that she was going to be in New York attending her son's honor society induction.   After a telephonic hearing that same day, Ms. Nestor's deposition was rescheduled per the Court's order to April 26 and 27, 2017.

On March 17, 2017, Ms. Nestor served interrogatories on the Curator (mirroring interrogatories that Fidelity served and subsequently withdrew). The Curator timely responded. Thereafter, Fidelity (with Ms. Nestor present) spent more than five hours deposing the Curator on his responses to Ms. Nestor's interrogatories.   On April 13, 2017, Ms. Nestor served 94 requests for production to the Curator that were substantially similar to Fidelity's first requests for production.   The Curator timely responded on May 22, 2017, stating that documents and information would be produced to Ms. Nestor upon her entry into the Stipulated Agreement of Confidentiality entered into between the Curator and Fidelity, as amended by the Court.  To date, Ms. Nestor has refused to enter into the same.[6]

From the time she was made a party to the case, Ms. Nestor did not set or cross-notice any depositions in this case, even though all of the depositions took place after she became a party. That notwithstanding, she attended portions of the Curator's deposition, portions of Edward McGann's deposition, and Ms. Nestor even flew to Washington D.C. to attend the deposition of Andrew Clubok on May 22, 2017.  On May 9, 2017, Ms. Nestor also attended mediation in this case.

On May 24, 2017, Mr. Goldstein moved to withdraw as Ms. Nestor's counsel, but failed to set his motion for hearing.  When Mr. Goldstein still had not set his motion for hearing by June 2, 2017, the Curator set the matter for hearing for June 13, 2017.  The Court granted Mr. Goldstein's

---

[6] Ms. Rutecki was provided a copy and she has thus far refused to sign or have her client sign the stipulation.

Motion to Withdraw without a hearing on June 8, 2017.  That same day, Ms. Rutecki, Nestor's current counsel, contacted Hayley Harrison, counsel for the Curator, to advise that she may be coming in as Ms. Nestor's counsel and discuss outstanding discovery that had been served on Ms. Nestor.  That same day, Ms. Harrison sent Ms. Rutecki all outstanding discovery, as well as the Case Management Order.  Ms. Rutecki waited until June 27, 2017, **three days before discovery closed**, to formally ask that all case management deadlines be moved.[7]  When the Curator asked what discovery Ms. Rutecki intended to take, that would require extension of the discovery cut-off, per CBL Rule § 6.4, Ms. Rutecki hedged, and failed to respond, per the emails attached hereto as **Exhibit "F."**

Hearing no response from Ms. Rutecki, and seeing no motion to extend the discovery deadline before it lapsed, the Curator served his Expert Witness Disclosures and Reports per the Case Management Order on June 30, 2017.  On July 11, 2017, after numerous emails in the interim asking Ms. Rutecki what discovery she intended to take, undersigned counsel and Ms. Rutecki spoke by phone at approximately 3:15 p.m. During that call, following repeated requests for information, Ms. Rutecki stated that it was her intention to conduct **10-12 depositions** of various

---

[7] In the interim, as a result of *pro se* objections that Ms. Nestor had filed against subpoenas directed to the Estate's former counsel and accountants, those depositions had to be postponed from their original dates in early June.  The Curator set a hearing on these objections before the discovery period had lapsed, but because Ms. Nestor was unrepresented by counsel, the Magistrate deferred ruling on them. Therefore, despite his best efforts to resolve these issues before the close of discovery, the Curator was forced to file an Emergency Motion to Extend Deadline to Conduct and Conclude Fact Discovery For Limited Purpose of Conducting Two Previously Noticed Depositions.  Ms. Nestor repeatedly refers to her generous agreement to this Motion, even though that agreement was only procured *after* the Curator was forced to file the Motion as opposed. In that same correspondence on June 27, 2017, Ms. Rutecki confirmed that she would be available at a hearing on July 11, 2017 on Ms. Nestor's objections to the subpoenas, per the correspondence attached hereto as **Exhibit "E."**  At the hearing, however, Ms. Rutecki's associate appeared and stated (for the first time) that Ms. Nestor needed more time before her objections could be ruled upon by the Magistrate because counsel was still getting up to speed.

individuals, including the Curator.[8] Following the call, Ms. Rutecki sent correspondence to the undersigned attached hereto as **Exhibit "G"** essentially admitting that she does not even know what discovery she wants to take, if any, stating: "And I advised I would be reviewing the entire file *to see what depositions need to in fact go forward, and in what order and what other discovery if any would be needed* since Ms [sic] Nestor did not have Mr [sic] Goldstein to rely on when she had paid him and retained him to represent her in this matter."  (emphasis added).

## LEGAL ARGUMENT

CBL Rule 6.4 states:

> **Extension of the Discovery Period or Request for Additional Discovery**: **Motions seeking an extension of the discovery period** or permission to take more discovery than is permitted under the Case Management Order **shall be presented with specific information about the reason why extension is necessary and proposed dates for those events to occur which have been the subject of meet and confer among counsel and which should be raised prior to the expiration of the time within which discovery is required to be completed.** Such motions must set forth good cause justifying the additional time or additional discovery and will only be granted upon such a showing of good cause and that the parties have diligently pursued discovery. If extension is sought for purposes of taking depositions, specific proposed dates should be included in the motion and any proposed order. Any extension requested must not compromise the firm dates scheduled: Daubert and Dispositive motion deadlines, final pretrial conference deadline and trial date. (**Emphasis added**).

Florida Rule of Civil Procedure 1.090 states that, "When an act is required…to be done…within a specified time by order of court…for cause shown the court at any time in its discretion… (2) upon motion made and notice after the expiration of the specified period may permit the act to be done when the failure to act was the result of excusable neglect…"  Ms. Nestor failed to move for an

---

[8] For context, the Curator and Fidelity have deposed a total of 9 people in this case.  According to the Motion, Ms. Nestor intends to take more than double the number of depositions taken by the parties to this case.

enlargement of time of the discovery period before its expiration, and has not shown excusable neglect in waiting 11 days after the discovery cut off to file her motion.

Per the correspondence attached as **Exhibit "F,"** the Curator may have entertained some limited extension of discovery, had Ms. Nestor complied with her obligations under the CBL Rules and the Case Management Order. Ms. Nestor was aware of the rules and deadlines, and, as is her pattern, ignored them. Now Ms. Nestor is in a frantic dash to extend the discovery deadline (and seemingly all deadlines) by six months, after the deadline has passed, claiming that her former counsel was allegedly ineffective. Yet Ms. Nestor hired Mr. Goldstein with open eyes, and was aware of his health problems at least five months before she was made a party to this case, and retained him as his counsel. Additionally, Ms. Nestor has been an active participant in Fidelity's defense of the Curator's claims (with and without Mr. Goldstein) even before the Complaint was filed. While Mr. Goldstein was representing her, he had no issue appearing on her behalf, when it advanced her cause.[9] Other than in his motion to withdraw, the only time that Mr. Goldstein's health issues were ever made an issue in this case, were when he disappeared from a deposition that Ms. Nestor clearly wanted no part of. At no other time were Mr. Goldstein's health issues raised in this case as a reason for delay.

---

[9] For instance, when he filed Ms. Nestor's motion for protective order on March 15, 2017, he was able to get the motion filed, and the Court on the phone within two hours of filing the motion. While the undersigned does not question Mr. Goldstein's health problems, Ms. Nestor's Motion implies that Mr. Goldstein's office has shuttered. This is not the case. On June 15, 2017, in an unrelated Federal Court litigation where Mr. Goldstein represents defendants, he filed a motion to disqualify counsel and requested a hearing on the same. *See Dietmar Dude v. Congress Plaza, LLC et al.*, Case No. 9:17-CV-80522-KAM, pending in the United States District Court for the Southern District of Florida at [D.E. 23]. Pursuant to that motion, Mr. Goldstein was ordered to appear before Magistrate Judge William Matthewman for an evidentiary hearing on July 11, 2017 at 1:30 p.m. *See* Case No. 9:17-CV-80522-KAM at [D.E. 26]. A copy of the court docket is attached hereto as **Exhibit "H."**

It is evident both from the Motion and from Ms. Rutecki's email attached as **Exhibit "G"** that Ms. Nestor still does not know what discovery she wants to take. In addition, she has not proposed any specific dates or what specific deadlines she wants to extend, and to what date, as required by CBL § 6.4, and she has not explained the basis for her need for an additional 6 months of discovery, other than the fact that the case was initiated 6 months before she was brought in as a party, and she thinks Mr. Goldstein did a bad job.  To the extent that Ms. Nestor now believes she has a counterclaim against the Curator, the deadlines for bringing any such claims lapsed on March 31, 2017, almost two months after Ms. Nestor became a party to this case.[10] It would be enormously prejudicial to the Curator for the Court to extend the deadline for her to bring claims against the Curator in this case at this late stage. Ms. Nestor had an opportunity to bring any of these claims within the period set forth in the Case Management Order, and did nothing.

While the Court has discretion to extend discovery deadlines per Rule 1.090, that discretion should not fall in favor of extending those deadlines when it will prejudice another party, and when there is no excusable neglect shown for the belated request.  Because no motion to extend the discovery deadline was filed before the expiration of the discovery cut-off, which was also the deadline for Plaintiff to disclose his expert witnesses, he disclosed them, as required by the Case Management Order.  The genie is, in essence out of the bottle, and there is no way to put it back. But if Ms. Nestor is successful in reopening discovery, she can tailor her discovery in an attempt to undermine the factual bases underlying Plaintiff's expert's opinions.  This is improper.  As the Court stated in *Pipkin v. Hamer*:

> **Arguably—but we do not so say—the *Binger* prejudice test need not be independently applied when, as here, a party has flouted**

---

[10] This is assuming, *arguendo*, that any of Nestor's purported claims against the Curator are properly brought in this Court, as opposed to the Probate Court.  As set forth above, any claim that Nestor purportedly has against the Curator must be brought in the Probate Court.

**an order which set reasonable deadlines** for divulging the nature of expert testimony to be placed in evidence **and for completion of discovery**. **Be that as it may, we think it clear that here plaintiffs would have been prejudiced by admission into evidence of last minute expert opinion; and the alternative—to continue the trial—would have been unfair both to the plaintiffs, who had assiduously complied with the trial order**, and to other litigants before the court, which doubtless had a congested calendar. **Counsel who disobeys a trial order which was entered months earlier, and whose nature and content could have come as no surprise even at that early time—for it is apparently the standard procedure of that court—should not be rewarded for his conduct**. *Pipkin v. Hamer*, 501 So. 2d 1365, 1370 (Fla. 4th DCA 1987). (**Emphasis added**).

Nestor had every right to take discovery while the discovery period was open, and in fact, she did. Whether or not Nestor's current counsel believes that discovery was sufficient or effective, should not now become the Curator's issue. But if the deadlines in this case are extended, as requested, it will unduly prejudice not only the Plaintiff, but also the Estate and its creditors.

"Certainly, if prejudice can be cured efficiently, then it should." *Grau v. Branham*, 626 So. 2d 1059, 1062 (Fla. 4th DCA 1993). "But [Ms. Nestor] takes [her] own risk in adopting an ambush strategy and should not profit from [her] own wrongdoing…The wrongs of the attorney should not harm the innocent [Plaintiff] who in good faith engaged in discovery and conducted the trial by the rules." *Id.* The clock has run out for Ms. Nestor. That Ms. Nestor now regrets her choice of counsel and strategy should not prejudice the Curator. What's more, Ms. Rutecki and Ms. Nestor sat on their hands for more than a month before seeking the relief sought in the Motion during which time both the Curator and Fidelity completed their discovery and the Curator disclosed his experts. As a result, the Motion should be denied in its entirety.

If, however, the Court is inclined to provide Ms. Nestor with an extension, the Curator asks that the Court modify deadlines as follows: 1) only extend the discovery deadline for Ms. Nestor through August 30, 2017, with the proviso that the Curator and Fidelity may question any

witnesses Ms. Nestor deposes and supplement or amend their expert witness disclosures; 2) the deadline for Ms. Nestor to disclose any experts will be August 30, 2017; and 3) the deadline for rebuttal expert reports from any party will be September 15, 2017.  No other deadlines should be impacted, including the trial date.   Additionally, because of Ms. Nestor's history of either terminating counsel or having them withdraw, the Curator requests that any extension be conditioned on Ms. Rutecki stipulating that she will not withdraw as counsel for Ms. Nestor until the conclusion of trial or, alternatively, that no matter whether Ms. Rutecki is in or out as counsel, no further extensions will be granted.[11]

WHEREFORE, Plaintiff respectfully requests that the Court enter an order denying the Motion in its entirety, or, in the alternative, if the Court is inclined to grant the Motion, Plaintiff respectfully requests that the Court modify the deadlines, and grant the relief as set forth in the paragraph above.

---

[11] Since the Curator was appointed on June 9, 2015, Ms. Nestor has had 10 attorneys (including Ms. Rutecki) appear for her in this matter, the Probate Case, numerous bankruptcies, and numerous appeals.

Dated: July 12, 2017.

BAST AMRON LLP
*Co-Special Counsel for the Curator*
SunTrust International Center
One Southeast Third Ave., Suite 1400
Miami, Florida 33131
Telephone: 305.379.7904
Facsimile: 305.379.7905
Brett M. Amron (FBN 148342)
E-mail:  bamron@bastamron.com
Jeremy S. Korch (FBN 14471)
E-mail:  jkorch@bastamron.com
Hayley G. Harrison (FBN 105157)
E-mail:  hharrison@bastamron.com

-And-

The Cochran Firm – South Florida
*Co-Special Counsel for the Curator*
657 South Drive, Suite 304
Miami Springs, FL 33166
Telephone: 305.567.1200
Facsimile: 305.856.7747
Scott W. Leeds (FBN 372552)
E-mail: swleeds@cochranfirm.com

By: */s/ Brett M. Amron*
      Brett M. Amron (FBN 148342)
      Jeremy S. Korch (FBN 14471)
      Hayley G. Harrison (FBN 105157)
      Scott W. Leeds (FBN 372552)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court via Florida Courts E-Filing Portal which will serve a copy upon the parties listed on the Service List below on this the 12th day of July, 2017:

## SERVICE LIST

| | |
|---|---|
| William H. Strop<br>Ryan F. Carpenter<br>*Attorneys for Fidelity and Deposit Company of Maryland*<br>**BECKER & POLIAKOFF, P.A.**<br>One East Broward Boulevard, Suite 1800<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 987-7550<br>Facsimile: (954) 985-4176<br>Email: wstrop@bplegal.com<br>rcarpenter@bplegal.com<br>sgill@bplegal.com | Heather A. Rutecki, Esq.<br>*Attorney for Brenda D. Nestor*<br>**RUTECKI & ASSOCIATES, P.A.**<br>2 South Biscayne Boulevard, Suite 3760<br>Miami, Florida 33131<br>Telephone: (305) 423-4999<br>Facsimile: (305) 428-4998<br>Email: hrutecki@ruteckiandassociates.com<br>jpalmer@ruteckiandassociates.com |

By:    */s/ Brett M. Amron*
         Brett M. Amron, Esq.

# EXHIBIT A

## ESTATE OF VICTOR POSNER v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND

**F&D's Amended Privilege Log**

Miami-Dade Circuit Court Case No. 16-21099-CA-40

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|-------|---------|------|------|-----|-----|----------------------|--------------|
| F&D-000115 | Email | 7/15/14 2:40PM | Dale Gorsuch, F&D | Andrew Clubok, Esq. | | Tracy Posner Ward and Melody Lane Ward claims | Attorney/Client |
| F&D-000122 | Email | 2/5/16 1:01PM | Myra Manning, F&D | Terri McDaniels, F&D | | Posner/Nestor - Bond CFB 8315657 Documents | Work Product |
| F&D-000125 | Email | 9/15/16 10:47AM | Marie Floyd, F&D | Terri McDaniels, F&D | | Investigation into defenses to Curator's claims; responses to Curator's discovery requests | Work Product |
| F&D-000130 | Email | 6/28/14 12:26PM | Dale Gorsuch, F&D | Andrew Clubok, Esq. Norman Fleisher, Esq. | | Tracy Posner Ward and Melody Lane Ward claims | Attorney/Client |
| F&D-000134 | Email | 2/2/16 4:01PM 2/2/16 1:13PM | Mark Letourneau, F&D Myra M. Manning, F&D | Dennis Hayden, F&D Mark Letourneau, F&D | Myra Manning, F&D | FW: Posner, Victor - NOT - 2015-7-20 Notice of Appearance (LT 02-595).PDF  CFB 8615657 Brenda Nestor $23,100,000 ***NOTE: Redacted email string produced | Work Product |
| F&D-000144 | Email | 2/5/16 10:26AM 2/5/16 9:37AM 2/5/16 8:08AM 2/4/16 7:00PM | Dennis Hayden, F&D Mark Letourneau, F&D Hazel Fambro, F&D Michal Kaplon, F&D | Terri McDaniels, F&D Dennis Hayden, F&D Marie Floyd, F&D Hazel Fambro, F&D | Michal Kaplon, F&D | Fw: Posner - COR - Bond CFB 8315657 - invoices Claim 6380066272 ***NOTE: Redacted email string produced | Work Product |
| F&D-000153 | Email | 8/1/14 5:43PM | Andrew Clubok, Esq. | Dale Gorsuch, F&D | | Tracy Posner Ward and Melody Lane Ward claims | Attorney/Client |
| F&D-000161 | Email | 9/24/14 2:10PM | Terri McDaniels, F&D | Andrew Clubok, Esq. | | PR Bond - Brenda Nestor | Attorney/Client |
| F&D-000162 | Email | 7/10/14 1:07PM | Dale Gorsuch, F&D | Andrew Clubok, Esq. | | Tracy Posner Ward and Melody Lane Ward claims | Attorney/Client |
| F&D-000168 | Email | 4/26/14 12:04PM | Mary Jean Pethick, F&D | Mark Letourneau, F&D | | Tracy Posner Ward and Melody Lane Ward claims | Work Product |
| F&D-000295 | Email | 9/29/14 9:49AM | William Strop, Esq. | Andrew Clubok, Esq. | Sylvia Gill, B&P Vennese Gordon, B&P | Tracy Posner Ward and Melody Lane Ward claims | Settlement / Common Interest |
| F&D-000296 | Email | 9/29/14 1:34PM | Andrew Clubok, Esq. | William Strop, Esq. | Norman Fleischer, Esq. Vennese Gordon, B&P John Schulte, Esq. | Tracy Posner Ward and Melody Lane Ward claims; appeal | Settlement / Common Interest |
| F&D-000297 | Attachment | 9/29/14 1:34PM | Andrew Clubok, Esq. | William Strop, Esq. | Norman Fleischer, Esq. Vennese Gordon, B&P John Schulte | Appellants' Initial Brief | Produced |
| F&D-000317 | Attachment | 9/29/14 1:34PM | Andrew Clubok, Esq. | William Strop, Esq. | Norman Fleischer, Esq. Vennese Gordon, B&P John Schulte, Esq. | Appellant's Request for Oral Argument | Produced |
| F&D-000319 | Attachment | 9/29/14 1:34PM | Andrew Clubok, Esq. | William Strop, Esq. | Norman Fleischer, Esq. Vennese Gordon, B&P John Schulte, Esq. | Appendix to Initial Brief of Appellants | Produced |
| F&D-000390 | Email | 9/29/14 1:43PM | William Strop, Esq. | Andrew Clubok, Esq. | Norman Fleischer, Esq. Vennese Gordon, B&P John Schulte, Esq. Sylvia Gill, B&P | Tracy Posner Ward and Melody Lane Ward claims; appeal | Settlement / Common Interest |
| F&D-000391 | Email | 12/15/14 5:51PM | Kenn Goff, Esq. | Andrew Clubok, Esq. | William Strop, Esq. Sylvia Gill, B&P Ana Ziade, B&P | Tracy Posner Ward and Melody Lane Ward claims; appeal | Settlement / Common Interest |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|---|---|---|---|---|---|---|---|
| F&D-000392 | Email | 12/15/14 10:52PM | Andrew Clubok, Esq. | Kenn Goff, Esq. | William Strop, Esq. Sylvia Gill, B&P Ana Ziade, B&P | Tracy Posner Ward and Melody Lane Ward claims; appeal | Settlement / Common Interest |
| F&D-000393 | Email | 5/06/15 1:10PM | William Strop, Esq. | Andrew Clubok, Esq. | Sylvia Gill, B&P | Appeal of Tracy Posner Ward and Melody Ward claim judgment | Settlement / Common Interest |
| F&D-000394 | Email | 5/11/15 2:19PM | Vannese Gordan, B&P | Jennifer Felder, K&E | William Strop, Esq. Sylvia Gill, B&P Andrew Clubok, Esq. | Appeal of Tracy Posner Ward and Melody Ward claim judgment | Settlement / Common Interest |
| F&D-000395 | Email | 5/12/15 12:23PM | Jennifer Felder, Esq. | Vennese Gordon, B&P | William Strop, Esq. Andrew Clubok, Esq. Sylvia Gill, B&P | Appeal of Tracy Posner Ward and Melody Ward claim judgment | Settlement / Common Interest |
| F&D-000397 | Attachment | 5/12/15 12:23PM | Jennifer Felder, Esq. | Vennese Gordon, B&P | William Strop, Esq. Andrew Clubok, Esq. Sylvia Gill, B&P | Third District Court of Appeal Opinion | Produced |
| F&D-000404 | Email | 4/1/16 1:03PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | Sylvia Gill, B&P | Meeting with Brenda Nestor | Settlement / Common Interest |
| F&D-000405 | Email | 4/5/16 1:07PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq. Jeremy Sahn, Esq. Sylvia Gill, B&P | Meeting with Brenda Nestor | Settlement / Common Interest |
| F&D-000406 | Attachment | 4/5/16 1:07PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq. Jeremy Sahn, Esq. Sylvia Gill, B&P | Second Amended Petition to Recover on Administrator's Bond | Produced |
| F&D-000441 | Attachment | 4/5/16 1:07PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq. Jeremy Sahn, Esq. Sylvia Gill, B&P | Amended Petition | Produced |
| F&D-000451 | Attachment | 4/5/16 1:07PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq. Jeremy Sahn, Esq. Sylvia Gill, B&P | Order Removing Personal Representative and Providing for Appointment of Sucessor | Produced |
| F&D-000459 | Email | 4/7/16 6:38AM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq. Jeremy Sahn, Esq. Sylvia Gill, B&P | Meeting with Brenda Nestor | Settlement / Common Interest |
| F&D-000461 | Email | 4/8/16 5:21PM | Andrew Clubok, Esq. | Ryan Carpenter, Esq. | Jennifer Felder, K&E William Strop, Esq. Jeremy Sahn, Esq. Sylvia Gill, B&P | Meeting with Brenda Nestor | Settlement / Common Interest |
| F&D-000464 | Email | 4/11/16 8:52AM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | Jennifer Felder, K&E William Strop, Esq. Jeremy Sahn, Esq. Sylvia Gill, B&P | Meeting with Brenda Nestor | Settlement / Common Interest |
| F&D-000468 | Email | 4/11/16 3:13PM | Andrew Clubok, Esq. | Ryan Carpenter, Esq. Jennifer Felder, K&E | William Strop, Esq. Jeremy Sahn, Esq. Sylvia Gill, B&P | Meeting with Brenda Nestor | Settlement / Common Interest |
| F&D-000472 | Email | 4/13/16 11:11AM | Andrew Clubok, Esq. | Sylvia Gill, B&P | | Meeting with Brenda Nestor | Settlement / Common Interest |
| F&D-000473 | Email | 4/13/16 11:26AM | Sylvia Gill, B&P | Andrew Clubok, Esq. | William Strop, Esq. Ryan Carpenter, Esq. Jeremy Sahn, Esq. | Meeting with Brenda Nestor | Settlement / Common Interest |
| F&D-000474 | Email | 4/13/16 11:29AM | Andrew Clubok, Esq. | Sylvia Gill, B&P | William Strop, Esq. Ryan Carpenter, Esq. Jeremy Sahn, Esq. | Meeting with Brenda Nestor | Settlement / Common Interest |
| F&D-000476 | Email | 4/13/16 12:01PM | Andrew Clubok, Esq. | William Strop, Esq. Sylvia Gill, B&P | Ryan Carpenter, Esq. Jeremy Sahn, Esq. | Meeting with Brenda Nestor | Settlement / Common Interest |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|---|---|---|---|---|---|---|---|
| F&D-000478 | Email | 4/14/16 3:01PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Jennifer Felder, K&E<br>Sylvia Gill, B&P | Meeting with Brenda Nestor | Settlement /<br>Common Interest |
| F&D-000479 | Email | 4/14/16 3:06PM | Andrew Clubok, Esq. | Ryan Carpenter, Esq. | William Strop, Esq.<br>Jennifer Felder, K&E<br>Sylvia Gill, B&P | Meeting with Brenda Nestor | Settlement /<br>Common Interest |
| F&D-000481 | Email | 4/14/16 3:08PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Felder, K&E | Meeting with Brenda Nestor | Settlement /<br>Common Interest |
| F&D-000483 | Email | 4/14/16 3:14PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Felder, K&E | Meeting with Brenda Nestor | Settlement /<br>Common Interest |
| F&D-000485 | Email | 4/14/16 3:46PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Jeremy Sahn, Esq.<br>Sylvia Gill, B&P<br>Jennifer Felder, K&E | Meeting with Brenda Nestor | Settlement /<br>Common Interest |
| F&D-000487 | Email | 8/10/16 9:48AM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Jeremy Sahn, Esq.<br>Sylvia Gill, B&P<br>Jennifer Felder, K&E | Brenda Nestor's defense | Settlement /<br>Common Interest |
| F&D-000491 | Email | 8/16/16 10:57AM | Sylvia Gill, B&P | Andrew Clubok, Esq. | William Strop, Esq.<br>Ryan Carpenter, Esq. | Curator's claims | Settlement /<br>Common Interest |
| F&D-000492 | Attachment | 8/16/16 10:57AM | Sylvia Gill, B&P | Andrew Clubok, Esq. | William Strop, Esq.<br>Ryan Carpenter, Esq. | Correspondence to Andrew Clubok, Esq.<br>regarding Curator's claims | Settlement /<br>Common Interest |
| F&D-000575 | Email | 8/30/16 6:56PM | Andrew Clubok, Esq. | William Strop, Esq. | Ryan Carpenter, Esq.<br>Sylvia Gill, B&P | Meeting with Brenda Nestor | Settlement /<br>Common Interest |
| F&D-000576 | Email | 8/31/16 8:43AM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Felder, K&E | Curator's allegations regarding Windmill Reserve | Settlement /<br>Common Interest |
| F&D-000577 | Attachment | 8/31/16 8:43AM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Felder, K&E | Windmill Reserve transactions | Settlement /<br>Common Interest |
| F&D-000640 | Email | 8/31/16 11:19AM | Andrew Clubok, Esq. | Ryan Carpenter, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Felder, K&E | Meeting with Brenda Nestor | Settlement /<br>Common Interest |
| F&D-000642 | Email | 8/31/16 11:54AM | Ryan Carpenter, Esq. | Andrew Clubok, Esq.<br>William Strop, Esq. | Sylvia Gill, B&P<br>Jennifer Felder, K&E | Meeting with Brenda Nestor | Settlement /<br>Common Interest |
| F&D-000644 | Email | 8/31/16 12:01PM | Andrew Clubok, Esq. | William Strop, Esq.<br>Ryan Carpenter, Esq. | Sylvia Gill, B&P<br>Jennifer Felder, K&E | Meeting with Brenda Nestor | Settlement /<br>Common Interest |
| F&D-000647 | Email | 8/31/16 12:06PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq.<br>William Strop, Esq. | Sylvia Gill, B&P<br>Jennifer Felder, K&E | Meeting with Brenda Nestor | Settlement /<br>Common Interest |
| F&D-000650 | Email | 8/31/16 12:35PM | Andrew Clubok, Esq. | William Strop, Esq.<br>Ryan Carpenter, Esq. | Sylvia Gill, B&P<br>Jennifer Felder, K&E | Meeting with Brenda Nestor | Settlement /<br>Common Interest |
| F&D-000653 | Email | 8/31/16 12:38PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Felder, K&E | Meeting with Brenda Nestor | Settlement /<br>Common Interest |
| F&D-000657 | Attachment | 8/31/16 12:38PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Felder, K&E | Curator's Complaint against F&D | Produced |
| F&D-000739 | Attachment | 8/31/16 12:38PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Felder, K&E | Motion to Show Cause Why Brenda Nestor<br>Should Not Be Held in Contempt for Violating<br>Court Orders | Produced |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|---|---|---|---|---|---|---|---|
| F&D-000842 | Email | 8/31/16 2:14PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq. Sylvia Gill, B&P Jennifer Felder, K&E | Meeting with Brenda Nestor | Settlement / Common Interest |
| F&D-000846 | Email | 8/31/16 3:48PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq. Sylvia Gill, B&P | Estate's dispute with IRS | Settlement / Common Interest |
| F&D-000847 | Attachment | 8/31/16 3:48PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq. Sylvia Gill, B&P | Tax Court docket | Produced |
| F&D-000852 | Email | 9/8/16 5:32PM | Thomas Evans, Esq. | Ryan Carpenter, Esq. | William Strop, Esq. Andrew Clubok, Esq. Sylvia Gill, B&P | Curator's Accounting and Estate's dispute with IRS | Settlement / Common Interest |
| F&D-000855 | Email | 9/13/16 4:53AM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. William Strop, Esq. | Sylvia Gill, B&P | Estate's dispute with IRS | Settlement / Common Interest |
| F&D-000856 | Email | 9/13/16 9:49AM | Andrew Clubok, Esq. | Sylvia Gill, B&P | William Strop, Esq. Ryan Carpenter, Esq. | Estate's dispute with IRS | Settlement / Common Interest |
| F&D-000857 | Email | 9/13/16 9:51AM | Sylvia Gill, B&P | Andrew Clubok, Esq. | | Estate's dispute with IRS | Settlement / Common Interest |
| F&D-000858 | Email | 9/13/16 9:54AM | Andrew Clubok, Esq. | Sylvia Gill, B&P | | Estate's dispute with IRS | Settlement / Common Interest |
| F&D-000860 | Email | 9/15/16 3:02PM | Andrew Clubok, Esq. | William Strop, Esq. | Ryan Carpenter, Esq. Sylvia Gill, B&P. Jennifer Felder, K&E Thomas Evans, Esq. | Estate's dispute with IRS | Settlement / Common Interest |
| F&D-000862 | Email | 9/16/16 4:55pm | Andrew Clubok, Esq. | William Strop, Esq. | Ryan Carpenter, Esq. Sylvia Gill, B&P Thomas Evans, Esq. Brenda Nestor Jennifer Levy, Esq. | Estate's dispute with IRS | Settlement / Common Interest |
| F&D-000864 | Attachment | 9/16/16 4:55pm | Andrew Clubok, Esq. | William Strop, Esq. | Ryan Carpenter, Esq. Sylvia Gill, B&P Thomas Evans, Esq. Brenda Nestor Jennifer Levy, Esq. | IRS Computations | Produced |
| F&D-000895 | Attachment | 9/16/16 4:55pm | Andrew Clubok, Esq. | William Strop, Esq. | Ryan Carpenter, Esq. Sylvia Gill, B&P Thomas Evans, Esq. Brenda Nestor Jennifer Levy, Esq. | Estate Supplemental Tax Return | Produced |
| F&D-000959 | Attachment | 9/16/16 4:55pm | Andrew Clubok, Esq. | William Strop, Esq. | Ryan Carpenter, Esq. Sylvia Gill, B&P Thomas Evans, Esq. Brenda Nestor Jennifer Levy, Esq. | IRS Notice of Deficiency | Produced |
| F&D-001060 | Attachment | 9/16/16 4:55pm | Andrew Clubok, Esq. | William Strop, Esq. | Ryan Carpenter, Esq. Sylvia Gill, B&P Thomas Evans, Esq. Brenda Nestor Jennifer Levym, Esq. | Estate Tax Return (Part 1 of 6) | Produced |
| F&D-001086 | Attachment | 9/16/16 4:55pm | Andrew Clubok, Esq. | William Strop, Esq. | Ryan Carpenter, Esq. Sylvia Gill, B&P Thomas Evans, Esq. Brenda Nestor Jennifer Levy, Esq. | Estate Tax Return (Part 2 of 6) | Produced |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|---|---|---|---|---|---|---|---|
| F&D-001130 | Attachment | 9/16/16 4:55pm | Andrew Clubok, Esq. | William Strop, Esq. | Ryan Carpenter, Esq.<br>Sylvia Gill, B&P<br>Thomas Evans, Esq.<br>Brenda Nestor<br>Jennifer Levy | Estate Tax Return (Part 3 of 6) | Produced |
| F&D-001156 | Attachment | 9/16/16 4:55pm | Andrew Clubok, Esq. | William Strop, Esq. | Ryan Carpenter, Esq.<br>Sylvia Gill, B&P<br>Thomas Evans, Esq.<br>Brenda Nestor<br>Jennifer Levy, Esq. | Estate Tax Return (Part 4 of 6) | Produced |
| F&D-001190 | Attachment | 9/16/16 4:55pm | Andrew Clubok, Esq. | William Strop, Esq. | Ryan Carpenter, Esq.<br>Sylvia Gill, B&P<br>Thomas Evans, Esq.<br>Brenda Nestor<br>Jennifer Levy, Esq. | Estate Tax Return (Part 5 of 6) | Produced |
| F&D-001216 | Attachment | 9/16/16 4:55pm | Andrew Clubok, Esq. | William Strop, Esq. | Ryan Carpenter, Esq.<br>Sylvia Gill, B&P<br>Thomas Evans, Esq.<br>Brenda Nestor<br>Jennifer Levy, Esq. | Estate Tax Return (Part 6 of 6) | Produced |
| F&D-001252 | Email | 9/16/16 5:01PM | Brenda Nestor | Andrew Clubok, Esq. | William Strop, Esq.<br>Ryan Carpenter, Esq.<br>Sylvia Gill, B&P<br>Thomas Evans, Esq.<br>Jennifer Levy, Esq. | Copies of documents for review | Settlement /<br>Common Interest |
| F&D-001254 | Email | 9/20/16 12:52PM | Ryan Carpenter, Esq. | Brenda Nestor | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Levy, Esq.<br>Andrew Clubok, Esq. | Copies of documents for review | Settlement /<br>Common Interest |
| F&D-001257 | Email | 9/20/16 1:20PM | Brenda Nestor | Ryan Carpenter, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Levy, Esq.<br>Andrew Clubok, Esq. | Copies of documents for review | Settlement /<br>Common Interest |
| F&D-001260 | Email | 9/20/16 2:34PM | Brenda Nestor | Ryan Carpenter, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Levy, Esq.<br>Andrew Clubok, Esq. | Copies of documents for review | Settlement /<br>Common Interest |
| F&D-001264 | Email | 9/20/16 2:27PM | Ryan Carpenter, Esq. | Brenda Nestor | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Levy, Esq.<br>Andrew Clubok, Esq. | Copies of documents for review | Settlement /<br>Common Interest |
| F&D-001269 | Email | 9/20/16 7:01PM | Ryan Carpenter, Esq. | Brenda Nestor | William Strop, Esq.<br>Sylvia Gill, B&P<br>Jennifer Levy, Esq.<br>Andrew Clubok, Esq. | Copies of documents for review | Settlement /<br>Common Interest |
| F&D-001274 | Email | 9/20/16 9:22pm | Brenda Nestor | Ryan Carpenter, Esq.<br>Andrew Clubok, Esq.<br>Jennifery Levy, Esq. | | Copies of documents for review | Settlement /<br>Common Interest |
| F&D-001276 | Email | 8/31/16 3:48pm | Andrew Clubok, Esq. | William Strop, Esq.<br>Ryan Carpenter, Esq. | Brenda Nestor | Tax Court Decision | Settlement /<br>Common Interest |
| F&D-001277 | Attachment | 8/31/16 3:48pm | Andrew Clubok, Esq. | William Strop, Esq.<br>Ryan Carpenter, Esq. | Brenda Nestor | Tax Court Decision | Produced |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|---|---|---|---|---|---|---|---|
| F&D-001279 | Email | 10/05/06 12:40PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Thomas Evans, Esq.<br>Brenda Nestor<br>Jennifer Levy, Esq.<br>Sylvia Gill, B&P | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001281 | Email | 10/05/16 2:44PM | Andrew Clubok, Esq. | Ryan Carpenter, Esq. | William Strop, Esq.<br>Thomas Evans, Esq.<br>Brenda Nestor<br>Jennifer Levy, Esq.<br>Sylvia Gill, B&P | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001284 | Email | 10/05/16 2:45PM | William Strop, Esq. | Andrew Clubok, Esq. | Ryan Carpenter, Esq.<br>Thomas Evans, Esq.<br>Brenda Nestor<br>Jennifer Levy, Esq.<br>Sylvia Gill, B&P | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001287 | Email | 10/05/16 2:46PM | William Strop, Esq. | Thomas Evans, Esq. | Andrew Clubok, Esq.<br>Ryan Carpenter, Esq.<br>Guy Novo, Esq.<br>Sylvia Gill, B&P | Response to Curator's Complaint | Settlement /<br>Common Interest |
|  |  | 10/05/16 2:20PM | Thomas Evans, Esq. | Sylvia Gill, B&P<br>Guy Novo, Esq. | Ryan Carpenter, Esq.<br>Andrew Clubok, Esq.<br>William Strop, Esq. |  |  |
|  |  | 10/05/16 2:04PM | Sylvia Gill, B&P | Guy Novo, Esq.<br>Thomas Evans, Esq. | William Strop, Esq.<br>Ryan Carpenter, Esq. |  |  |
| F&D-001289 | Email | 10/05/16 3:08PM | Brenda Nestor | William Strop, Esq. | Andrew Clubok, Esq.<br>Ryan Carpenter, Esq.<br>Thomas Evans, Esq.<br>Jennifer Levy, Esq.<br>Sylvia Gill, B&P | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001293 | Email | 10/07/16 10:26AM | Thomas Evans, Esq. | William Strop, Esq.<br>Ryan Carpenter, Esq.<br>Andrew Clubok, Esq.<br>Guy Novo, Esq.<br>James Mahon, Esq.<br>Sylvia Gill, B&P |  | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001295 | Email | 10/07/16 12:48PM | William Strop, Esq. | Thomas Evans, Esq. | Ryan Carpenter, Esq.<br>Andrew Clubok, Esq.<br>Guy Novo, Esq.<br>James Mahon, Esq.<br>Sylvia Gill, B&P | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001298 | Email | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq. | Guy Novo, Esq.<br>James Mahon, Esq.<br>Ryan Carpenter, Esq.<br>Brenda Nestor<br>Sylvia Gill, B&P | Response to Curator's Complaint | Settlement /<br>Common Interest |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|-------|---------|------|------|-----|-----|----------------------|--------------|
| F&D-001299 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq. Thomas Evans, Esq. | Guy Novo, Esq. James Mahon, Esq. Ryan Carpenter, Esq. Brenda Nestor Sylvia Gill, B&P | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001332 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq. Thomas Evans, Esq. | Guy Novo, Esq. James Mahon, Esq. Ryan Carpenter, Esq. Brenda Nestor Sylvia Gill, B&P | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001365 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq. Thomas Evans, Esq. | Guy Novo, Esq. James Mahon, Esq. Ryan Carpenter, Esq. Brenda Nestor Sylvia Gill, B&P | Ex. A - Affidavit of Brenda D. Nestor | Settlement / Common Interest |
| F&D-001368 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq. Thomas Evans, Esq. | Guy Novo, Esq. James Mahon, Esq. Ryan Carpenter, Esq. Brenda Nestor Sylvia Gill, B&P | Ex. A-1 - Documents Attached to Curator's Accounting Showing Transactions by Executives | Produced |
| F&D-001379 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq. Thomas Evans, Esq. | Guy Novo, Esq. James Mahon, Esq. Ryan Carpenter, Esq. Brenda Nestor Sylvia Gill, B&P | Ex. A-2 - Annual Reports Reflecting Nestor Was Executive at Time of Victor Posner's Death | Produced |
| F&D-001384 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq. Thomas Evans, Esq. | Guy Novo, Esq. James Mahon, Esq. Ryan Carpenter, Esq. Brenda Nestor Sylvia Gill, B&P | Ex. A-3 - 1996 Will | Produced |
| F&D-001405 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq. Thomas Evans, Esq. | Guy Novo, Esq. James Mahon, Esq. Ryan Carpenter, Esq. Brenda Nestor Sylvia Gill, B&P | Ex. A-4 - 2001 Will | Produced |
| F&D-001416 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq. Thomas Evans, Esq. | Guy Novo, Esq. James Mahon, Esq. Ryan Carpenter, Esq. Brenda Nestor Sylvia Gill, B&P | Ex. A-5 - Initial Tax Return (TAX-000001-TAX-000192) | Produced |
| F&D-001608 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq. Thomas Evans, Esq. | Guy Novo, Esq. James Mahon, Esq. Ryan Carpenter, Esq. Brenda Nestor Sylvia Gill, B&P | Ex. A-6 - Amended Tax Return (TAX-000193-TAX-000256) | Produced |
| F&D-001672 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq. Thomas Evans, Esq. | Guy Novo, Esq. James Mahon, Esq. Ryan Carpenter, Esq. Brenda Nestor Sylvia Gill, B&P | Ex. A-7 - IRS Notices of Deficiency (TAX-000257-TAX000357) | Produced |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|-------|---------|------|------|-----|-----|----------------------|--------------|
| F&D-001773 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq. | Guy Novo, Esq.<br>James Mahon, Esq.<br>Ryan Carpenter, Esq.<br>Brenda Nestor<br>Sylvia Gill, B&P | Ex. A-8 - Final IRS Computations (TAX-000358-TAX-000388) | Produced |
| F&D-001804 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq. | Guy Novo, Esq.<br>James Mahon, Esq.<br>Ryan Carpenter, Esq.<br>Brenda Nestor<br>Sylvia Gill, B&P | Ex. A-9 - Tax Court Decision (TAX-000389-TAX-000390) | Produced |
| F&D-001806 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq. | Guy Novo, Esq.<br>James Mahon, Esq.<br>Ryan Carpenter, Esq.<br>Brenda Nestor<br>Sylvia Gill, B&P | Ex. B - Tax Court Docket | Produced |
| F&D-001811 | Attachment | 10/12/16 4:41PM | William Strop, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq. | Guy Novo, Esq.<br>James Mahon, Esq.<br>Ryan Carpenter, Esq.<br>Brenda Nestor<br>Sylvia Gill, B&P | Ex. C - Asset Spreadsheet | Settlement /<br>Common Interest |
| F&D-001815 | Email | 10/12/16 5:14PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq. | Guy Novo, Esq.<br>James Mahon, Esq.<br>William Strop, Esq.<br>Brenda Nestor<br>Sylvia Gill, B&P | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001817 | Attachment | 10/12/16 5:14PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq. | Guy Novo, Esq.<br>James Mahon, Esq.<br>William Strop, Esq.<br>Brenda Nestor<br>Sylvia Gill, B&P | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001850 | Attachment | 10/12/16 5:14PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq. | Guy Novo, Esq.<br>James Mahon, Esq.<br>William Strop, Esq.<br>Brenda Nestor<br>Sylvia Gill, B&P | Affidavit of Brenda Nestor | Settlement /<br>Common Interest |
| F&D-001853 | Attachment | 10/12/16 5:14PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq. | Guy Novo, Esq.<br>James Mahon, Esq.<br>William Strop, Esq.<br>Brenda Nestor<br>Sylvia Gill, B&P | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001886 | Attachment | 10/12/16 5:14PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq. | Guy Novo, Esq.<br>James Mahon, Esq.<br>William Strop, Esq.<br>Brenda Nestor<br>Sylvia Gill, B&P | Affidavit of Brenda Nestor | Settlement /<br>Common Interest |
| F&D-001889 | Email | 10/12/16 8:40PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001890 | Attachment | 10/12/16 8:40PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001892 | Email | 10/12/16 8:52PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001893 | Attachment | 10/12/16 8:52PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement /<br>Common Interest |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|-------|---------|------|------|----|----|----------------------|--------------|
| F&D-001901 | Email | 10/12/16 8:59PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001902 | Attachment | 10/12/16 8:59PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001903 | Email | 10/12/16 9:03PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001904 | Attachment | 10/12/16 9:03PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001905 | Email | 10/12/16 9:05PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001906 | Attachment | 10/12/16 9:05PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001907 | Email | 10/12/16 9:08PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001908 | Attachment | 10/12/16 9:08PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001909 | Email | 10/12/16 9:09PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001910 | Attachment | 10/12/16 9:09PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001911 | Email | 10/12/16 9:14PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001912 | Attachment | 10/12/16 9:14PM | Brenda Nestor | Ryan Carpenter, Esq. | | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001913 | Email | 10/13/16 8:21AM | Brenda Nestor | Ryan Carpenter, Esq. | Andrew Clubok, Esq. Thomas Evans, Esq. Jennifer Levy, Esq. William Strop, Esq. Sylvia Gill, B&P | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001916 | Email | 10/13/16 9:07AM | William Strop, Esq. | Brenda Nestor Ryan Carpenter, Esq. | Andrew Clubok, Esq. Thomas Evans, Esq. Jennifer Levy, Esq. Sylvia Gill, B&P | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001919 | Email | 10/13/16 9:46AM | Brenda Nestor | William Strop, Esq. | Andrew Clubok, Esq. Ryan Carpenter, Esq. Thomas Evans, Esq. Jennifer Levy, Esq. Sylvia Gill, B&P | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001922 | Email | 10/13/16 9:46AM | William Strop, Esq. | Brenda Nestor | Andrew Clubok, Esq. Thomas Evans, Esq. Jennifer Levy, Esq. Ryan Carpenter, Esq. Sylvia Gill, B&P | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001925 | Email | 10/13/16 9:52AM | Andrew Clubok, Esq. | William Strop, Esq. | Thomas Evans, Esq. Jennifer Levy, Esq. Ryan Carpenter, Esq. Sylvia Gill, B&P | Response to Curator's Complaint | Settlement / Common Interest |
| F&D-001929 | Email | 10/13/16 9:52AM | William Strop, Esq. | Andrew Clubok, Esq. | Ryan Carpenter, Esq. Thomas Evans, Esq. Jennifer Levy, Esq. Sylvia Gill, B&P | Response to Curator's Complaint | Settlement / Common Interest |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|---|---|---|---|---|---|---|---|
| F&D-001933 | Email | 10/13/16 10:18AM | William Strop, Esq. | Brenda Nestor<br>Ryan Carpenter, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq.<br>Jennifer Levy, Esq.<br>Sylvia Gill, B&P | Affidavit of Brenda Nestor | Settlement /<br>Common Interest |
| F&D-001936 | Email | 10/13/16 4:56PM | Guy Novo, Esq. | Ryan Carpenter, Esq.<br>William Strop, Esq.<br>Sylvia Gill, Esq.<br>Thomas Evans, Esq.<br>Andrew Clubok, Esq. | | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001937 | Attachment | 10/13/16 4:56PM | Guy Novo, Esq. | Ryan Carpenter, Esq.<br>William Strop, Esq.<br>Sylvia Gill, Esq.<br>Thomas Evans, Esq.<br>Andrew Clubok, Esq. | | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001972 | Email | 10/16/16 2:31PM | Brenda Nestor | Sylvia Gill, B&P | Andrew Clubok, Esq.<br>Jennifer Felder, K&E<br>William Strop, Esq.<br>Ryan Carpenter, Esq.<br>Thomas Evans, Esq. | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001976 | Email | 10/16/16 2:40PM | Brenda Nestor | Sylvia Gill, B&P | Andrew Clubok, Esq.<br>Jennifer Felder, K&E<br>William Strop, Esq. | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001979 | Email | 10/16/16 11:33PM | Brenda Nestor | Sylvia Gill, B&P | Andrew Clubok, Esq.<br>Jennifer Felder, K&E<br>William Strop, Esq. | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001983 | Email | 10/17/16 3:19PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq.<br>Brenda Nestor | William Strop, Esq.<br>Sylvia Gill, B&P | Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-001984 | Attachment | 10/17/16 3:19PM | Ryan Carpenter, Esq. | Andrew Clubok, Esq.<br>Thomas Evans, Esq.<br>Brenda Nestor | William Strop, Esq.<br>Sylvia Gill, B&P | Response to Curator's Complaint | Produced |
| F&D-002467 | Email | 10/18/16 7:37AM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P | Settlement Communications and Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-002468 | Attachment | 10/18/16 7:37AM | Ryan Carpenter, Esq. | Andrew Clubok, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P | Settlement Communications and Response to Curator's Complaint | Settlement /<br>Common Interest |
| F&D-002477 | Email | 11/14/16 7:58AM | Brenda Nestor | William Strop, Esq. | | Settlement Agreement | Settlement /<br>Common Interest |
| F&D-002478 | Attachment | 11/14/16 7:58AM | Brenda Nestor | William Strop, Esq. | | 06-26-06 Settlement Agreement | |
| F&D-002512 | Attachment | 11/14/16 7:58AM | Brenda Nestor | William Strop, Esq. | | System-generated text file | Not relevant |
| F&D-002513 | Email | 11/15/16 8:19PM | Brenda Nestor | William Strop, Esq. | | Estate's dispute with IRS | Settlement /<br>Common Interest |
| F&D-002518 | Email | 11/15/16 7:05PM | Brenda Nestor | William Strop, Esq. | | Settlement Agreement | Settlement /<br>Common Interest |
| F&D-002519 | Attachment | 11/15/16 7:05PM | Brenda Nestor | William Strop, Esq. | | Steven Posner Global Settlement Agreement | |
| F&D-002553 | Attachment | 11/15/16 7:05PM | Brenda Nestor | William Strop, Esq. | | System-generated text file | Not relevant |
| F&D-002554 | Email | 11/15/16 7:06PM | Brenda Nestor | William Strop, Esq. | | Addendum to Steven Posner Global Settlement Agreement | Settlement /<br>Common Interest |
| F&D-002555 | Email | 11/15/16 8:57PM | Brenda Nestor | William Strop, Esq. | | Grandchildren Settlement | Settlement /<br>Common Interest |
| F&D-002556 | Attachment | 11/15/16 8:58PM | Brenda Nestor | William Strop, Esq. | | Grandchildren Settlement Agreement | |
| F&D-002590 | Email | 11/23/16 4:47PM | Ryan Carpenter, Esq. | Brenda Nestor<br>David Goldstein, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P | F&D's Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|---|---|---|---|---|---|---|---|
| F&D-002591 | Attachment | 11/23/16 4:47PM | Ryan Carpenter, Esq. | Brenda Nestor<br>David Goldstein, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P | Verification Page for F&D's Motion to Strike Curator's Amended Complaint | |
| F&D-002592 | Email | 11/23/16 6:55PM | Brenda Nestor | Ryan Carpenter, Esq. | William Strop, Esq.<br>David Goldstein, Esq.<br>Sylvia Gill, B&P | Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002594 | Email | 11/23/16 7:42PM | Ryan Carpenter, Esq. | Brenda Nestor | David Goldstein, Esq.<br>William Strop, Esq.<br>Sylvia Gill, B&P | Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002596 | Attachment | 11/23/16 7:42PM | Ryan Carpenter, Esq. | Brenda Nestor | David Goldstein, Esq.<br>William Strop, Esq.<br>Sylvia Gill, B&P | Curator's Amended Complaint | |
| F&D-002679 | Email | 11/27/16 7:30PM | Brenda Nestor | Ryan Carpenter, Esq. | | Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002680 | Attachment | 11/27/16 7:30PM | Brenda Nestor | Ryan Carpenter, Esq. | | Verification Page to Motion to Strike Curator's Amended Complaint | |
| F&D-002681 | Attachment | 11/27/16 7:30PM | Brenda Nestor | Ryan Carpenter, Esq. | | System-generated text file | Not relevant |
| F&D-002678 | Email | 11/27/16 10:03PM | Brenda Nestor | William Strop, Esq.<br>Ryan Carpenter, Esq.<br>Andrew Clubok, Esq. | | Counsel | Settlement /<br>Common Interest |
| F&D-002682 | Email | 11/28/16 9:15AM | Ryan Carpenter, Esq. | David Goldstein, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P | Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002683 | Email | 11/27/16 7:30PM | Brenda Nestor | Ryan Carpenter, Esq. | | Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002684 | Attachment | 11/27/16 7:30PM | Brenda Nestor | Ryan Carpenter, Esq. | | Verification Page to Motion to Strike Curator's Amended Complaint | |
| F&D-002685 | Attachment | 11/27/16 7:30PM | Brenda Nestor | Ryan Carpenter, Esq. | | System-generated text file | Not relevant |
| F&D-002686 | Email | 11/27/16 10:03PM | Brenda Nestor | William Strop, Esq.<br>Ryan Carpenter, Esq.<br>Andrew Clubok, Esq. | | Counsel | Settlement /<br>Common Interest |
| F&D-002687 | Email | 11/28/16 12:24PM | David Goldstein, Esq. | Ryan Carpenter, Esq. | | Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002687 | Email | 11/28/16 12:35PM | Ryan Carpenter, Esq. | David Goldstein, Esq. | | Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002689 | Email | 11/28/16 1:03PM | David Goldstein, Esq. | Ryan Carpenter, Esq. | | Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002689 | Email | 11/28/16 12:35PM | David Goldstein, Esq. | Ryan Carpenter, Esq. | | Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002691 | Email | 11/28/16 2:06PM | David Goldstein, Esq. | William Strop, Esq. | | Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002692 | Email | 11/29/16 12:24PM | Brenda Nestor | William Strop, Esq. | | Property Taxes | Settlement /<br>Common Interest |
| F&D-002694 | Email | 11/29/16 4:03PM | Brenda Nestor | William Strop, Esq. | | Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002695 | Email | 12/7/16 5:12PM | Brenda Nestor | William Strop, Esq. | | Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002695 | Email | 12/7/16 6:05PM | Ryan Carpenter, Esq. | David Goldstein, Esq. | William Strop, Esq.<br>Sylvia Gill, B&P<br>Grace Zappala, DMGPA | Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |
| F&D-002696 | Email | 12/7/16 6:12PM | Ryan Carpenter, Esq. | Brenda Nestor | William Strop, Esq.<br>Sylvia Gill, B&P<br>Grace Zappala, DMGPA<br>David Goldstein, Esq. | Motion to Strike Curator's Amended Complaint | Settlement /<br>Common Interest |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|---|---|---|---|---|---|---|---|
| F&D-002697 | Email | 12/7/16 6:30PM | Brenda Nestor | Ryan Carpenter, Esq. | William Strop, Esq. Sylvia Gill, B&P Grace Zappala, DMGPA David Goldstein, Esq. | Motion to Strike Curator's Amended Complaint | Settlement / Common Interest |
| F&D-002699 | Email | 12/7/16 8:54PM | Brenda Nestor | Ryan Carpenter, Esq. | | Motion to Strike Curator's Amended Complaint | Settlement / Common Interest |
| F&D-002701 | Email | 12/8/16 2:20AM | David Goldstein, Esq. | Ryan Carpenter, Esq. | William Strop, Esq. Sylvia Gill, B&P Grace Zappala, DMGPA David Goldstein, Esq. | Motion to Strike Curator's Amended Complaint | Settlement / Common Interest |
| F&D-002703 | Email | 12/8/16 7:18AM | Brenda Nestor | Ryan Carpenter, Esq. | William Strop, Esq. Sylvia Gill, B&P Grace Zappala, DMGPA David Goldstein, Esq. | Motion to Str ke Curator's Amended Complaint | Settlement / Common Interest |
| F&D-002705 | Email | 12/9/16 7:20AM | Ryan Carpenter, Esq. | Norman Fleisher, Esq. | William Strop, Esq. Sylvia Gill, B&P | Defense Against Curator's Claims | Settlement / Common Interest |
| F&D-002706 | Attachment | 12/9/16 7:20AM | Ryan Carpenter, Esq. | Norman Fleisher, Esq. | William Strop, Esq. Sylvia Gill, B&P | Defense Against Curator's Claims | Settlement / Common Interest |
| F&D-002707 | Email | 12/9/16 11:23AM | Norman Fleisher, Esq. | Ryan Carpenter, Esq. | William Strop, Esq. Sylvia Gill, B&P | Defense Against Curator's Claims | Settlement / Common Interest |
| F&D-002708 | Email | 12/19/16 2:13PM | Sylvia Gill, B&P | Brenda Nestor | William Strop, Esq. | Motion to Strike Curator's Amended Complaint | Settlement / Common Interest |
| F&D-002709 | Attachment | 12/19/16 2:13PM | Sylvia Gill, B&P | Brenda Nestor | William Strop, Esq. | Motion to Strike Curator's Amended Complaint | Settlement / Common Interest |
| F&D-002747 | Email | 12/20/16 7:54AM | Norman Fleisher, Esq. | Linda McDaniel, Gutter Chaves | Ryan Carpenter, Esq. Andrew Clubok, Esq. | Defense Against Curator's Claims | Settlement / Common Interest |
| F&D-002747 | Email | 12/20/16 9:18AM | Linda McDaniel | Norman Fleisher, Esq. | Ryan Carpenter, Esq. Andrew Clubok, Esq. | Defense Against Curator's Claims | Settlement / Common Interest |
| F&D-002749 | Email | 1/3/17 2:33PM | Sylvia Gill, B&P | Edward McGann, Esq. | | Defense Against Curator's Claims | |
| F&D-002749 | Email | 1/3/17 11:14PM | Edward McGann, Esq. | Sylvia Gill, B&P | | Defense Against Curator's Claims | |
| F&D-002750 | Email | 2/2/17 3:11PM | Norman Fleisher, Esq. | Ryan Carpenter, Esq. | | Windmill Reserve transactions | Settlement / Common Interest |
| F&D-002751 | Attachment | 2/2/17 3:11PM | Norman Fleisher, Esq. | Ryan Carpenter, Esq. | | Windmill Reserve transactions | |
| F&D-002752 | Attachment | 2/2/17 3:11PM | Norman Fleisher, Esq. | Ryan Carpenter, Esq. | | Windmill Reserve transactions | |
| F&D-002754 | Attachment | 2/2/17 3:11PM | Norman Fleisher, Esq. | Ryan Carpenter, Esq. | | Windmill Reserve transactions | |
| F&D-002755 | Email | 2/6/17 9:36PM | Brenda Nestor | Ryan Carpenter, Esq. | | Defense against $3 million Hollywood One transfer claim | Settlement / Common Interest |
| F&D-002756 | Email | 2/9/17 9:28AM | Brenda Nestor | William Strop, Esq. | Ryan Carpenter, Esq. | Windmill Reserve lot sales | Settlement / Common Interest |
| F&D-002757 | Email | 2/9/17 9:29AM | Brenda Nestor | William Strop, Esq. | Ryan Carpenter, Esq. | Windmill Reserve lot sales | Settlement / Common Interest |
| F&D-002758 | Email | 2/12/17 9:41PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. | | Potential destruction of Estate and/or Estate-owned entity records | Settlement / Common Interest |
| F&D-002759 | Attachment | 2/12/17 9:41PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. | | Certificate of insurance | |
| F&D-002760 | Attachment | 2/12/17 9:41PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. | | System-generated text file | Not relevant |
| F&D-002761 | Email | 2/12/17 10:05PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. | | Potential destruction of Estate and/or Estate-owned entity records | Settlement / Common Interest |
| F&D-002763 | Email | 2/14/17 2:36PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. | | Potential destruction of Estate and/or Estate-owned entity records | Settlement / Common Interest |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|---|---|---|---|---|---|---|---|
| F&D-002764 | Attachment | 2/14/17 2:36PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. | | Certificate of insurance | |
| F&D-002765 | Attachment | 2/14/17 2:36PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. | | System-generated text file | Not relevant |
| F&D-002766 | Email | 2/14/17 11:35PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. | | Potential destruction of Estate and/or Estate-owned entity records | Settlement / Common Interest |
| F&D-002767 | Attachment | 2/14/17 11:35PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. | | Certificate of insurance | |
| F&D-002768 | Attachment | 2/14/17 11:35PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. | | System-generated text file | Not relevant |
| F&D-002774 | Email | 3/3/17 1:15PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. | | Beneficiary Disputes | Settlement / Common Interest |
| F&D-002777 | Email | 3/3/17 2:22PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Victor Posner City Center | Settlement / Common Interest |
| F&D-002778 | Attachment | 3/3/17 2:22PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Victor Posner City Center - 3-7-17 Agenda | |
| F&D-002779 | Attachment | 3/3/17 2:22PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | System-generated text file | Not relevant |
| F&D-002769 | Email | 3/3/17 2:27PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Victor Posner City Center | Settlement / Common Interest |
| F&D-002770 | Attachment | 3/3/17 2:27PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Victor Posner City Center - 3-7-17 Agenda | |
| F&D-002771 | Attachment | 3/3/17 2:27PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | System-generated text file | Not relevant |
| F&D-002772 | Attachment | 3/3/17 2:27PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Victor Posner City Center - 3-7-17 Agenda | |
| F&D-002773 | Attachment | 3/3/17 2:27PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | System-generated text file | Not relevant |
| F&D002780 | Email | 3/3/2017 2:28PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Victor Posner City Center | Settlement / Common Interest |
| F&D-002782 | Attachment | 3/3/2017 2:28PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Victor Posner City Center 3-7-17 Meeting Packet | |
| F&D-002829 | Attachment | 3/3/2017 2:28PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | System-generated text file | Not relevant |
| F&D-002830 | Email | 3/5/17 3:57PM | Brenda Nestor | David Goldstein, Esq. William Strop, Esq. Ryan Carpenter, Esq. | | 3D16-1330 Appeal | Settlement / Common Interest |
| F&D-002831 | Attachment | 3/5/17 3:57PM | Brenda Nestor | David Goldstein, Esq. William Strop, Esq. Ryan Carpenter, Esq. | | Appellant's Initial Brief | |
| F&D-002864 | Attachment | 3/5/17 3:57PM | Brenda Nestor | David Goldstein, Esq. William Strop, Esq. Ryan Carpenter, Esq. | | System-generated text file | Not relevant |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|-------|---------|------|------|----|----|----------------------|--------------|
| F&D-002865 | Email | 3/5/17 3:54PM | Brenda Nestor | David Goldstein, Esq. William Strop, Esq. Ryan Carpenter, Esq. | | Appeal of Order Granting Joint Motion to Approve PBGC Settlement Agreement | Settlement / Common Interest |
| F&D-002866 | Attachment | 3/5/17 3:54PM | Brenda Nestor | David Goldstein, Esq. William Strop, Esq. Ryan Carpenter, Esq. | | Notice of Appeal | |
| F&D-002870 | Attachment | 3/5/17 3:54PM | Brenda Nestor | David Goldstein, Esq. William Strop, Esq. Ryan Carpenter, Esq. | | System-generated text file | Not relevant |
| F&D-002871 | Email | 3/5/17 3:52PM | Brenda Nestor | David Goldstein, Esq. William Strop, Esq. Ryan Carpenter, Esq. | | Appeal | Settlement / Common Interest |
| F&D-002872 | Email | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Windmill Reserve lot sales | Settlement / Common Interest |
| F&D-002873 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Signature block image | Not relevant |
| F&D-002874 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Signature block | Not relevant |
| F&D-002875 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Settlement statements | |
| F&D-002879 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | System-generated text file | Not relevant |
| F&D-002880 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Settlement statements | |
| F&D-002885 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | System-generated text file | Not relevant |
| F&D-002886 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Settlement statements | |
| F&D-002890 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | System-generated text file | Not relevant |
| F&D-002891 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Settlement statements | |
| F&D-002895 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | System-generated text file | Not relevant |
| F&D-002896 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Settlement statements | |
| F&D-002900 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | System-generated text file | Not relevant |
| F&D-002901 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq. Ryan Carpenter, Esq. David Goldstein, Esq. | | Settlement statements | |

| BATES | DOCTYPE | DATE | FROM | TO | CC | SUBJECT / DESCRIPTION | PRIVILEGE(S) |
|---|---|---|---|---|---|---|---|
| F&D-002905 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq.<br>Ryan Carpenter, Esq.<br>David Goldstein, Esq. | | System-generated text file | Not relevant |
| F&D-002906 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq.<br>Ryan Carpenter, Esq.<br>David Goldstein, Esq. | | Settlement statements | |
| F&D-002910 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq.<br>Ryan Carpenter, Esq.<br>David Goldstein, Esq. | | System-generated text file | Not relevant |
| F&D-002911 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq.<br>Ryan Carpenter, Esq.<br>David Goldstein, Esq. | | Settlement statements | |
| F&D-002915 | Attachment | 3/8/17 5:08PM | Brenda Nestor | William Strop, Esq.<br>Ryan Carpenter, Esq.<br>David Goldstein, Esq. | | System-generated text file | Not relevant |
| F&D-002916 | Email | 3/8/17 11:04PM | Brenda Nestor | William Strop, Esq.<br>Ryan Carpenter, Esq.<br>David Goldstein, Esq.<br>Meryl | | Deposition | Settlement /<br>Common Interest |
| F&D-002917 | Attachment | 3/8/17 11:04PM | Brenda Nestor | William Strop, Esq.<br>Ryan Carpenter, Esq.<br>David Goldstein, Esq.<br>Meryl | | Letter from Fordham University | Not relevant |
| F&D-002918 | Attachment | 3/8/17 11:04PM | Brenda Nestor | William Strop, Esq.<br>Ryan Carpenter, Esq.<br>David Goldstein, Esq.<br>Meryl | | System-generated text file | Not relevant |
| F&D-002919 | Email | 4/7/17 4:26PM | Brenda Nestor | David Goldstein, Esq.<br>William Strop, Esq. | | Loans made to Estate | Settlement /<br>Common Interest |
| F&D-002920 | Attachment | 4/7/17 4:26PM | Brenda Nestor | David Goldstein, Esq.<br>William Strop, Esq. | | List of Estate Notes Payable to Brenda Nestor | |
| F&D002921 | | | | | | Promissory Note and Security Agreement for $4 million Loan from Hollywood One, L.L.C. to Security Management Corp. | |
| F&D-002934 | | | | | | 2002 W-2 | |

# EXHIBIT B

**From:**                  Brett Amron
**Sent:**                  Wednesday, March 01, 2017 7:56 AM
**To:**                      'David M. Goldstein'
**Subject:**             RE: SERVICE OF DISCOVERY DOCUMENT - CASE NO. 16-21099

David, who is it you represent in the below matter and what exactly is scheduled for March 7 that prevents you from attending Ms. Nestor's deposition?



BRETT M. AMRON

BAST AMRON LLP
Sun Trust International Center
One Southeast Third Avenue          O:305.379.7904
Suite 1400                 bamron@bastamron.com
Miami Florida 33131        www.bastamron.com

🖨 **Please consider the environment before printing this email.**
---------------------------------------------------------------------------------------------------------------
This message, together with any attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

---

**From:** David M. Goldstein [mailto:david@dmgpa.com]
**Sent:** Tuesday, February 28, 2017 7:06 PM
**To:** Brett Amron <bamron@bastamron.com>
**Subject:** Re: SERVICE OF DISCOVERY DOCUMENT - CASE NO. 16-21099

April 27, 2017- 10:00am
Brenda Nestor deposition

-,case in California ;

Amelia Racine
V
Selekt Media Management LLC
Et al
Case # BC593922
LA County

Sent from my iPhone.    David M. Goldstein

On Feb 28, 2017, at 3:57 PM, Brett Amron <bamron@bastamron.com> wrote:

> David, Given scheduling, etc. please get us the below information by Thursday so we can make the proper arrangements and avoid incurring any unnecessary expenses.

Additionally, F&D has or is in the process of scheduling a deposition of Ed McGann for March 10.  You indicated during our call that you were not available the entire week of March 6 and thus, I imagine will be asking that Mr. McGann's deposition likewise be re-scheduled to the week of April 24.  I have no objection to that under the same conditions as with respect to Ms. Nestor's deposition.

Further, the deposition of the F&D corporate representative has been scheduled for March 14 in Kansas.  That deposition cannot be rescheduled because we and counsel for F&D have already made travel plans.

I have copied F&D's counsel, Bill Strop and his team, who I trust you already know.

I look forward to hearing from you.

Regards,
Brett


<image002.png>

**BRETT M. AMRON**

**BAST AMRON LLP**
Sun Trust International Center
One Southeast Third Avenue                    O:305.379.7904
Suite 1400                              bamron@bastamron.com
Miami Florida 33131                        www.bastamron.com

♻ **Please consider the environment before printing this email.**
--------------------------------------------------------------------------------------------------------------------------

This message, together with all its attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

---

**From:** Keisha Jones
**Sent:** Tuesday, February 28, 2017 2:39 PM
**To:** Brett Amron <bamron@bastamron.com>; david@dmgpa.com; meryl@dmgpa.com
**Cc:** Jeremy Korch <JKorch@bastamron.com>; Hayley Harrison <hharrison@bastamron.com>; swleeds@cochranfirm.com
**Subject:** RE: SERVICE OF DISCOVERY DOCUMENT - CASE NO. 16-21099

Mr. Goldstein,

Pursuant to your conversation with Mr. Amron, attached please find the Court's Order Granting Plaintiff's Motion to Compel Defendant to Cooperate with Deposition Scheduling, and Setting Deposition Schedule.

As Mr. Amron indicated, the deposition of Ms. Nestor will not be rescheduled by agreement until we receive a confirmation of a rescheduled date during the week of April 24th as well as your information regarding your unavailability for March 7th.

We look forward to receiving the same.

<image001.jpg>

**KEISHA JONES, FRP**
**Paralegal**

BAST AMRON LLP
Sun Trust International Center           O:305.379.7904
One Southeast Third Avenue              D:305.357.4792
Suite 1400                             kjones@bastamron.com
Miami Florida 33131                     www.bastamron.com

♻ **Please consider the environment before printing this email.**

-------------------------------------------------------------------------------------------------------------------
This message, together with any attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

**From:** Brett Amron
**Sent:** Tuesday, February 28, 2017 11:23 AM
**To:** david@dmgpa.com; meryl@dmgpa.com
**Cc:** Jeremy Korch <JKorch@bastamron.com>; Hayley Harrison <hharrison@bastamron.com>; Keisha Jones <kjones@bastamron.com>; swleeds@cochranfirm.com
**Subject:** RE: SERVICE OF DISCOVERY DOCUMENT - CASE NO. 16-21099

David, I received your phone message and called the number provided (305-799-2896).  However, when I attempted to leave a voicemail I received a recording that said the mailbox was full.  Call me at your convenience.

<image002.png>

BRETT M. AMRON

BAST AMRON LLP
Sun Trust International Center
One Southeast Third Avenue              O:305.379.7904
Suite 1400                             bamron@bastamron.com
Miami Florida 33131                     www.bastamron.com

♻ **Please consider the environment before printing this email.**

-------------------------------------------------------------------------------------------------------------------
This message, together with any attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

**From:** Brett Amron
**Sent:** Monday, February 27, 2017 4:31 PM
**To:** 'Gill, Sylvia' <SGill@bplegal.com>; Jeremy Korch <JKorch@bastamron.com>; Hayley Harrison <hharrison@bastamron.com>; Keisha Jones <kjones@bastamron.com>; 'swleeds@cochranfirm.com'; 'david@dmgpa.com' <david@dmgpa.com>; 'meryl@dmgpa.com' <meryl@dmgpa.com>
**Cc:** 'Strop, William' <wstrop@bplegal.com>; 'Carpenter, Ryan' <RCarpenter@bplegal.com>
**Subject:** RE: SERVICE OF DISCOVERY DOCUMENT - CASE NO. 16-21099

David, following up on my below email.  Please advise as to whether you are going to make an appearance in this case on Ms. Nestor's behalf.

Regards,
Brett

<image002.png>

BRETT M. AMRON

BAST AMRON LLP
Sun Trust International Center
One Southeast Third Avenue          O:305.379.7904
Suite 1400                          bamron@bastamron.com
Miami Florida 33131                 www.bastamron.com

🖨 **Please consider the environment before printing this email.**
-----------------------------------------------------------------------------------------------------------------
This message, together with any attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

---

**From:** Brett Amron
**Sent:** Friday, February 24, 2017 10:30 AM
**To:** 'Gill, Sylvia' <SGill@bplegal.com>; Jeremy Korch <JKorch@bastamron.com>; Hayley Harrison <hharrison@bastamron.com>; Keisha Jones <kjones@bastamron.com>; swleeds@cochranfirm.com; david@dmgpa.com; meryl@dmgpa.com
**Cc:** Strop, William <wstrop@bplegal.com>; Carpenter, Ryan <RCarpenter@bplegal.com>
**Subject:** RE: SERVICE OF DISCOVERY DOCUMENT - CASE NO. 16-21099

Good Morning, David.  I see that Bill has copied you and added you to the service list.  Are you going to be representing Ms. Nestor in this matter?  If so, please file a notice of appearance so that we can add you to our service list.  Thank you.

Regards,
Brett

<image002.png>

BRETT M. AMRON

BAST AMRON LLP
Sun Trust International Center
One Southeast Third Avenue          O:305.379.7904
Suite 1400                          bamron@bastamron.com
Miami Florida 33131                 www.bastamron.com

🖨 **Please consider the environment before printing this email.**
-----------------------------------------------------------------------------------------------------------------
This message, together with any attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

---

**From:** Gill, Sylvia [mailto:SGill@bplegal.com]
**Sent:** Friday, February 24, 2017 9:21 AM
**To:** Brett Amron <bamron@bastamron.com>; Jeremy Korch <JKorch@bastamron.com>; Hayley Harrison <hharrison@bastamron.com>; Keisha Jones <kjones@bastamron.com>; swleeds@cochranfirm.com; david@dmgpa.com; meryl@dmgpa.com
**Cc:** Strop, William <wstrop@bplegal.com>; Carpenter, Ryan <RCarpenter@bplegal.com>; Gill, Sylvia <SGill@bplegal.com>
**Subject:** SERVICE OF DISCOVERY DOCUMENT - CASE NO. 16-21099

| Court in which proceeding is pending: | 11th Judicial Circuit in and for Miami-Dade County Circuit Court, COMPLEX BUSINESS LITIGATION |
|---|---|
| Case Number: | 132016CA021099000001 |

| | |
|---|---|
| **Name of initial party on each side:** | PHILIP VON KAHLE, CURATOR VS FIDELITY AND DEPOSIT COMPANY OF MARYLAND |
| **Title of each document served:** | FIDELITY AND DEPOSIT COMPANY OF MARYLAND'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO CURATOR |
| | William H. Strop, Esq.<br>Tel: (954) 364-6081 |

**Sylvia Gill**

Legal Assistant to Michelle Ammendola, Esq., Ryan Carpenter, Esq., Robert J. Manne, Esq., and William Strop, Esq.

1 East Broward Blvd., Suite 1800 | Fort Lauderdale, FL 33301
Tel: 954.987.7550 | Fax: 954.985.4176 | E-Mail
Website
<image004.png>
<image005.png> <image006.png> <image007.png> <image008.png> <image009.png>
The Becker & Poliakoff **Client CARE Center** is here to serve our valued clients. If we can be of assistance in any way, please call us toll-free at 1-844-CAREBP1 (1-844-227-3271) or by email at care@bplegal.com.

**EXHIBIT C**

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

In re:                                                    PROBATE DIVISION

ESTATE OF VICTOR POSNER,                   CASE NO.:  02-595-CP

      Deceased.

_____/

**LIMITED APPEARANCE OF DAVID M. GOLDSTEIN ON BEHALF
OF BRENDA NESTOR AND MOTION FOR CONTINUANCE
OF OCTOBER 19, 2016 HEARING ON THE CURATOR'S
<u>MOTION TO HOLD BRENDA NESTOR IN CONTEMPT</u>**

**COMES NOW, BRENDA NESTOR**, by and through undersigned counsel and files this *Motion for Continuance of October 19, 2016 Hearing on the Curator's Motion to Hold Brenda Nestor in Contempt,* based upon the following:

1.     The undersigned counsel is somewhat presently familiar with the issues involved in the above-captioned matter; however, the contempt hearing scheduled for October 19, 2016, is a serious, complicated and complex matter, for which the Curator is seeking, among other things, criminal remedies against Brenda Nestor.

2.     The undersigned counsel has been involved in a litigation matter for approximately two (2) years, and has a long-standing specially set Trial in New Jersey regarding riparian rights issues involving in excess of Fourteen Million Dollars ($14,000,000.00) concerning real property ownership.  The last two (2) weeks of October have been set aside for final preparation for the Trial.

3.     In addition, in the last month of September, undersigned counsel has undergone two (2) eye surgeries to correct an eye problem, and an additional eye surgery to correct complications resulting from the initial eye surgery.  During this same period of time, undersigned

*Response to Curator's Motion to*
*Hold Brenda Nestor in Contempt*
Page 2

counsel was also admitted to the hospital on an emergency basis for kidney stones. As the undersigned is a solo practitioner, these events caused a backlog of client matters, as did, the hurricane scare and the Jewish Holidays for which undersigned closed down his office.

4.     Brenda Nestor is entitled to competent representation in respect to her legal problems, as well as due process protections, especially in an action that could result in criminal penalties. Undersigned counsel is prepared to enter into a formal retainer agreement with Brenda Nestor in the above-captioned matter and specifically, in defense of Ms. Nestor with respect to the allegations set forth in the Curator's Motion for Contempt. However, the undersigned cannot do so unless a continuance is granted for the hearing currently scheduled for October 19, 2016, and a scheduling order is entered into, allowing for discovery regarding the contempt claims made by the Curator.

**WHEREFORE**, it is respectfully requested that the Court issue an Order:

A.     Granting this *Motion for Continuance of October 19, 2016 Hearing on the Curator's Motion to Hold Brenda Nestor in Contempt;*

B.     Allowing Brenda Nestor to conduct discovery in preparation for an evidentiary hearing concerning the issues raised in the Contempt Motion filed by the Curator;

C.     Scheduling an evidentiary hearing on the Curator's Contempt Motion; and

D.     Granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 17, 2016, a true and correct copy of the above *Motion for Continuance of October 19, 2016 Hearing on the Curator's Motion to Hold Brenda Nestor in Contempt* was filed with the Court and served upon all parties listed on the below Service List via email, facsimile and/or first class mail.

By:    /s/ David M. Goldstein
    David M. Goldstein, Esq.
    Florida Bar No.:  156003
    LAW OFFICES OF DAVID M. GOLDSTEIN, P.A.
    1125 NE 125th Street, Suite 302
    North Miami, FL 33161
    Tel.:    (305) 372-3535
    Fax:    (305) 577-8232
    Email: david@dmgpa.com;
           meryl@dmgpa.com

## SERVICE LIST

Richard C. Milstein, Esq.
D. Brett Marks, Esq.
Dale Noll, Esq.
AKERMAN LLP
Three Brickell City Centre
98 S.E. Seventh Street, Suite 1100
Miami Florida 33131
Email: Richard.milstein@akerman.com
       brett.marks@akerman.com
       dale.noll@akerman.com

John H. Schulte, Esq.
4000 Ponce de Leon Boulevard, No. 470
Coral Gables, Florida 33135
Email: johnschulte@comcast.net
       schultemiami@gmail.com

Ann Burke Spalding, Esq.
SPALDING LAW
4737 North Ocean Drive, No. 106
Fort Lauderdale, Florida 33308
Email: ann@annsspaldinglaw.com
       annspaldinglaw@gmail.com

Scott W. Leeds, Esq.
THE COCHRAN FIRM – SOUTH FLORIDA
657 South Drive, Suite 304
Miami Springs, Florida 33166
Email: swleeds@cochranfirm.com
       swleeds@aol.com
       corta@cochranfirm.com
       lskipp@cochranfirm.com

Laura Bourne Burkhalter, Esq.
LAURA BOURNE BURKHALTER, P.A.
201 N.E. 95th Street
Miami Shores, Florida 33138
Email: ezestateplan@outlook.com
       ceciliaswift@outlook.com
       llbservice@outlook.com

*Response to Curator's Motion to*
*Hold Brenda Nestor in Contempt*
Page 4


Joshua D. Lerner, Esq.
RUMBERGER, KIRK & CALDWELL, P.A.
80 S.E. 8th Street, Suite 3000
Miami, Florida 33130
email:  jlerner@rumberger.com

Andrew B. Clubok, Esq.
Jennifer Levy, Esq.
601 Lexington Avenue
New York, New York 10022
Email:  andrew.clubok@kirkland.com
           jennifer.levy@kirkland.com

David P. Reiner, II, Esq.
REINER & REINER, P.A.
9100 S. Dadeland Boulevard, Suite 901
Miami, Florida 33156-7815
Email:  dpr@reinerslw.com
           service@reinerslaw.com
           efile@reinerslaw.com

Martin Steinberg, Esq.
RAFAEL RIBEIRO, Esq.
Hogan Lovells US LLP
600 Brickell Avenue
Miami, Florida 33131
Email:  marty.steinberg@hoganlovells.com
           rafiel.riberio@hoganlovells.com
           naomi.tanaka@hoganlovells.com
           beth.moon@hoganlovells.com

LOCKE LORD, LLP
525 Okeechobee Boulevard, Suite 1500
West Palm Beach, Florida 33401
Email:  Kathleen.foos@locklord.com

Michael B. Axman, Esq.
3059 Grand Avenue, Suite 300
Miami, Florida 33133-5166
Email:  mba@naw-tax.aw.com

Simon Torres, Esq.
Melissa Harclerode, Esq.
Joel W. Ruderman, Esq.
1200 K Street, N.W.
Washington, D.C. 20005
Email:  torres.cimon@pbgc.gov
           harclerode.melissa@pbgc.gov
           ruderman.joel@pbgc.gov

Brett M. Amron, Esq.
Jeremy S. Korch, Esq.
BAST AMRON LLP
One Southeast Third Avenue, No. 1400
Miami, Florida 33131
Email:  bamron@bastamron.com
           hharrison@bastamron.com
           jkorch@bastamron.com
           kjones@bastamron.com

William H. Strop. Esq.
Jeremy C. Sahn, Esq.
BECKER & POLIAKOFF, P.A.
1 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33312
Email:  wstrop@bplegal.com
           jsahn@bplegal.com
           cgellman@bplegal.com
           sgill@bplegal.com

INTERNAL REVENUE SERVICE
Attn:   Revenue Officer Bailey
Fax:    888-274-5499

Revenue Officer V. Hayes
Department of the Treasury
INTERNAL REVENUE SERVICE
7850 S.W. 6th Court
Plantation, Florida 33324-5250257

*Response to Curator's Motion to*
*Hold Brenda Nestor in Contempt*
Page 5


Employee Plans Agent Hannah Green
DEPARTMENT OF THE TREASURY
Tax Exempt & Government Entities
    Employee Plans
Employee Plans Comp. Unit - Mail Stop 38
4905 Koger Boulevard, Suite 102
Greensboro, NC 27407-2734

Christie L. Babinski, Esq.
Lonnie A. Hassel, Esq.
Michael J. Prame, Esq.
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Email: cbabinski@groom.com

John C. Lukacs, Sr., Esq.
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, Florida 33134
Email: jlukacs@hinshawlaw.com

Brett D. Divers, Esq.
MILLS PASKERT DIVERS
100 North Tampa Street, Suite 3700
Tampa, Florida 33602
Email: bdivers@mpdlegal.com
        sjames@mpdlegal.com
***Attorneys for American Southern Ins. Co.***

Norman A. Fleisher, Esq.
GUTTER, CHAVES, JOSEPHER, RUBIN, *et al*.
2101 N.W. Corporate Boulevard, Suite 107
Boca Raton, Florida 33431
Email: nfleisher@floridatax.com
        hbohen@floridatax.com

**EXHIBIT D**

Page 1

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT

IN AND FOR MIAMI-DADE COUNTY, FLORIDA

COMPLEX BUSINESS LITIGATION

CASE NO. 2016-21099-CA-40


PHILIP VON KAHLE, CURATOR, on behalf of
THE GOVERNOR OF FLORIDA, for the
use and benefit of the ESTATE OF VICTOR
POSNER, and for All Other Interested Parties,

        Plaintiff,

vs.

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND, a Maryland Corporation,

        Defendant.

_____/

VIDEOTAPED DEPOSITION OF BRENDA NESTOR CASTELLANO

Taken on Behalf of the Plaintiff


DATE TAKEN:  Tuesday March 7, 2017

TIME:        10:17 a.m. - 2:57 p.m.

PLACE:       One Southeast Third Avenue

             Miami, Florida 33131


Examination of the witness taken before
Darline Marie West, RPR, FPR, CLR


MAGNA LEGAL SERVICES
Seven Penn Center
1635 Market Street
8th Floor
Philadelphia, Pennsylvania 19103

(866) 624-6221



Page 2

1  APPEARANCES:
2  On behalf of the Plaintiff:
3      BAST AMRON LLP
4      One Southeast Third Avenue, Suite 1400
5      Miami, Florida 33131
6      Phone:  305.379.7904
7      E-mail:  Bamron@bastamron.com
           Hharrison@bastamron.com
8          Jkorch@bastamron.com
9      By:  BRETT M. AMRON, ESQ.
           HAYLEY G. HARRISON, ESQ.
10         JEREMY S. KORCH, ESQ.
11
12 On behalf of the Defendant:
13     BECKER & POLIAKOFF, P.A.
14     One East Broward Boulevard, Suite 1800
15     Fort Lauderdale, Florida 33301
16     Phone:  954.987.7550
17     E-mail:  Wstrop@bplegal.com
18     By:  WILLIAM H. STROP, ESQ.
19
20
21
22
23
24
25 (Appearances continued on following page.)

Page 3

1  APPEARANCES:  (Continued)
2
3  On behalf of the Third-Party Defendant and witness,
4  Brenda Nestor Castellano:
5      LAW OFFICES OF DAVID M. GOLDSTEIN, P.A.
6      1125 N.E. 125th Street, Suite 302
7      North Miami, Florida 33161
8      Phone:  (305) 372-3535
9      E-mail:  David@dmgpa.com
10     By:  DAVID M. GOLDSTEIN, ESQ.
11
12 ALSO PRESENT:
13     PHILIP VON KAHLE, the Plaintiff, Curator
14     GEORGE VALLEJO - Video Technician
15
              - - -
16
17
18
19
20
21
22
23
24
25

Page 4

1              I N D E X
2  WITNESS:                    PAGE:
3  BRENDA NESTOR CASTELLANO
4  DIRECT EXAMINATION                7
   BY MR. AMRON:
5
   DIRECT EXAMINATION (Continued)   94
6  BY MR. AMRON:
7  CERTIFICATE OF OATH             109
8  REPORTER'S CERTIFICATE          110
9
10             - - -
11         E X H I B I T S
12             - - -
13
              Description         Page
14
   Nestor Deposition    Section of Florida    43
15 Exhibit 1            Statute 733.508 under
                        the Probate Code
16
   Nestor Deposition    Affidavit with nine   49
17 Composite Exhibit 2   exhibits
18 Nestor Deposition    Two documents Bate    71
   Composite Exhibit 3   stamped Plaintiff
19                      1486 and 1517
20 Nestor Deposition    Application to obtain 106
   Exhibit 4            a bond
21
22
              - - -
23
24
25

Page 5

1        P R O C E E D I N G S
2              - - -
3      VIDEO TECHNICIAN:  Good morning.  We
4  are now on the record.
5      This begins videotape No. 1 in the
6  deposition of Brenda Nestor in the matter of
7  Philip Von Kahle, Curator, et al., versus
8  Fidelity and Deposit Company of Maryland,
9  which is being held in the Circuit Court of
10 Miami-Dade County, Florida.
11     Today is Tuesday, the 7th day of March,
12 2017.  The time is approximately 10:17 a.m.
13 This deposition is being taken at One
14 Southeast Third Avenue, Miami, Florida at
15 the request of the Bast Amron, LLP.
16     The videographer is George Vallejo of
17 Magna Legal Services, and the court reporter
18 is Darline West also with Magna Legal
19 Services.
20     Would counsel please state their
21 appearances for the record.
22     MR. AMRON:  Thank you.  Brett Amron of
23 Bast Amron on behalf of the Plaintiff,
24 Philip Von Kahle as Curator.
25     MR. KORCH:  Jeremy Korch as counsel for



Page 106

1        MR. AMRON:  Thank you.
2        (Nestor Deposition Exhibit 4, Application
3   to obtain a bond, was marked for identification.)
4   BY MR. AMRON:
5        Q.   And the court reporter has just handed you
6   a document, and it's marked as Exhibit 4.  I ask you
7   to flip through it, take a look at it, and let me
8   know when you've had an opportunity to do so.
9        MR. STROP:  While the witness is
10  looking at the document, I'm just trying to
11  clarify the schedule.
12       Ms. Nestor, you said you needed a break
13  between what time and what time?
14       THE WITNESS:  What time is it now?
15       MR. STROP:  1:30.
16       MR. AMRON:  I'm sorry?
17       MR. STROP:  Between 1:30 and two, is
18  that what you asked for before?
19       THE WITNESS:  Yes.
20       MR. STROP:  Do you still need to take
21  that break?
22       THE WITNESS:  Yes, I do.  I'm going to
23  take my break.  It's a phone call.
24       MR. AMRON:  You need your counsel for
25  the phone call?

Page 107

1        THE WITNESS:  Yes.
2        MR. AMRON:  Understood.
3        VIDEO TECHNICIAN:  Off the record.  It
4   is 1:29.
5        (A recess was taken.)
6        MR. AMRON:  It is now -- I want to make
7   sure my watch isn't wrong.  It is now 2:54.
8   Ms. Nestor came back at 2:34 from her half
9   hour break.  It ended up being an hour.
10  Mr. Goldstein was not here.  We were advised
11  by Miss Nestor that Mr. Goldstein had to go
12  to the bank for some reason.
13       Ms. Nestor then came in at two -- I
14  believe 2:52 to advise us that Mr. Goldstein
15  called her and said he now has a kidney
16  issue -- or kidney stone issue, and that he
17  would be about 30 more minutes.  Counsel,
18  Mr. Von Kahle, the court reporter, and the
19  videographer have been waiting for about an
20  hour-and-a-half.  And you know, we're just
21  not going to sit around and wait any longer.
22  So we are going to reconvene this deposition
23  at another date and another time.
24       Does Mr. Strop have any objection to
25  that?

Page 108

1        MR. STROP:  I do not.  I don't -- I'm
2   not aware of any of the facts.  I don't have
3   a position at this time.
4        MR. AMRON:  The facts are what
5   Ms. Nestor had said.  Did you not hear what
6   she --
7        MR. STROP:  I heard what she said.  I
8   don't disagree that -- I heard what she
9   said.  I haven't heard from Mr. Goldstein.
10  I don't have enough information --
11       MS. NESTOR:  Do either one of you want
12  to call him?
13       MR. AMRON:  Thank you.  We can go off
14  the record.
15       THE COURT REPORTER:  Do you want this
16  transcribed?
17       MR. AMRON:  Yes, ma'am.
18       THE COURT REPORTER:  Mr. Strop, do you
19  want a copy?
20       MR. STROP:  Not at this time.
21       (Signature was not waived.  The
22  deposition adjourned at 2:57 p.m.)
23
24
25

Page 109

1              CERTIFICATE OF OATH
2
3   STATE OF FLORIDA
4   COUNTY OF MIAMI-DADE
5
6
7        I, the undersigned authority, certify that
8   BRENDA NESTOR CASTELLANO personally appeared before
9   me and was duly sworn on March 7, 2017.
10
11       WITNESS my hand and official seal this 12th day
12  of March 2017.
13
14                              _Darline Marie West_
15       _____
16       DARLINE MARIE WEST
                Notary Public
17
18
19  My Commission Expires:
        October 26, 2017
20      #FF 060662
21
22
23
24
25



**EXHIBIT E**

| | |
|---|---|
| **From:** | Heather Rutecki <hrutecki@mac.com> |
| **Sent:** | Monday, June 26, 2017 8:32 PM |
| **To:** | Hayley Harrison |
| **Cc:** | Strop, William; Cody German; norman@floridatax.com; Carpenter, Ryan; Gill, Sylvia; swleeds@cochranfirm.com; Brett Amron; Keisha Jones; Jeremy Korch |
| **Subject:** | Re: Von Kahle v. Fidelity- Hearing Before Magistrate |

Dear All,

I have received two separate requests to allow two separate depositions beyond the current discovery cut off.

I am in agreement as to both of your requests regarding same.

I can also be available on July 12, 2017 (telephonically) for the Magistrate's Hearings @ 8:30 am. Please confirm if that is agreeable to everyone. I selected this date by adjusting my schedule to use a date that was apparently the most suitable date after reviewing all of my emails on this topic. July 11, 2017 ( telephonically ) @ 1:30 pm also works for me.

Sincerely,

Heather A. Rutecki, Esq.

RUTECKI & ASSOCIATES, P.A.
c/o Genovese Joblove & Battista P.A.
100 Southeast 2nd Street
Floor 44
Miami, Florida 33131

Telephone        305-423-4999

This communication contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for use of the use of the Addressee(s) named above.  If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and email. Thank You.

On Jun 26, 2017, at 11:43 AM, Hayley Harrison <hharrison@bastamron.com> wrote:

Good Morning All,
We plan to set the following for hearing before the Magistrate:
Nestor's Objection to the Lockwood Subpoena
Nestor's Objection to the Fleisher Subpoena

Fleisher's Supplemental Objection and Motion for Protective Order.

The Magistrate has the following hearing dates/times available:
7/10 @ 1:30
7/11 @ 1:30
7/12 @ 8:30
7/13 @ 8:30

Please advise as to your availability.

Thanks,



**HAYLEY GERSON HARRISON**
**Attorney**

**BAST AMRON LLP**
| | | |
|---|---|---|
| **Sun Trust International Center** | **O:**305.379.7904 |
| **One Southeast Third Avenue** | **D:**786.219.4057 |
| **Suite 1400** | hharrison@bastamron.com |
| **Miami Florida 33131** | www.bastamron.com |

🌲 **Please consider the environment before printing this email.**

-----------------------------------------------------------------------------------------------------------------------------
This message, together with any attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

**EXHIBIT F**

| | |
|---|---|
| **From:** | Heather Rutecki <hrutecki@mac.com> |
| **Sent:** | Friday, June 30, 2017 10:46 AM |
| **To:** | Brett Amron |
| **Cc:** | Jeremy Korch; Strop, William; Carpenter, Ryan; Hayley Harrison; Keisha Jones; 'swleeds' (swleeds@cochranfirm.com); Gill, Sylvia |
| **Subject:** | Re: von Kahle v. Fidelity - Availability for Deposition (Lockwood and Fleisher) |

Thank you Bret. Yes I was going to respond to all of these issues this afternoon. I have one large deadline on another matter I am pushing out today before I can respond to you. I will address the today however as best as possible before 5:00 p.m.. I am going to get you the list of names for the depos and also a response to your email re moving the trial date.

Regards,
Heather

On Jun 30, 2017, at 10:34 AM, Brett Amron <bamron@bastamron.com> wrote:

Heather, as a follow up, I haven't seen a notice of unavailability, a response to my email, or a proposed motion or order regarding the Fleisher and Lockwood depositions.  So, in compliance with the Court's order we've gone ahead and noticed the depositions during the week of August 7.  Should you still wish to have them rescheduled to the weeks of August 21 or 28, please let me know and forward a proposed motion and order that modifies Judge Thornton's order from Monday of this week.

Regards,
Brett

<image001.png>

**BRETT M. AMRON**

**BAST AMRON LLP**
**Sun Trust International Center**
**One Southeast Third Avenue**                    O:305.379.7904
**Suite 1400**                                     bamron@bastamron.com
**Miami Florida 33131**                            www.bastamron.com

♻ **Please consider the environment before printing this email.**
--------------------------------------------------------------------------------------------------------
This message, together with any attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

**From:** Brett Amron
**Sent:** Wednesday, June 28, 2017 7:25 AM
**To:** 'Heather Rutecki' <hrutecki@mac.com>; Jeremy Korch <JKorch@bastamron.com>
**Cc:** Strop, William <wstrop@bplegal.com>; Carpenter, Ryan <RCarpenter@bplegal.com>; Hayley Harrison <hharrison@bastamron.com>; Keisha Jones <kjones@bastamron.com>; 'swleeds' (swleeds@cochranfirm.com) <swleeds@cochranfirm.com>; Gill, Sylvia <SGill@bplegal.com>
**Subject:** RE: von Kahle v. Fidelity - Availability for Deposition

Heather, thanks for your email.  As to the depositions, we scheduled based upon our efforts to reach consensus to which we received no response, the witnesses' availability, and the motion we filed to which we received no response.  We have no problem scheduling the depositions during the last two weeks in August if the witnesses are available.  That is, assuming Bill is available as well.  If we are all in agreement and the witnesses are available (we'll reach out today) then I would ask that you circulate to us a proposed agreed motion and order that modifies the order granting our motion entered by Judge Thornton yesterday extending the deadline to August 30.

As for your request regarding an extension of the discovery period for Ms. Nestor, my client is not inclined to agree.  However, in order for my client and I to make an informed decision and to gauge whether there is some compromise that can be achieved I need some additional information and clarification on your request.  For example, what deadlines in the Court's trial order you seek to modify and your proposed continued dates, what discovery do you wish to conduct (who are the 8 witnesses and do you anticipate any written discovery), does the extension only apply to Ms. Nestor, and when would you propose the trial take place.  Also, what is Fidelity's position?

I have a meeting this morning.  Perhaps we can confer this afternoon.  Let me know your availability.


Regards,
Brett


<image001.png>

**BRETT M. AMRON**

**BAST AMRON LLP**
**Sun Trust International Center**
**One Southeast Third Avenue**                    O:305.379.7904
**Suite 1400**                                        bamron@bastamron.com
**Miami Florida 33131**                              www.bastamron.com

🌲 **Please consider the environment before printing this email.**
--------------------------------------------------------------------------------------------------------------------------
This message, together with any attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

**From:** Heather Rutecki [mailto:hrutecki@mac.com]
**Sent:** Tuesday, June 27, 2017 4:01 PM
**To:** Jeremy Korch <JKorch@bastamron.com>
**Cc:** Strop, William <wstrop@bplegal.com>; Carpenter, Ryan <RCarpenter@bplegal.com>; Brett Amron <bamron@bastamron.com>; Hayley Harrison <hharrison@bastamron.com>; Keisha Jones <kjones@bastamron.com>; 'swleeds' (swleeds@cochranfirm.com) <swleeds@cochranfirm.com>; Gill, Sylvia <SGill@bplegal.com>
**Subject:** Re: von Kahle v. Fidelity - Availability for Deposition


Dear All:

I am completely unavailable the first two weeks in August as this is my summer vacation and my daughter returns to school week 3.  Back to school as a single full time working mom is always a rush and a burden. I will be filing my notice of unavailability tomorrow as I am still trying to get hold of David Goldstein who is difficult to get hold of for his files. These depositions will need dates in last week of August or September 2017 ideally.

Also please advise if any of you have any objection to extending the discovery cut off for Ms Nestor through December 2017 as 1) she was brought in long after this suit commenced ( approx 6 mo ) and did not have the equal benefit of your discovery time periods, and 2) I have recently been retained and Ms Nestor has approximately 8 depositions which she would need to take in this matter 3)  prior counsel suffered from kidney disease, eye issues and underwent surgery several times, suffered from fatigue prior to his diagnosis and was incapable of rendering any effective counsel to Ms Nestor at all during his employ, he was completely unavailable and as I understand now even walked out of Ms Nestor's deposition half way through, and went straight to the hospital for emergency treatment. His only staff member a secretary also suffered from cancer and had to leave his employ during this period and "crickets were chirping at his office" , but nothing else was going on in the way of legal representation for Ms Nestor. Ms Nestor was not present through the Von Kahele deposition nor did her prior counsel depose the curator.

I will be filing a Motion to Extend these periods and the trial date if I cannot get your approval on same. Please get back to me on this in the next 24 hours.

Thank you.

Sincerely,

Heather A. Rutecki, Esq.

RUTECKI & ASSOCIATES, P.A.
c/o Genovese Joblove & Battista P.A.
100 Southeast 2nd Street
Floor 44
Miami, Florida 33131

Telephone       305-423-4999


This communication contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for use of the use of the Addressee(s) named above.  If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and email. Thank You.


On Jun 27, 2017, at 1:19 PM, Jeremy Korch <JKorch@bastamron.com> wrote:

All:

We have confirmed with Mr. Fleisher and Mr. Lockwood that they are available on August 8 and 10th, respectively for their depositions.  Please confirm that you are also available on those dates for their depositions, and we will get them noticed.  Thanks –

Yours,

JSK

<image001.png>

**JEREMY S. KORCH**
**Attorney**

**BAST AMRON LLP**
Sun Trust International Center          O:305.379.7904
One Southeast Third Avenue             D:305.357.4796
Suite 1400                             jkorch@bastamron.com
Miami Florida 33131                    www.bastamron.com

🖨**Please consider the environment before printing this email.**
------------------------------------------------------------------------------------------------------

This message, together with any attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

# EXHIBIT G

| | |
|---|---|
| **From:** | Heather Rutecki <hrutecki@mac.com> |
| **Sent:** | Tuesday, July 11, 2017 3:50 PM |
| **To:** | Brett Amron |
| **Cc:** | Jeremy Korch; Hayley Harrison; Strop, William; Carpenter, Ryan; Gill, Sylvia; swleeds@cochranfirm.com; Keisha Jones |
| **Subject:** | Re: Von Kahle v. Fidelity- Hearing Before Magistrate/ Request to Extend all Case Management Deadlines by 6 months for Brenda Nestor |

Dear Brett:

This is to confirm that we had our telephone call today's date @ approximately 3:17 pm, and that you do not agree to extending the Case Management deadlines for Ms Nestor despite her being deprived of 6 months of discovery in this matter since you did not name her from the beginning. Our position is that you should have as she was necessary and indispensable party and at least is required to raise her defenses in this proceeding, a proceeding in which you are claiming in your complaint "tens of millions of dollars" in damages . You and I also discussed David Goldstein's ineffectiveness of counsel. I advised he suffered from severe kidney issues and several eye surgeries. You insist Ms Nestor was present at discovery but I advised you that was not true. She was added as a party 6 full months later. I advised you I just appeared and needed the opportunity to get documents off of the docket out of the court reporters office and other. You implied that Mr Strop a separate parties counsel was somehow my representative or tat he should fill some sort of surrogate paralegal capacity to my office. I disagree. Ms Nestor is a separate party brought in via the legal process a full 6 months later, and is in fact an individual, not a bond company, entitled to her own counsel as an individual, and is entitled to raise her own defenses, bring counterclaims and other, all of which you deprived her and continue now to deprive her of. Your office has also refused repeatedly to produce the plaintiff himself for deposition by Ms Nestor since I was retained. I had asked before the discovery cut off, and we also extended your discovery period on 3 occasions, to wit: 2 two separate depositions that you needed and had not completed as of yet despite being in all along, and a hearing of even date herewith, as did the Magistrate this morning citing that my office obviously needed time to get settled into the case. I confirmed that Mr Strop's office will be filing a separate request to extend the Case Management Order dates. We discussed your Expert and I advised you I did not have time to hire any expert being retained only recently and having no documents even as of yet. I have spent the entire 3 weeks in providing your office with other responses to discovery that you had requested of Ms Nestor and Mr Goldstein had not completed, and addresses immediate deadlines and have been trying to reach Mr Goldstein who is unavailable and nearly impossible to track down.

I am disappointed that you could not pay our side the same courtesy we showed yours in this regard, and we will be forced to file our Emergency Motion to Continue & Extend the dates on Ms. Nestor's behalf.

I also listed deposition names for you per your request. And I advised I would be reviewing the entire file to see what depositions need to in fact go forward, and in what order and what other discovery if any would be needed since Ms Nestor did not have Mr Goldstein to rely on when she had paid him and retained him to represent her in this matter. She was also brought in 6 months into discovery which you enjoyed freely. You even wanted to dispute Mr Goldstein's ineffectiveness based on his severe kidney issues and eye surgeries, although the docket reflects this Honorable Court's awareness and yours via his withdraw for severe health reasons and inability to proceed on Ms Nestor;'s behalf.

As a result we could not agree. I am sorry that you could not afford Ms Nestor this basic 6 month courtesy which you r client enjoyed, and then some, by our graciousness this past two weeks since I appeared. Hopefully next call will be more productive and in the spirit of cooperation.

My door ( and cell phone line ) is always open/on.

Sincerely,

Heather A. Rutecki, Esq.

RUTECKI & ASSOCIATES, P.A.
c/o Genovese Joblove & Battista P.A.
100 Southeast 2nd Street
Floor 44
Miami, Florida 33131

Telephone      305-423-4999

This communication contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for use of the use of the Addressee(s) named above.  If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and email. Thank You.

On Jul 11, 2017, at 2:56 PM, Brett Amron <bamron@bastamron.com> wrote:

Heather, we've been asking for over two weeks now for information related to Ms. Nestor's untimely request and you've thus far not provided it (despite promising to do so).  This information (required if you were to seek court approval for such relief) will allow us and the Curator to fully consider the request.  The emails are attached again for your reference.  We've also not heard from Fidelity as to its position regarding Ms. Nestor's untimely request.  What's more, yesterday evening you indicated that Ms. Nestor (and apparently Fidelity) intend to move to strike the Curator's experts (email attached).  Is this something that you also wish to discuss?

Considering the parameters of your availability, I have a 30 min slot from 3:15-3:45 pm.  Given the limited time, please do provide this information in advance of the call so we can have a productive conversation.

<image001.png>
BRETT M. AMRON

BAST AMRON LLP
Sun Trust International Center
One Southeast Third Avenue          O:305.379.7904
Suite 1400                          bamron@bastamron.com
Miami Florida 33131                 www.bastamron.com

🖶 **Please consider the environment before printing this email.**

-------------------------------------------------------------------------------------------------------------------

This message, together with any attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

**From:** Heather Rutecki [mailto:hrutecki@mac.com]
**Sent:** Tuesday, July 11, 2017 2:33 PM
**To:** Jeremy Korch <JKorch@bastamron.com>
**Cc:** Hayley Harrison <hharrison@bastamron.com>; Strop, William <wstrop@bplegal.com>; Cody German <Cody.German@csklegal.com>; norman@floridatax.com; Carpenter, Ryan <RCarpenter@bplegal.com>; Gill, Sylvia <SGill@bplegal.com>; swleeds@cochranfirm.com; Brett Amron <bamron@bastamron.com>; Keisha Jones <kjones@bastamron.com>
**Subject:** Re: Von Kahle v. Fidelity- Hearing Before Magistrate/ Request to Extend all Case Management Deadlines by 6 months for Brenda Nestor

Dear Jeremy:

Please send to my attention the revised Agreed orders per the hearing today and I will get them right back to you assuming the change I asked for are in them. Thanks for your efforts today in trying to work out everything on our plate. Sometimes we will be able to and we make best efforts. IN that regard I must have no later then today a conference call on the request I made weeks ago to extend the Case Management Deadlines in this matter . There is now an other deadline coming up in a few days. I must file my Emergency Motion today if I do not have your agreement to extend. We ask that all deadlines be opened by 6 mo the amount of time Ms Nestor was deprived of by being brought in 6 full months after your respective discovery periods and the case began. My office just got in and we have no documents yet to date, David Goldstein has provided nothing yet and is extremely hard to even get on the telephone.  We need time to review this case and organize. The request is more then reasonable under the circumstances. I cannot wait any longer in light of impending deadlines and the discovery period past just as I came in. The request is simple and uncomplicated. I do not believe that your client has the right to approve or disapprove any particular witness we find necessary to defend this matter, nor do I believe that your client the plaintiff himself has any right to refuse to sit for his own deposition in this case for Ms Nestor who has never deposed him, or was never even a party when he was deposed by Fidelity. She is holding the bag here. Should the Curator continue to refuse to sit for his deposition for Ms Nestor I am going to move to dismiss his entire case against Ms Nestor. It is a rather *universally understood point*. He is bringing the claim. He must sit for his deposition and other discovery.

Please advise **before 5:00 pm today,** or we are forced to file the request by 5:00 p.m on the nose.

Sincerely,

Heather A. Rutecki, Esq.

RUTECKI & ASSOCIATES, P.A.
c/o Genovese Joblove & Battista P.A.
100 Southeast 2nd Street
Floor 44
Miami, Florida 33131

Telephone        305-423-4999

This communication contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for use of the use of the Addressee(s) named above.  If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and email. Thank You.

On Jul 10, 2017, at 5:49 PM, Jeremy Korch <JKorch@bastamron.com> wrote:

Dear Heather –

You had previously indicated that you would be appearing by phone at this hearing. Please confirm that you have made arrangements with the Magistrate's chambers to appear, or if you have not, that the Magistrate will be able to reach you at your office line in your email below.

Thanks –

JSK

<image001.png>

**JEREMY S. KORCH**
**Attorney**

**BAST AMRON LLP**
**Sun Trust International Center**          O:305.379.7904
**One Southeast Third Avenue**          D:305.357.4796
**Suite 1400**                                      jkorch@bastamron.com
**Miami Florida 33131**                      www.bastamron.com

**Please consider the environment before printing this email.**
-----------------------------------------------------------------------------------------------------------------------
This message, together with any attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

**From:** Heather Rutecki [mailto:hrutecki@mac.com]
**Sent:** Monday, June 26, 2017 8:32 PM
**To:** Hayley Harrison <hharrison@bastamron.com>
**Cc:** Strop, William <wstrop@bplegal.com>; Cody German <Cody.German@csklegal.com>; norman@floridatax.com; Carpenter, Ryan <RCarpenter@bplegal.com>; Gill, Sylvia <SGill@bplegal.com>; swleeds@cochranfirm.com; Brett Amron <bamron@bastamron.com>; Keisha Jones <kjones@bastamron.com>; Jeremy Korch <JKorch@bastamron.com>
**Subject:** Re: Von Kahle v. Fidelity- Hearing Before Magistrate

Dear All:

I have received two separate requests to allow two separate depositions beyond the current discovery cut off.

I am in agreement as to both of your requests regarding same.

I can also be available on July 12, 2017 (telephonically) for the Magistrate's Hearings @ 8:30 am. Please confirm if that is agreeable to everyone. I selected this date by adjusting my schedule to use a date that was apparently the most suitable date after reviewing all of my emails on this topic. July 11, 2017 ( telephonically ) @ 1:30 pm also works for me.

Sincerely,

Heather A. Rutecki, Esq.

RUTECKI & ASSOCIATES, P.A.
c/o Genovese Joblove & Battista P.A.
100 Southeast 2nd Street
Floor 44
Miami, Florida 33131

Telephone       305-423-4999

This communication contains PRIVILEGED
AND CONFIDENTIAL INFORMATION intended only for use of the use of the Addressee(s) named above.  If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and email. Thank You.

On Jun 26, 2017, at 11:43 AM, Hayley Harrison
<hharrison@bastamron.com> wrote:

Good Morning All,
We plan to set the following for hearing before the Magistrate:
Nestor's Objection to the Lockwood Subpoena
Nestor's Objection to the Fleisher Subpoena
Fleisher's Supplemental Objection and Motion for Protective Order.

5

The Magistrate has the following hearing dates/times available:
7/10 @ 1:30
7/11 @ 1:30
7/12 @ 8:30
7/13 @ 8:30

Please advise as to your availability.

Thanks,

<image001.png>

**HAYLEY GERSON HARRISON**
**Attorney**

**BAST AMRON LLP**
| | |
|---|---|
| **Sun Trust International Center** | O:305.379.7904 |
| **One Southeast Third Avenue** | D:786.219.4057 |
| **Suite 1400** | hharrison@bastamron.com |
| **Miami Florida 33131** | www.bastamron.com |

♺ **Please consider the environment before printing this email.**

-------------------------------------------------------------------------------------------------------------------------------

This message, together with any attachments, is intended only for the addressee. It may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone (305.379.7904) or by return e-mail and delete this message, along with any attachments.

<Mail Attachment.eml><Mail Attachment.eml>

**EXHIBIT H**

MEDREQ,REF_DISCOV,WM

# U.S. District Court
## Southern District of Florida (West Palm Beach)
## CIVIL DOCKET FOR CASE #: 9:17-cv-80522-KAM

Dude v. Congress Plaza, LLC et al

Assigned to: Judge Kenneth A. Marra

Referred to: Magistrate Judge William Matthewman

Case in other court: 15th Judicial Circuit of Florida, 50-02016-CA-011067

Cause: 28:1442 Notice of Removal

Date Filed: 04/25/2017

Jury Demand: None

Nature of Suit: 870 Taxes

Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Dietmar Dude**        represented by   **Aldo Beltrano**
Aldo Beltrano PA
4495 Military Trail
Suite 107
Jupiter, FL 33458
561-799-6577
Fax: 561-799-6241
Email: service@beltranolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Congress Plaza, LLC**       represented by   **David Michael Goldstein**
Law Offices of David M. Goldstein PA
1125 N.E. 125th Street
Suite 302
North Miami, FL 33161
305-372-3535
Fax: 577-8232
Email: david@dmgpa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barry G. Roderman**
Barry G. Roderman & Associates, P.a.
Trial Lawyer's Building
633 SE 3rd Avenue
Suite 4R
Fort Lauderdale, FL 33301
954-761-8810

Fax: 888-246-9753
Email: bgr@barryroderman.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Congress 1010, LLC**                          represented by **David Michael Goldstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barry G. Roderman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**S&J Property Holdings, LLC**                  represented by **Cary Alan Lubetsky**
Krinzman Huss & Lubetsky
800 Brickell Avenue
Suite 1501
Miami, FL 33131
305-854-9700
Fax: 854-0508
Email: cal@khllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fennario Investments, LLC**                   represented by **Cynthia Marie Ramos**
*TERMINATED: 05/25/2017*                        Shapiro Ramos, P.A.
19 West Flagler Street
Suite 516
Miami, FL 33130
305-374-0052 ext 301
Fax: 305-374-7320
Email: cmr@shapiroramos.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**David M. Goldstein, P.A.**                    represented by **David Michael Goldstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barry G. Roderman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

David M. Goldstein

represented by **David Michael Goldstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barry G. Roderman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

Barry G. Roderman

represented by **Barry G. Roderman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

Internal Revenue Service
*TERMINATED: 05/10/2017*

represented by **Nicholas S. Bahnsen**
U.S. Department of Justice
Tax Division
PO Box 14198
Washington, DC 20044
202-616-3309
Email: Nicholas.S.Bahnsen@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/25/2017 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT) Filing fees $400.00. USA Filer - No Filing Fee Required, filed by Internal Revenue Service. (Attachments: # 1 Appendix Ex. A - State Court Complaint, # 2 Civil Cover Sheet)(Bahnsen, Nicholas) (Entered: 04/25/2017) |
| 04/25/2017 | 2 | Judge Assignment to Judge Kenneth A. Marra (lrz1) (Entered: 04/26/2017) |
| 04/26/2017 | 3 | Clerks Notice pursuant to 28 USC 636(c). Parties are hereby notified that the U.S. Magistrate Judge William Matthewman is available to handle any or all proceedings in this case. If agreed, parties should complete and file the attached form. It is not necessary to file a document indicating lack of consent. (lrz1) (Entered: 04/26/2017) |
| 04/27/2017 | 4 | Order Requiring Counsel to Confer and File Joint Scheduling Report. Signed by Judge Kenneth A. Marra on 4/27/2017. (ir) (Entered: 04/27/2017) |
| 05/01/2017 | 5 | ANSWER and Affirmative Defenses to Complaint *to Amended Complaint* by Fennario Investments, LLC. Attorney Cynthia Marie Ramos added to party Fennario Investments, LLC(pty:dft). (Ramos, Cynthia) (Entered: 05/01/2017) |
| 05/02/2017 | 6 | MOTION to Dismiss for Lack of Jurisdiction 1 Notice of Removal (State Court Complaint) by Internal Revenue Service. Responses due by 5/16/2017 (Bahnsen, Nicholas) (Entered: 05/02/2017) |

| | | |
|---|---|---|
| 05/02/2017 | 7 | NOTICE of Attorney Appearance by Cary Alan Lubetsky on behalf of S&J Property Holdings, LLC. Attorney Cary Alan Lubetsky added to party S&J Property Holdings, LLC(pty:dft). (Lubetsky, Cary) (Entered: 05/02/2017) |
| 05/03/2017 | 8 | NOTICE of Attorney Appearance by Cynthia Marie Ramos on behalf of Fennario Investments, LLC (Ramos, Cynthia) (Entered: 05/03/2017) |
| 05/05/2017 | 9 | NOTICE of Attorney Appearance by Barry G. Roderman on behalf of Congress 1010, LLC, Congress Plaza, LLC, Barry G. Roderman. Attorney Barry G. Roderman added to party Congress 1010, LLC(pty:dft), Attorney Barry G. Roderman added to party Congress Plaza, LLC(pty:dft), Attorney Barry G. Roderman added to party Barry G. Roderman(pty:dft). (Roderman, Barry) (Entered: 05/05/2017) |
| 05/08/2017 | 10 | MOTION TO DISMISS 1 Notice of Removal (State Court Complaint) FOR FAILURE TO STATE A CLAIM by S&J Property Holdings, LLC. Responses due by 5/22/2017 (Lubetsky, Cary) (Entered: 05/08/2017) |
| 05/09/2017 | 11 | NOTICE of Attorney Appearance by David Michael Goldstein on behalf of Congress 1010, LLC, Congress Plaza, LLC, David M. Goldstein, P.A., David M. Goldstein. Attorney David Michael Goldstein added to party Congress 1010, LLC(pty:dft), Attorney David Michael Goldstein added to party Congress Plaza, LLC(pty:dft), Attorney David Michael Goldstein added to party David M. Goldstein, P.A.(pty:dft), Attorney David Michael Goldstein added to party David M. Goldstein(pty:dft). (Goldstein, David) (Entered: 05/09/2017) |
| 05/10/2017 | 12 | NOTICE by Dietmar Dude re 6 MOTION to Dismiss for Lack of Jurisdiction 1 Notice of Removal (State Court Complaint) *of Filing of Proposed Order* (Attachments: # 1 Text of Proposed Order Proposed Agreed Order Granting IRS Motion to Dismiss) (Beltrano, Aldo) (Entered: 05/10/2017) |
| 05/10/2017 | 13 | ORDER granting 6 Motion to Dismiss for Lack of Jurisdiction by Internal Revenue Service. Signed by Judge Kenneth A. Marra on 5/10/2017. (ir) (Entered: 05/10/2017) |
| 05/18/2017 | 14 | RESPONSE *to Plaintiff's First Request for Production of Documents* by Fennario Investments, LLC. (Ramos, Cynthia) (Entered: 05/18/2017) |
| 05/22/2017 | 15 | Unopposed MOTION for Extension of Time for Plaintiff to File Response to S&J Property Holdings, LLC's Motion to Dismiss re 10 MOTION TO DISMISS 1 Notice of Removal (State Court Complaint) FOR FAILURE TO STATE A CLAIM by Dietmar Dude. Responses due by 6/5/2017 (Beltrano, Aldo) (Entered: 05/22/2017) |
| 05/22/2017 | 16 | PAPERLESS ORDER granting 15 Plaintiff's Unopposed Motion for Enlargement of Time for Plaintiff to File Response to S&J Property Holdings, LLC's Motion to Dismiss. Response due by 6/21/2017. Signed by Judge Kenneth A. Marra on 5/22/2017. (lh1) (Entered: 05/22/2017) |
| 05/23/2017 | 17 | STIPULATION of Dismissal by Fennario Investments, LLC (Ramos, Cynthia) (Entered: 05/23/2017) |
| 05/25/2017 | 18 | ORDER re 17 Stipulation of Dismissal filed by Fennario Investments, LLC. Fennario Investments, LLC terminated. Signed by Judge Kenneth A. Marra on 5/24/2017. (ir) (Entered: 05/25/2017) |
| 05/30/2017 | 19 | Joint SCHEDULING REPORT - **Rule 16.1** by S&J Property Holdings, LLC (Lubetsky, Cary) (Entered: 05/30/2017) |

| 06/01/2017 | 20 | NOTICE OF UNAVAILABILITY by Congress 1010, LLC, Congress Plaza, LLC, David M. Goldstein, P.A., David M. Goldstein, Barry G. Roderman for dates of 7/7/17-7/17/17. Attorney Barry G. Roderman added to party David M. Goldstein, P.A.(pty:dft), Attorney Barry G. Roderman added to party David M. Goldstein(pty:dft). (Roderman, Barry) (Entered: 06/01/2017) |
|---|---|---|
| 06/02/2017 | 21 | SCHEDULING ORDER Setting Trial Date & Discovery Deadliens, Referring Case To Mediation & Referring Discovery Motions To United States Magistrate Judge: (Jury Trial set for 8/20/2018 09:00 AM in West Palm Beach Division before Judge Kenneth A. Marra., Calendar Call set for 8/17/2018 10:00 AM in West Palm Beach Division before Judge Kenneth A. Marra., Amended Pleadings due by 7/21/2017., Discovery due by 2/9/2018., Joinder of Parties due by 7/21/2017., Substantive Pretrial Motions due by 3/12/2018.), ORDER REFERRING CASE to Mediation., ORDER REFERRING CASE to Magistrate Judge William Matthewman for Discovery Matters. Signed by Judge Kenneth A. Marra on 6/2/2017. (jas) <br><br>**Pattern Jury Instruction Builder -** To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 06/05/2017) |
| 06/05/2017 | 22 | ORDER SETTING DISCOVERY PROCEDURE Signed by Magistrate Judge William Matthewman on 6/5/2017. (kza) (Entered: 06/07/2017) |
| 06/15/2017 | 23 | Defendant's MOTION to Disqualify Counsel *for Plaintiffs* ( Responses due by 6/29/2017), Defendant's MOTION for Hearing by Congress 1010, LLC, Congress Plaza, LLC. (Goldstein, David) (Entered: 06/15/2017) |
| 06/19/2017 | 24 | ORDER REFERRING 23 Defendant's MOTION to Disqualify Counsel *for Plaintiffs*Defendant's MOTION for Hearing filed by Congress 1010, LLC, Congress Plaza, LLC. Motions referred to Judge William Matthewman. Signed by Judge Kenneth A. Marra on 6/19/2017. (jas) (Entered: 06/19/2017) |
| 06/20/2017 | 25 | RESPONSE to Motion re 23 Defendant's MOTION to Disqualify Counsel *for Plaintiffs*Defendant's MOTION for Hearing filed by Dietmar Dude. Replies due by 6/27/2017. (Attachments: # 1 Exhibit A--Settlement Agreement, # 2 Exhibit B--Attorney Charging Lien, # 3 Exhibit C--Dorra Affidavit, # 4 Exhibit D--Combined Closing Statement, # 5 Exhibit E--Promissory Note (Lizza), # 6 Exhibit F--Repayment Schedule, # 7 Exhibit G--Consent, # 8 Exhibit H--Stipulation of Substitution, # 9 Exhibit I--Verified Complaint for Foreclosure) (Beltrano, Aldo) (Entered: 06/20/2017) |
| 06/21/2017 | 26 | ORDER SETTING EVIDENTIARY HEARING ON DEFENDANTS' MOTION TO DISQUALIFY ATTORNEY [DE 23]: granting in part 23 Motion for Hearing. Evidentiary Hearing set for 7/11/2017 at 1:30 PM in West Palm Beach Division before Magistrate Judge William Matthewman. Signed by Magistrate Judge William Matthewman on 6/21/2017. (kza) (Entered: 06/21/2017) |
| 06/21/2017 | 27 | Unopposed MOTION for Extension of Time to File Response to S&J Property Holding Motion to Dismiss re 10 MOTION TO DISMISS 1 Notice of Removal (State Court Complaint) FOR FAILURE TO STATE A CLAIM by Dietmar Dude. Responses due by 7/5/2017 (Beltrano, Aldo) (Entered: 06/21/2017) |
| 06/22/2017 | 28 | ENDORSED ORDER granting 27 Motion for Extension of Time to respond to 10 MOTION TO DISMISS 1 Notice of Removal (State Court Complaint) FOR FAILURE TO STATE A |

| | | CLAIM filed by S&J Property Holdings, LLC. Responses due by 7/21/2017. Signed by Judge Kenneth A. Marra on 6/22/2017. (ir) (Entered: 06/22/2017) |
|---|---|---|
| 07/06/2017 | 29 | MOTION to Amend/Correct *Complaint* by Dietmar Dude. Responses due by 7/20/2017 (Attachments: # 1 Exhibit A--Second Amended Complaint)(Beltrano, Aldo) (Entered: 07/06/2017) |
| 07/07/2017 | 30 | NOTICE by Congress 1010, LLC, Congress Plaza, LLC, David M. Goldstein, P.A. re 23 Defendant's MOTION to Disqualify Counsel *for Plaintiffs* Defendant's MOTION for Hearing , 26 Order on Motion for Hearing, *Joint Notice Regarding Evidentiary Hearing* (Goldstein, David) (Entered: 07/07/2017) |
| 07/07/2017 | 31 | NOTICE by Dietmar Dude re 30 Notice (Other), 26 Order on Motion for Hearing, *Amended Joint* (Beltrano, Aldo) (Entered: 07/07/2017) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/12/2017 07:22:58 | | |
| **PACER Login:** | ba2708:3290520:0 | **Client Code:** | 1104-021 |
| **Description:** | Docket Report | **Search Criteria:** | 9:17-cv-80522-KAM |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# EXHIBIT "6"

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

COMPLEX BUSINESS LITIGATION SECTION

CASE NO.: 2016-021099-CA-01
SECTION: CA 40

Philip Von Kahle, Curator

    Plaintiff,

vs.

Fidelity and Deposit Company of Maryland
    Defendant.

_____/

## AMENDED CASE MANAGEMENT ORDER

### Case Management Schedule

| | |
|---|---|
| **JURY TRIAL DATE AND TIME** | April 30, 2018 <br> At <br> 9:00 AM |
| **FINAL CASE MANAGEMENT CONFERENCE DATE / STATUS REPORT DUE DATE (IN LIEU OF FINAL CASE MANAGEMENT CONFERENCE)** | January 18, 2018 <br> At <br> 11:00 AM |
| **FINAL PRE-TRIAL CONFERENCE DATE** | April 12, 2018 <br> At <br> 9:30 AM |

THIS CAUSE came before the Court pursuant to the Court's notice and order. All counsel and the parties were present or by telephone. This case has been assigned to Division 40, Complex Business Litigation Court pursuant to Administrative Order No. 14-14, in the Eleventh Judicial Circuit, in and for Miami, Miami-Dade County, Florida. After reviewing the Joint Case Management Report, with the stipulation of the Parties to the trial date set forth below and being otherwise fully informed, it is

**ORDERED AND ADJUDGED** that unless later modified by Order of this Court, the following schedule of events shall control the management and proceedings in this case.

## COMMUNICATION WITH THE COURT AND AMONG THE PARTIES

1.      The parties are represented by the following who shall be designated "Lead Trial Counsel":

☒ for Plaintiff: Brett M. Amron & Scott Leeds

☒ for Defendant: William H. Stop

For Third-party Defendant: Heather Ann Rutecki

2.      **Courtesy copies of all motions and memoranda related thereto where required shall be submitted through the e-courtesy portal and to the CBL Document Library at cbl@jud11.flcourts.org. immediately upon being filed with the Clerk of the Court.** All communications with the Court must be sent to the following address:

The Honorable John W. Thornton, Jr.
73 West Flagler Street, Suite 1017
Miami, Florida 33130
Telephone: 305.349.7255
Facsimile: 305.349.7252
E-Mail: cbl@jud11.flcourts.org

## MOTIONS, DISCOVERY, ALTERNATIVE DISPUTE RESOLUTION AND TRIAL

3.      Any motions for leave to amend the pleadings to add additional parties or otherwise, shall be filed no later than 08/14/2017 for the plaintiff and 9/15/17 for defendants.

4.      Any motions to dismiss or other preliminary or pre-discovery motions shall be filed and briefed on or before N/A.

5.      The parties are directed to comply in all respects with the Complex Business Litigation Rules located at: www.jud11.flcourts.org.

6.    The trial of this case shall occur during the **three (3) week** trial period beginning 04/30/2018 with **Call of the Calendar** at 04/27/2018 on 9:00 AM. The parties estimate the trial will be completed in 11-15 days.  Pursuant to Fla. R. Civ. P. 1.201 (b)(3) continuance of the trial will be granted only upon good cause shown.

**The parties shall stipulate to comply with Paragraph 7.A. or 7.B.**

7.A.    Pursuant to Fla. R. Civ. P. 1.201 (d), which requires a Final Case Management conference be set ninety days prior to the trial date, the same is scheduled as above noted, in Courtroom 10-1.  At least ten (10) days prior to said conference, the parties shall confer and prepare a joint case status report which shall comply with rule 1.201 (d)(1-8).  The Joint Case Status Report shall be submitted to the Court five (5) days prior to the hearing.

7.B.    In lieu of a Final Case Management Conference, the parties agree to submit, ninety (90) days prior to trial, a Joint Final Case Status Report which contains all information required by Rule 1.201 (d)(1-8).

8.    The Final Pre-Trial Conference is scheduled as above noted in Courtroom 10-1.  The parties shall prepare in advance and provide at the pre-trial conference an updated pre-trial statement comporting with CBL Rule 9.2.

9.    The parties shall have until 10/31/2017 to conduct and conclude fact discovery.  It is further ordered that the setting of the discovery deadline will not limit any party from filing summary judgment motions during the period, but any such motions should be narrowly drawn to address only issues on which discovery has been completed.  If there are still motions pending after the discovery period, the Court will set a briefing schedule at that time.

10.    The Parties are limited to 4 expert witnesses per party. In all respects, the presumptive limitations on discovery contained in the Complex Business Litigation Procedures shall apply.

11.    The Plaintiff(s) shall designate the experts expected to be called at trial and provide all information specified in CBL Rule 6.2 by 6/30/17.

The Defendant(s) shall designate the experts expected to be called at trial and provide all information specified in CBL Rule 6.2 by 7/15/17.

The Third Party Defendant Nestor shall designate the experts expected to be called at trial and provide all information specified in CBL Rule 6.2 by 10/31/17.

12.    Rebuttal reports shall be due by 11/10/17.

13.    Expert depositions shall be completed by 12/31/2017.

14.    Dispositive Motions and *Daubert* Motions shall be filed by 1/19/18.

15.    Motions in limine shall be filed by 03/31/2018.

16.    The parties shall mediate this dispute before April 15, 2017 with the mediator of their choice. Plaintiff shall advise the Court of the precise date of mediation no later than five (5) days prior. Plaintiff is **Ordered** to advise the Court, in writing, of the outcome of the mediation no later than five (5) days following the conclusion of the mediation conference. A final mediation is required, the same shall be scheduled before 03/31/2018. Plaintiff shall advise the Court of the precise date of mediation no later than five (5) days prior. Plaintiff is **Ordered** to advise the Court, in writing, of the outcome of the mediation no later than five (5) days following the conclusion of the mediation conference.

17.    The parties shall submit to non-binding arbitration by N/A.

18.    In the event any party files a petition for writ of certiorari or a notice of appeal during the course of the proceeding which would divest this Court of jurisdiction, said party shall provide the Court with a copy of same in order to advise the Court that such a proceeding has been commenced.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2702,**

**Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

        **DONE AND ORDERED** in Chamber at Miami, Miami-Dade County, Florida on August 1, 2017.

CA-01

John W. Thornton Jr.
CIRCUIT JUDGE

No Further Judicial Action Required on THIS MOTION.  CLERK TO RECLOSE CASE IF POST JUDGMENT.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been furnished/hand delivered to all parties on 8/1/17.

Electronic Service List
Andrew Scott Berman <aberman@ybkglaw.com>, <mherrera@ybkglaw.com>
Andrew S. Berman <ABerman@ybkglaw.com>, <mherrera@ybkglaw.com>
Brett M Amron <bamron@bastamron.com>, <kjones@bastamron.com>, <jkorch@bastamron.com>
Peter Klock <pklock@bastamron.com>
Cbl Section 40 Case Mgr <cbl40@jud11.flcourts.org>
David M. Goldstein <david@dmgpa.com>, <carmen@dmgpa.com>, <carmen@dmgpa.com>
Hayley Gerson Harrison <hharrison@bastamron.com>, <mdesvergunat@bastamron.com>, <kjones@bastamron.com>
Heather Ann Rutecki <hrutecki@ruteckiandassociates.com>, <jpalmer@ruteckiandassociates.com>, <lkoenigsberg@ruteckiandassociates.com>
Jeremy S. Korch <jkorch@bastamron.com>, <kjones@bastamron.com>, <jmiranda@bastamron.com>
John Sigmund Freud <jfreud@msolinc.net>
Norman A Fleisher <nfleisher@floridatax.com>, <hbohen@floridatax.com>, <lmcdaniel@floridatax.com>

Scott W Leeds <swleeds@cochranfirm.com>, <hthomas@cochranfirm.com>
William H. Strop <wstrop@bplegal.com>, <sgill@bplegal.com>, <FTLefile@bplegal.com>
Brett M. Amron <bamron@bastamron.com>, <jkorch@bastamron.com>, <hharrison@bastamron.com>
Scott W. Leeds <swleeds@cochranfirm.com>
Ryan F. Carpenter, Esq. <rcarpenter@bplegal.com>
David M. Goldstein, Esq. <david@dmgpa.com>, <meryl@dmgpa.com>

Mailing Service List
Victor (Estate of) Posner
Fidelity and Deposit Company of Maryland, 1400 American Lane, Schaumburg, IL 60196
BRENDA D NESTOR

# EXHIBIT "7"

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

PHILIP VON KAHLE, CURATOR, on
behalf of THE GOVERNOR OF FLORIDA,
for the use and benefit of the ESTATE OF
VICTOR POSNER, and for All Other
Interested Parties,

COMPLEX BUSINESS LITIGATION

CASE NO.: 2016-21099-CA-40

       Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND, a Maryland Corporation,

       Defendant,

v.

BRENDA D. NESTOR,

       Third-Party Defendant.

---

**ORDER GRANTING RUTECKI & ASSOCIATES, P.A. MOTION TO WITHDRAW AS
COUNSEL OF RECORD FOR THIRD-PARTY DEFENDANT, BRENDA D. NESTOR
AND MOTION TO EXTEND DEADLINES FOR BRENDA D. NESTOR**

**THIS CAUSE** having come before the Court upon Rutecki & Associates, P.A.'s Motion

to Withdraw as counsel of record for Third-Party Defendant, Brenda D. Nestor, and the Court

having heard the argument of the parties, having reviewed the proposed Order, together with the

Court file in this action, and otherwise being duly and fully advised in the premises, it is

**ORDERED and ADJUDGED**:

1.      The Motion is **GRANTED**.

2.      Heather A. Rutecki, Esq., and Rutecki & Associates, P.A., are withdrawn as

counsel for Nestor, and are relieved of any further legal obligation, responsibility, and

representation of Nestor in the above-referenced matter as of August 28, 2017 per the

CASE NO.: 2016-21099-CA-40

Emergency Telephonic Hearing conducted in this matter for this purpose.

    3.    Nestor shall be considered as proceeding *pro se*, and all further pleadings, motions, notices, requests, correspondences, and other documents should be sent directly to Nestor at: 39 Palm Avenue, Miami Beach, Florida 33139 and/or via email at brendadnestor3939@gmail.com. Note all parties shall use this exact email only for Ms. Nestor since the clerk has an incorrect email for Ms. Nestor. All parties shall update their records pursuant to this Order with her correct email, and Ms. Nestor shall personally notify the clerk also of her correct email.

    4.    This Order does not change the deadlines set forth in the Amended Case Management Order entered on August 1, 2017 except as stated herein.

    5.    Ms. Nestor is to have any new counsel appear no later then September 6, 2017.

    6.    Defendants have until September 30, 2017 to complete the deposition of the Curator; as to Fidelity, it may only depose the Curator concerning new allegations contained in the Second Amended Complaint.

    7.    Defendants may seek leave to amend any pleadings to add additional parties or otherwise within 10 days following the completion of the Plaintiff/Curator's deposition, but in any event not later than October 10, 2017.

    DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 08/30/17.

JOHN W. THORNTON
CIRCUIT COURT JUDGE

**No Further Judicial Action Required on THIS MOTION**

CASE NO.: 2016-21099-CA-40

**CLERK TO <u>RECLOSE</u> CASE <u>IF</u> POST JUDGMENT**

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed and stamped original Order sent to court file by Judge Thornton's staff.

<u>**SERVICE LIST**</u>

*<u>Via E-Mail:</u>*

Heather A. Rutecki, Esq.
RUTECKI & ASSOCIATES, P.A.
2 South Biscayne Boulevard, Suite # 3760
Miami, Florida 33131
Telephone:  (305) 423-4999
Facsimile:  (305) 428-4998
hrutecki@ruteckiandassociates.com
*Former counsel for Nestor*

William H. Strop, Esq.
Ryan F. Carpenter, Esq.
Becker & Poliakoff, P.A.
One East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176
Email: wstrop@bplegal.com
Email: rcarpenter@bplegal.com.com
Email: sgill@bplegal.com
*Counsel for Fidelity*

Scott W. Leeds, Esq.
The Cochran Firm – South Florida
657 South Drive, Suite 304
Miami Springs, Florida 33166
Telephone:  (305) 567-1200
Facsimile:  (305) 856-7747
Email: swleeds@cochranfirm.com
*Co-Special Counsel for the Curator*

Brett M. Amron, Esq.
Jeremy S. Korch, Esq.
Hayley G. Harrison, Esq.
Bast Amron LLP
SunTrust International Center
One Southeast Third Ave., Suite 1400
Miami, Florida 33131
Telephone:  (305) 379-7904
Facsimile:  (305) 379-7905
Email: bamron@bastamron.com
Email: jkorch@bastamron.com
Email: hharrison@bastamron.com
*Co-Special Counsel for the Curator*

Brenda D. Nestor
39 Palm Avenue
Miami, Beach, Florida 33139
Email: brendanestor3939@gmail.com
*Third-Party Defendant*