

**ORDERED in the Southern District of Florida on September 25, 2017.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

BRENDA DIANA NESTOR,                                    Case No.: 17-21187-BKC-AJC
                                                        Chapter 11

_____Debtor._____/

### ORDER GRANTING IN PART CURATOR'S EXPEDITED MOTION FOR RELIEF FROM AUTOMATIC STAY TO ALLOW STATE COURT LITIGATION TO PROCEED OR FOR A DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO PENDING STATE COURT ACTION [ECF NO. 6]

**THIS CAUSE** having come before the Court for hearing on September 20, 2017 at 10:30 a.m. upon *Philip von Kahle, as Curator of the Estate of Victor Posner's Expedited Motion for Relief from Automatic Stay to Allow State Court Litigation to Proceed or For a Determination that the Automatic Stay Does Not Apply to Pending State Court Action* (ECF No. 6) (the

00470340.DOCX 5

"Motion")[1], and the Court, having reviewed (i) the Motion, (ii) the *Surety's Response to Expedited Motion for Relief From Automatic Stay* filed by Fidelity & Deposit Company of Maryland (ECF No. 13) ("Fidelity's Response"), (iii) the Debtor's Response (ECF No. 17) (the "Debtor's Response"), (iv) the Curator's *Notice of Supplemental Authority in Support of his Expedited Motion for Relief from Automatic Stay to Allow State Court Litigation to Proceed or For a Determination that the Automatic Stay Does Not Apply to Pending State Court Action* (ECF No. 21) (the "Notice of Supplemental Authority"), and (v) the Court file; having heard argument of counsel for (i) the Curator, (ii) Fidelity, and (iii) the Debtor; being otherwise fully advised in the premises; and for the reasons set forth (a) on the record, (b) in the Motion, (c) in the Notice of Supplemental Authority, and (d) in the following cases cited by the Curator during the hearing, (i) *J.O. Phillips v. Fidelity & Deposit Company of Maryland*, 338 F.2d 55 (5th Cir. 1964), (ii) *In re McLean Trucking Company*, 74 B.R. 820 (Bankr. W.D.N.C. 1987), (iii) *In re Nelson Quality Eggs*, 1989 WL 29877 (Bankr. D. Minn. 1989), and (iv) *In re Hallmark Builders, Inc.*, 205 B.R. 974 (Bankr. M.D. Fla. 1996), which are incorporated herein by reference, it is

**ORDERED** as follows:

1. For the reasons set forth on the record, in the Motion and in the Notice of Supplemental Authority, which are incorporated herein by reference, the Motion is granted in part, as set forth herein.

2. For the reasons set forth on the record, in the Motion, and in the Notice of Supplemental Authority, which are incorporated herein by reference, the Court finds that: (a) the State Court Litigation is not within the jurisdiction of this Court; and (b) the Bond is not property of the Debtor's bankruptcy estate; thus, the automatic stay does not apply.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

3.  Notwithstanding the foregoing, to the extent the automatic stay could be construed to apply, the Court finds that cause exists under 11 U.S.C. § 362 to immediately lift the automatic stay in full with respect to the State Court Litigation.

4.  For the reasons set forth on the record, which are incorporated herein by reference, this Order shall be effective immediately upon entry, and shall not be stayed by operation of Federal Rule of Bankruptcy Procedure 4001.

###

Submitted By:

Brett M. Amron, Esquire
BAST AMRON LLP
*Counsel for Philip Von Kahle as Curator of the Estate of Victor Posner*
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida  33131
Telephone:  305.379.7904
Email: bamron@bastamron.com

Copy furnished to:
Brett M. Amron, Esquire
Attorney, Brett M. Amron shall serve copies of this Order on all interested parties and file a Certificate of Service.