## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                          Case No. 17-21187-AJC
BRENDA DIANA NESTOR

                                                                Chapter 11
                                                                Miami-Dade Division

_____ Debtor _____ /

### DEBTOR IN POSSESSION'S APPLICATION FOR EMPLOYMENT OF ROY D. OPPENHEIM, ESQUIRE AND OPPENHEIM LAW FOR EMPLOYMENT AS SPECIAL COUNSEL
### (Hearing Requested on October 27, 2017)

**BRENDA DIANA NESTOR,** Debtor in Possession (the "Debtor"), respectfully requests an order of the court authorizing the employment of Roy D. Oppenheim, Esquire of the law firm of Oppenheim Pilelsky, P.A. ("Oppenheim Law") to represent the Debtor in this case as Special Counsel and states:

1.      On August 31, 2017, the Debtor filed a voluntary petition under chapter 11 of the United States Bankruptcy Code.

2.      The Debtor desires to employ Roy D. Oppenheim, Esquire for the purpose of providing service as Special Counsel.  Mr. Oppenheim will be representing the Debtor in the following current lawsuits filed in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida:

   a)      *Philip Von Kahle, Curator vs. Fidelity and Deposit Company of Maryland,* Case Number 2016-21099 CA 40 (the "F&D Litigation");

   b)      *In Re: ESTATE OF VICTOR POSNER, Case Numbers 2002-000595-CP-02, 2002-002058-CP-02, 2002-003301-CP-02, 2002-003701-CP-02; and*

1

      c)      *Bank of America, N.A. v. Brenda Nestor, et al.* Case Number 2017-019569-CA-01;

(collectively the "State Court Litigation").

3.      For further reference to the ongoing F&D Litigation, please see *Curator's Expedited Motion for Relief from Automatic Stay to Allow State Court Litigation to Proceed or for a Determination that the Automatic Stay Does not Apply to Pending State Court* [ECF NO. 6] and *Order Granting In Part Curator's Expedited Motion for Relief from Automatic Stay to Allow State Court Litigation to Proceed or for a Determination that the Automatic Stay Does not Apply to Pending State Court Action* [ECF NO. 28].

4.      The Debtor believes that Mr. Oppenheim has experience in specialized complex business and real estate litigation matters and is also qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties as needed.

5.      The professional services the Special Counsel will render are summarized as follows:

      (a)      Defend and prosecute the Debtor's complex business and real estate litigation cases currently pending in the State Court Litigation.

      (b)      Collaborate with Ron Lewis, Esquire when necessary (particularly in reference to potential interrelated legal issues between the State Court Litigation and the Bankruptcy Court case) as it relates to following:

            (i)      Providing advice to the debtor with respect to its powers and duties as a Debtor-in-possession and the continued management of its business operations;

            (ii)      To advise the Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and

Reporting Requirements and with the rules of the court;

(iii)    To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

(iv)    To protect the interest of the Debtor in all matters pending before the court;

(v)    To represent the Debtor in negotiations with its creditors in the preparation of a plan.

6.    Attached on Exhibit "A" is Mr. Roy D. Oppenheim's Curriculum Vitae.  As is demonstrated, he is a very well-regarded Florida attorney with a significant breadth and depth of experience, particularly in handling complex probate, real estate, and commercial litigation matters.  Given the respective intricacies in the State Court Litigation as well as in the Bankruptcy Case, the Debtor feels that Mr. Oppenheim is well qualified to serve in the capacity of Special Counsel because Mr. Oppenheim's unique skill set will allow for appropriate advisement accordingly.

7.    Oppenheim Law will apply for compensation and reimbursement of costs, pursuant to Sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtor.

8.    To the best of the Debtor's knowledge, neither said attorney nor said law firm have any connection with the creditors or other parties in interest or their respective attorneys.  Neither said attorney nor said law firm represent any interest adverse to the Debtor.

9.    Attached to this Application on Exhibit "B" is the proposed attorney's affidavit demonstrating Roy D. Oppenheim, Esquire and Oppenheim Law are disinterested as required by

3

Esquire and Oppenheim Law on a general retainer, pursuant to 11 U.S.C. §§327 and 330.

    I CERTIFY that a true copy of this application was mailed on $\underline{Oct\ 6^{th}\ 2017}$ to the parties indicated below.

_____
Signature

Brenda D. Nestor
_____

39 Palm Ave., Miami Beach, FL 33139
_____
Address

(305) 988-0525
_____
Phone

Attach or file separately a Local Rule 2002-1(F) certificate of service reflecting manner and date of service on the following parties.

Debtor
U.S. Trustee
Attorney for Creditor's Committee (or
if none 20 largest unsecured creditors) All
Appearances

4