UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

BRENDA DIANA NESTOR,　　　　　　　　　　　Case No. 17-21187-LMI
　　　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　　　Debtor,
_____/

**(A) RESPONSE OF CHARLES (CHIP) HOEBEKE, COURT APPOINTED RECEIVER OVER EVANS TEMPCON, INC. (THE "RECEIVER"), TO EMERGENCY MOTION OF LEWIS & THOMAS LLP, RONALD LEWIS, ESQ., DONALD THOMAS, ESQ. AND STEVEN FENDER, ESQ. TO WITHDRAW AS COUNSEL FOR THE DEBTOR BRENDA DIANA NESTOR ("MOTION") ("RESPONSE"), AND (B) MOTION TO APPOINT CHAPTER 11 TRUSTEE ("TRUSTEE MOTION")**

### INTRODUCTION

This estate continues to careen out of control. Every time someone attempts to steer it back on course, the Debtor grabs the wheel and runs it off the road. It is long past time to move the Debtor to the back seat of the car.

Since this Court declined to appoint a Chapter 11 Trustee over this bankruptcy estate, the Debtor has:

(1) spent almost $90,000 in non-exempt funds on items such as expensive gifts for her children and country club memberships, without ever submitting a budget or seeking this Court's authorization,

(2) paid professionals pre-petition fees without seeking this Court's authorization,

(3) filed an amended plan that is unconfirmable on its face and violates 11 U.S.C. 1129(7),

(4) filed a "seriously misleading" amended disclosure statement,

(5) failed to file her February monthly operating report ("MOR") ("February MOR"), and

{00731227.2}

(6) spent what appears to be tens of thousands of dollars on litigation that she admits has little or no prospect of bringing any benefit to her estate.

Debtor's attorneys are now asking to withdraw because they question, "whether they can ethically or professional continue to represent the Debtor". It is imperative for this Court to now appoint a Chapter 11 Trustee to protect the estate, and its creditors, from the Debtor.

## SOME RELEVANT FACTS

This Court is familiar with the long and sordid history of this bankruptcy estate. Given the emergency nature of the Motion before this Court, and the expedited time frame in which interested parties are able to respond, the Receiver cannot possibly list every violation of the Bankruptcy Code and Rules the Debtor has committed since the Debtor filed her petition on August 31, 2017. This is not to diminish their individual importance in any way; many of the violations are extremely serious. But the Debtor has violated the Code and the Rules so often that listing each violation on an expedited basis is impossible.

As a poor substitute for such a recitation, the Receiver respectfully reminds this Court of several important violations:

- ➢ The Debtor has repeatedly signed documents under oath during this case that <u>she knew were false</u> – schedules, MORs, applications to employ professionals, and plan documents, among others.

- ➢ The Debtor has repeatedly failed to <u>fulfill her most basic fiduciary duties to her creditors</u> – to accurately report her assets and liabilities, to file MORs, to testify truthfully under oath about her financial condition.

> ➢ The Debtor has repeatedly <u>breached her fiduciary duties to her creditors</u> as a debtor-in-possession by putting her own interests ahead of the interests of the estate and its creditors – among the many examples, flying to Aspen for a vacation rather than assisting her professionals in drafting MORs, and spending money on country club fees rather than hiring professionals.

For more details of the Debtor's previous behavior during this case, the Receiver refers this Court to DE 132 (Debtor's Special Counsel's Motion to Withdraw), DE 140 (Receiver's Motion to Compel Debtor to Immediately Produce Documents as Required by Court Orders and Hold Debtor in Contempt for Violating this Court's Orders), DE 155 (Receiver's Response to Fulton Bank's Motion to Dismiss, Convert to Chapter 7, or Appoint a Chapter 11 Trustee), DE 216 (Receiver's Amended Supplemental Response to Motion to Dismiss, and Objection to Final Fee Application of Oppenheim Pilelsky), DE 217 (Objection to Admissibility of Any Exhibit Debtor May Attempt to Admit at Evidentiary Hearing), DE 224 (Motion for Protective Order), and DE 243 (Receiver's Response to Debtor's Emergency Motion Regarding Personal Property Inventory at West Palm House)

On January 16, 2018, this Court decided that despite the Debtor's behavior, it would give the Debtor another chance, based at least in part on what was then the recent addition of Mr. Steven Fender to the Debtor's legal team.[1] This Court chastised the Debtor's counsel for much of what had happened in this case, and expressed a hope that Mr. Fender's experience could proverbially steer the estate back on the road toward confirmation of a plan.

---

[1] On January 25, 2018, this Court entered its *Order Resolving Motion to Compel and For Contempt, and Setting Deadlines By Which Debtor Must Comply*, formalizing the relief granted at the January 16, 2018 hearing.

{00731227.2}                                    3

And yet, the Debtor has continued to grab the wheel and drive the estate straight toward every possible ditch. This is because the road toward confirmation requires that the Debtor fulfill her fiduciary duties to parties in interest other than herself, and the Debtor is completely uninterested in doing so. Instead, the Debtor continues to act in her own self-interest, regardless of whether her interests conflict with those of her estate. A small and entirely non-exclusive list of the Debtor's inappropriate actions shows the extent to which the Debtor continues to flaunt her duties to her estate.

1. Debtor admits that Debtor spent approximately $90,000 of an inheritance she received post-petition. The Debtor spent this money without any notice to creditors, and without submitting a budget to this Court. Debtor spent much of this money on items that brought no value at all to her estate – giving expensive gifts to her children, country club fees, almost $3,000 on "personal care" (which appears to mostly consist of the Debtor getting her hair and nails done at expensive salons), $6,000 on tuition and education expenses to get her children tutoring, and an astonishing $10,000 on food in a single month. The Receiver requested that the Debtor explain how these expenses benefitted the estate, and asked that a budget be provided for any future expenditure of non-exempt assets, but the Debtor refused. See Correspondence, Exhibit A.

2. The Debtor has failed to file her February MOR, which is over one week past due. The Debtor has no excuse for not filing her February MOR, especially since the Debtor hired CPA Carin Sorvik ("Ms. Sorvik") to assist her in accomplishing this basic function of a debtor-in-possession [DE 220]. To the Receiver's knowledge, Ms. Sorvik is still employed by the Debtor, and has not sought to withdraw. It appears obvious that the Debtor's failure to file her February MOR has nothing to do with Ms. Sorvik's

ability to prepare and file the Debtor's MOR, and everything to do with the Debtor's obvious lack of desire to disclose her financial information. This is but another example of the Debtor's active attempts to withhold information from creditors. See DE 140 (Receiver's Motion to Compel and Hold Debtor in Contempt), DE 155 (Receiver's Response to Fulton Bank's Motion to Dismiss), and DE 216 (Receiver's Amended Supplemental Response to Motion to Dismiss and Objection to Oppenheim Pilelsky Fee Application). Creditors again have no way to understand the current finances of the Debtor's estate.

3. The Debtor has failed (or, more likely, refused) to amend her schedules, SOFAS, and her MORs to provide creditors with accurate information. The Receiver even attempted – almost a month and a half ago on February 19, 2018 – to assist the Debtor with providing the estate and its creditors with accurate information by providing the Debtor with several obvious contradictions between her schedules, SOFAs, and her MORs. See Correspondence, Exhibit B. The Debtor continues, 7 months after she filed this bankruptcy, to contend on her schedules that the schedules will be amended when she receives additional (and unidentified) information. See Debtor's Third Amended and Refiled Schedules and SOFAs, DE 236, pp 13-17, and 82 of 94.

4. The Debtor Admits Paying $7,000 Post-Petition to Professional for Pre-Petition Services. The Debtor admits in her November 2017 MOR, which the Debtor failed to file until February 2, 2018, that the Debtor paid Gregory Ciokajlo, an accountant, $7,000 post-petition for pre-petition professional fees. The Debtor concealed this in her application to employ Mr. Ciokajlo. After the Receiver objected to the Debtor's application, the Debtor, presumably realizing that the application would be denied,

withdrew her application to employ Mr. Ciokajlo.  Nevertheless, the Debtor has refused to request that Mr. Ciokajlo repay the money to the estate, on the basis that she, "paid him out of her exempt funds" and that she "can do whatever she likes" with exempt funds.  The Debtor has not responded to the Receiver's repeated requests for the Debtor to provide any authority for spending any funds, exempt or otherwise, to pay a professional post-petition for pre-petition fees.  See Correspondence, Exhibit C.

5. The Debtor Appears To Have Paid Another Professional Post-Petition for Pre-Petition Services. The Debtor's January 2018 MOR revealed that the Debtor paid Crabtree & Auslander, counsel for the Debtor ("Crabtree") in an appeal, $35,000 in January.  The Debtor claims that this money is a retainer related to post-petition services.  A review of the Debtor's application to employ Crabtree, however, reveals that the Debtor represented that the only work Crabtree was employed to perform was to present oral argument, and assist the Debtor's bankruptcy counsel when necessary.  The Debtor appears to have paid Crabtree for their pre-petition work on the appeal.  The Receiver requested documentation from the Debtor showing that the payment was a retainer weeks ago; the Debtor has not responded.  See Exhibit C.

6. The Debtor's First Amended Plan of Reorganization is unconfirmable on its face.  The Receiver argued this in his Objection to the Debtor's First Amended Disclosure Statement. See, DE 291, pp 2-3.  According to the Debtor's own liquidation analysis, many unsecured creditors (and almost all of the unsecured dollars) are substantially better off in a Chapter 7 liquidation than under the Debtor's Chapter 11 plan of reorganization.  This is the second unconfirmable plan the Debtor has filed, after repeatedly arguing that the Debtor's repeated failures to disclose information would

somehow be cured by the Debtor filing a "100 cent" plan. The Debtor has offered no confirmable alternatives.

7. **The Debtor's First Amended Disclosure Statement is Seriously Misleading.** As discussed at the hearing on the Debtor's First Amended Disclosure Statement, the Debtor's second attempt at filing a disclosure statement was seriously misleading at best, hiding, among other things, that the Debtor's First Amended Plan treats unsecured creditors less favorably than a liquidation.

8. **The Debtor Engages in Litigation That Debtor Admits Will Not Benefit Debtor's Estate.** Yesterday, on March 27, 2018, Debtor filed a Motion for Leave to File Suit Against Curator and Other Professionals (the "Motion for Leave to File Wasteful Litigation") in the Estate of Victor Posner probate case ("VP Estate"). The Debtor's Motion for Leave to File Wasteful Litigation requests that 11th Judicial Circuit of Florida permit the Debtor to file a twelve count, 378 paragraph complaint against the Curator for the VP Estate and his counsel. See Motion for Leave to File Wasteful Litigation, and attached proposed Complaint, attached as Exhibit D. The Debtor admits in the Debtor's own Amended Disclosure Statement that the benefits of any such litigation will not inure to the Debtor's bankruptcy estate, but instead to the VP Estate, and that it is "uncertain" whether the Debtor is likely to receive a distribution from the Victor Posner Estate. See DE 242, p. 60. In other words, the Debtor is spending bankruptcy estate money to file a massively wasteful lawsuit, which even the Debtor admits has no discernable benefit to her bankruptcy estate, all while offering a $5,000,000 pot plan to pay nearly $72,000,000 worth of claims.

Against this background, the Debtor's counsel now seeks – on an emergency basis – to withdraw from representing the Debtor, because the Debtor has apparently sought to do or not do something so <u>unethical</u> that the Debtor's attorneys cannot in good conscious continue to represent her.

### RELIEF REQUESTED

The Receiver respectfully requests that this Honorable Court hold an *in camera* meeting with the Debtor and Mr. Fender, with a court-reporter present and the resulting transcript to be held under seal, to confirm that this "irreconcilable difference" is not a simple fee dispute or other dispute that would not otherwise require the Debtor's counsel to withdraw. If this Court determines that it is appropriate to grant the Motion after the *in camera* meeting, the Receiver requests that this Court either (a) instruct the United States Trustee to appoint a Chapter 11 Trustee over the Debtor's estate, or (b) convert this case to a case under Chapter 7, based on this Response and Trustee Motion, in addition to the reasons set forth in DEs 155 and 215. In the alternative, the Receiver requests that this Court set a hearing on the Receiver's Trustee Motion or Convert this case to a case under Chapter 7 for April 11, 2018, and, until that time, prohibit Debtor from spending any money unless under a budget pre-approved by the Court.

### ARGUMENT

The Debtor has promised creditors a proposed second revised disclosure statement by April 6, 2018. The hearing on confirming the Debtor's First Amended is scheduled for May 21-23, 2018.

Suddenly, because of unethical actions or inactions by the Debtor above and beyond all of the other failures and violations summarized above, the Debtor's counsel is now seeking to

{00731227.2}　　　　　　　　　　　　　　　8

withdraw. The Debtor will have to seek a <u>third</u> law firm to represent her in this case. No proposed replacement counsel is listed in the Debtor's counsel's Emergency Motion.

Given the complexity of the issues in this case and the Debtor's finances and assets, it is now unrealistic to expect a hearing to confirm the plan in May, or even June. If this Court continues to allow the Debtor to control her estate, creditors will have to wait until at least July for their objections to be heard. This is particularly frustrating because the Debtor's First Amended Plan is painfully and obviously unconfirmable.

In the meantime, the Debtor is proceeding full steam ahead wasting the assets of her bankruptcy estate on everything from pre-petition professional fees, to country club fees, to the Motion for Leave to File Wasteful Litigation. The Debtor discloses none of this to this Court or her creditors, and does not even bother to file MORs unless a creditor files a motion attempting to compel her to do so, let alone a budget. Every day there are fewer assets in the estate because the Debtor does not care to follow the Bankruptcy Code or Rules, and does not care to fulfill her fiduciary duties to her estate.

WHEREFORE, the Receiver respectfully requests that this Honorable Court hold an *in camera* meeting with Debtor and Mr. Fender and, if appropriate after the *in camera* meeting, either (a) instruct the United States Trustee to appoint a Chapter 11 Trustee over Debtor's estate, or (b) convert this case to a case under Chapter 7 or, in the alternative, set a hearing for the Receiver's Trustee Motion and until that hearing prohibit Debtor from spending any money unless under a budget pre-approved by this Court.

Dated: March 28, 2018                                    Respectfully submitted,

                                                         Gregory S. Grossman
                                                         Florida Bar No. 896667

{00731227.2}                                 9

                SEQUOR LAW, P.A.
                1001 Brickell Bay Drive, 9th Floor
                Miami, Florida 33131
                Telephone: 305-372-8282
                Facsimile: 305-372-8202
                E-Mail: ggrossman@sequorlaw.com
                E-Mail: afinley@sequorlaw.com

By:   */s/ Amanda E. Finley*
       Amanda E. Finley
       Florida Bar No. 100225
       Gregory S. Grossman
       Florida Bar No. 896667

And

SCHAFER AND WEINER, PLLC
Joseph K. Grekin, admitted *pro hac vice*
Michigan Bar No. 52165
Jason L. Weiner
Florida Bar No. 96963
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
Telephone: 248.540.3340
Facsimile: 248.282.2155
E-Mail: jgrekin@schaferandweiner.com
E-Mail: jweiner@schaferandweiner.com

By:   */s/ Jason L. Weiner*

       Jason L. Weiner
       Florida Bar No. 96963

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case on this 28th day of March 2018.

By:   */s/ Amanda E. Finley*
       Amanda E. Finley
       Florida Bar No. 100225

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Alberta L. Adams       aadams@mpdlegal.com; lpeterson@mpdlegal.com
- Brett M Amron       bamron@bastamron.com; mdesvergunat@bastamron.com; jmiranda@bastamron.com; dtimpone@bastamron.com
- Alberto M. Cardet       alcardet@gmail.com; G1615@notify.cincompass.com; ebbycmecf@gmail.com
- Spencer Gollahon       spencergollahon@earthlink.net; sgollahon@tromberglawgroup.com; ECF@tromberglawgroup.com
- Joseph Grekin       jgrekin@schaferandweiner.com; pjozwiak@schaferandweiner.com
- Gregory S Grossman       ggrossman@sequorlaw.com; ngonzalez@sequorlaw.com
- Joann M Hennessey       joann@cjapl.com; frandy@cjapl.com; ami@cjapl.com;notices@cjapl.com
- Michael S Hoffman       Mshoffman@hlalaw.com; hlaecf@gmail.com; kszolis@hlalaw.com; agarcia@hlalaw.com; mshoffman@ecf.courtdrive.com
- Gerard M Kouri Jr.       gmkouripaecf@gmail.com; gmkouri@bellsouth.net
- Steven M Lee       steven@stevenleelaw.com; service@stevenleelaw.com
- Ronald Lewis       ron@lewisthomaslaw.com; linda@lewisthomaslaw.com; lindath714@gmail.com; r40624@notify.bestcase.com
- David B Marks       brett.marks@akerman.com; charlene.cerda@akerman.com
- George A Minski       gminski@minskilaw.com; dgomez@minskilaw.com
- David S Musgrave       dmusgrave@gfrlaw.com; tleonard@gfrlaw.com
- Office of the US Trustee       USTPRegion21.MM.ECF@usdoj.gov
- Jon Polenberg       jpolenberg@bplegal.com; tfritz@bplegal.com; ydaneshfar@bplegal.com
- Charles W Throckmorton       cwt@kttlaw.com; lf@kttlaw.com; ycc@kttlaw.com
- Jason L Weiner       jweiner@schaferandweiner.com; christine@schaferandweiner.com

**Manual Notice List**

The following is the list of **parties** who will receive via US Mail.

John Crabtree
240 Crandon Boulevard
Suite 101
Key Biscayne, FL 33149

Miami-Dade County Tax Collector
c/o Alexis Gonzalez
200 NW 2nd Avenue, Suite 430
Miami, FL 33128-1733

Carin Sorvik
843 Fieldstone Way
West Palm Beach, FL 33413

{00731227.2}                                                11