IN THE UNITED STATES BANKRUPTCY COURT SOUTHERN
DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

BRENDA DIANA NESTOR,                          Case No. 17-21187-LMI
                                                             Chapter 11

         Debtor.
_____/


## OBJECTION TO THE APPOINTMENT OF CONFLICTED TRUSTEE AND CONFLICTED TRUSTEE'S PROPOSAL TO EMPLOY MY PREVIOUS ATTORNEY'S FIRM TO REPRESENT THE TRUSTEE (Under 11 U.S. Code §327)

       Brenda Diana Nestor, *pro se*, (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby files her objection to the appointment of Joel Tabas as trustee and trustee's proposal to employ the Stearns Weaver Miller attorney to the trustee (Under 11 U.S. Code §327) would be detrimental to debtor's estate and could cause adverse effect due to conflicts of interest.

       On May 14, 2018. Trustee filed (who formally worked himself for Moecker and Company and he admitted that to me) an Ex-Parte application to employ counsel from Stearns Weaver Miller et. al. "SWM" Despite Debtor's objection to employ attorney from SWM, who represented debtor personally as a Creditor on $400.000.00 and Victor Posner Estate entities losing through Ackerman misrepresentation of non-tax exempted bonded as tax exempt bond. (See Exhibit A). I paid Ad Valorem taxes on the 300 acres frontage land of Posner City Center property and as beneficiary of Victor Posner's Estate thru initial (Boardwalk & Baseball and Boardwalk Land Development, Coleridge Corp as officer and director) in a Circuit Civil matter at the Polk County, Case number 2009-CA-010330 (See Exhibit B).

During the Debtor's representation in the above mentioned case information, SWM failed to represent Brenda Nestor then a Creditor and Defendant. SWM and its attorney or representative admitted in the Deposition "already filed with this Court", that they had knowledge of the bond holders in amount of $1.1 million check was intentionally on hold by Rizzetti & Company for over 90 days which caused default by bond holders. After numerous requests by the Debtor to SWM to file a Motion to compel to produce 2 indemnification letters from Ackerman, LLC, U.S. Bank Trustee and Green Trauig, subsequently Ackerman, LLC. Stepping down for which SWM had knowledge and failed to acted to file the said motion for Ackerman to produce crucial documents which could have helped Debtor's defense in the above mentioned case. It appeared that SWM was not acting in the best interest of their clients "Brenda Nestor, Victor Posner Estate Entities and Security Management Corp." yet they wasted months and refuses to do so. Debtor had no choice but to disengage services from SWM and hired a new attorney. (See Exhibit C.)

Trustee's Ex-Parte application requests a single handpicked attorney Mr. Drew Dillworth, Esq., with Affidavit of Propose Attorney for Trustee, under the penalties of perjury Attorney Dillworth, swears under section 3, "Neither I nor the Firm have any connections with the debtor, Creditors disclosed to date, any other parties in interest, their respective attorneys and accountants, .....
Mr. Dilworth, on the other hand he does admit to have knowledge or his firm's involvement with the main players such as, The Moecker Companies, The Curator Mr. Phil Von Kahle, Akerman, LLC etc.

Since the beginning of Probate Case of Victor Posner Estate where I have always been a genuine beneficiary and these parties always working together prevented Debtor to achieve goals as she was set to do. These sets of firms, individual as always been roadblock for the Debtor rather than appreciative towards what she has done for the Estate, even in Mr. Dillworth Affidavit most these company names have been mentioned. In another word, what are the limits has been set for having conflict of interest on not having conflict of interest.

Under the US Code US 11 §327 and 1103 and based on Trustee's and Stearns Weaver Miller's past relationship to the interested parties Moecker & Company, Curator Mr. Phil Von Kahle, Ackerman, LLC., which clearly shows an existed conflicts due to intertwine relationship is not in best interest of Debtor and the scale of Justice would lean over one sided only.

In conclusion, Debtor reserve the right to amend her objection in part or in full to include additional case research and relevant information for this Court to take notice and proper action in the best interest of creditors and debtors estate.

Therefore, Debtor requests this Court to grant her a fair hearing on an expedited basis so that the Debtor would opportunity to move forward with selected attorney(s) to represent her estate.

Sincerely,

*Brenda Diana Nestor*
Brenda D. Nestor,
Debtor in Possession (Pro Se)
39 Palm Ave.
Miami Beach, FL 33132
Brendanestor01@gmail.com

PRELIMINARY LIMITED OFFERING MEMORANDUM DATED MAY 31, 2007

NEW ISSUE - BOOK-ENTRY ONLY  NOT RATED

This Preliminary Limited Offering Memorandum and any information contained herein are subject to completion and amendment. Under no circumstances may this Preliminary Limited Offering Memorandum constitute an offer to sell or the solicitation of an offer to buy, nor shall there be any sale of the 2007 Bonds in any jurisdiction in which such offer, solicitation or sale would be unlawful prior to registration or qualification under the securities laws of such jurisdiction.

*In the opinion of Bond Counsel, assuming continuing compliance with certain tax covenants, interest on the 2007 Bonds is, under existing statutes, regulations, published rulings and court decisions, excludable from gross income for federal income tax purposes. Interest on the 2007 Bonds is not an item of tax preference for purposes of the federal alternative minimum tax imposed on individuals and corporations. However, see "TAX MATTERS" herein for a description of the alternative minimum tax on corporations and certain other federal tax consequences of ownership of the 2007 Bonds. Bond Counsel is further of the opinion that pursuant to the Act, the 2007 Bonds and interest paid thereon, are exempt from taxation under the laws of the State of Florida, except as to estate taxes and taxes imposed by Chapter 220, Florida Statutes on interest, income or profits on debt obligations owned by corporations as defined in Chapter 220. For a more complete discussion of tax aspects see "TAX MATTERS" herein.*

# $23,050,000*
## CITY CENTER COMMUNITY DEVELOPMENT DISTRICT
(Polk County, Florida)
Special Assessment Revenue Bonds
Series 2007A

Dated: June 1, 2007  Due Date: As set forth below

The $23,050,000* City Center Community Development District (Polk County, Florida) Special Assessment Revenue Bonds, Series 2007A (the "2007 Bonds") are being issued by the City Center Community Development District (the "District") only in fully registered form, in denominations of $5,000, provided, however, that the 2007 Bonds will be deliverable to the initial purchasers only in denominations of $100,000 or integral multiples of $5,000 in excess of $100,000. The District is a local unit of special purpose government, established under and pursuant to the Uniform Community Development District Act of 1980, Chapter 190, Florida Statutes, as amended (the "Act").

The District was established by Ordinance No. 03-01 of the Board of County Commissioners of Polk County, Florida (the "County") effective on January 15, 2003 (the "Ordinance") under the provisions of the Act for the purposes of, among other things, financing and managing the acquisition, construction, maintenance and operation of the major infrastructure necessary within and without the District for community development. In addition to certain general powers, the Act authorizes the District, among other things, to issue the 2007 Bonds for the purpose of, among others, financing, funding, planning, establishing, acquiring, constructing or reconstructing, enlarging or extending, equipping, operating and maintaining water management, water supply, sewer and wastewater management, bridges or culverts, district roads, street lights and other basic infrastructure projects within or without the boundaries of the District as provided in the Act.

The 2007 Bonds are being issued by the District pursuant to the Act, Resolution 2003-18 adopted by the Board of Supervisors of the District (the "Board") on January 30, 2003, as amended and supplemented by Resolution 2007-02 adopted by the Board on May 17, 2007 (collectively, the "Resolution"), a Master Trust Indenture, dated as of November 1, 2004 (the "Master Indenture") between the District and U.S. Bank National Association, a national banking association, as successor in trust to the corporate trusts of Wachovia Bank, National Association, as trustee (the "Trustee"), as supplemented by that certain Third Supplemental Trust Indenture, dated as of June 1, 2007 (the "Third Supplemental Indenture," and together with the Master Indenture, the "Indenture"). Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Indenture. See "APPENDIX A - FORM OF MASTER INDENTURE AND THIRD SUPPLEMENTAL INDENTURE" attached hereto.

The 2007 Bonds, when issued, will be registered in the name of Cede & Co., as the registered owner and Nominee for The Depository Trust Company ("DTC"), New York, New York. Purchases of beneficial interests in the 2007 Bonds will be made in book-entry only form. Accordingly, principal of and interest on the 2007 Bonds will be paid from the sources provided below by the Trustee directly to Cede & Co. as the Nominee of DTC and the registered owner thereof. Disbursements of such payments to the DTC Participants is the responsibility of DTC and disbursements of such payments to the beneficial owners is the responsibility of DTC Participants and the Indirect Participants, as more fully described herein. Any purchaser as a beneficial owner of a 2007 Bond must maintain an account with a broker or dealer who is, or acts through, a DTC Participant to receive payment of the principal of and interest on such 2007 Bond. See "DESCRIPTION OF THE 2007 BONDS - Book-Entry Only System" herein. The 2007 Bonds will bear interest at the fixed rate set forth herein, calculated on the basis of a 360-day year comprised of twelve thirty-day months. Interest on the 2007 Bonds is payable semi-annually on each May 1 and November 1, commencing November 1, 2007.

The 2007 Bonds are subject to optional redemption, mandatory redemption and extraordinary mandatory redemption at the times, in the amounts and at the redemption prices as more fully described herein. See "DESCRIPTION OF THE 2007 BONDS - 2007 Bonds Redemption Provisions" set forth in this Limited Offering Memorandum.

The 2007 Bonds are the third series of securities to be issued by the District. The 2007 Bonds are being issued to: (i) finance the Cost of acquisition, construction, installation and equipping of a portion of the District's Total Project (as defined herein), (ii) pay certain costs associated with the issuance of the 2007 Bonds, (iii) pay a portion of the interest to become due on the 2007 Bonds, and (iv) fund the 2007 Reserve Account.

The 2007 Bonds are limited obligations of the District issued under the provisions of the Act and the Indenture and do not constitute an indebtedness of the State of Florida (the "State") or the County but are payable solely from the revenues, funds, accounts and other sources pledged thereto under the terms and provisions of the Indenture and the District is not obligated to pay the 2007 Bonds except from such sources. The issuance of the 2007 Bonds shall not directly, indirectly or contingently obligate the District to levy or to pledge any other funds whatsoever therefor or to make any appropriation for their payment, other than from 2007 Pledged Revenues and 2007 Pledged Funds. The 2007 Bonds are not obligations or indebtedness of the State or any agency, authority, district or political subdivision of the State, including the County, other than the District.

NO APPLICATION HAS BEEN MADE FOR A RATING WITH RESPECT TO THE 2007 BONDS. PURSUANT TO APPLICABLE STATE LAW, THE UNDERWRITER IS LIMITING THIS INITIAL OFFERING OF THE 2007 BONDS TO ACCREDITED INVESTORS WITHIN THE MEANING OF THE RULES OF THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES; THE LIMITATION OF THE INITIAL OFFERING TO ACCREDITED INVESTORS DOES NOT DENOTE RESTRICTIONS ON TRANSFER IN ANY SECONDARY MARKET FOR THE 2007 BONDS.

This cover page contains information for quick reference only. It is not a summary of the 2007 Bonds. Investors must read the entire Limited Offering Memorandum to obtain information essential to the making of an informed investment decision.

---

**MATURITY SCHEDULE**

$23,050,000*- ___% Series 2007 Term Bonds due May 1, 2038 - Price ___% - CUSIP[1]

---

*The 2007 Bonds are offered for delivery when, as and if issued by the District and accepted by the Underwriter, subject to prior sale, withdrawal or modification of the offer without notice and the receipt of the opinion of Akerman Senterfitt, Orlando, Florida, Bond Counsel, as to the validity of the 2007 Bonds and the excludability of interest thereon from gross income for federal income tax purposes. Certain legal matters will be passed upon for the Underwriter by its counsel, Greenberg Traurig, P.A., Orlando, Florida, for the District by its counsel, Shutts & Bowen, LLP, Orlando, Florida, for the Trustee by its counsel, Holland & Knight LLP, Miami, Florida and for the Developer by its counsel, Akerman Senterfitt, Orlando, Florida. It is expected that the 2007 Bonds will be available for delivery through DTC in New York, New York, on or about June __, 2007.*

## PRAGER, SEALY & CO., LLC

*Exhibit A*

Dated: June __, 2007

* Preliminary, subject to change.
[1] The District is not responsible for the use of the CUSIP number, nor is any representation made as to its correctness. It is included solely for the convenience of the readers of this Limited Offering Memorandum.

*This Preliminary Limited Offering Memorandum and any information contained herein are subject to completion and amendment. Under no circumstances may this Preliminary Limited Offering Memorandum constitute an offer to sell or the solicitation of an offer to buy, nor shall there by any sale of the Series 2005A Bonds in any jurisdiction in which such offer, solicitation or sale would be unlawful prior to registration or qualification under the securities laws of such jurisdiction.*

# PRELIMINARY LIMITED OFFERING MEMORANDUM DATED APRIL 26, 2005

**NEW ISSUE - BOOK-ENTRY ONLY**  **NOT RATED**

*In the opinion of Bond Counsel, assuming compliance with existing statutes, regulations, published rulings and court decisions, and assuming continuing compliance by the District with the covenants described herein, interest on the Series 2005A Bonds is excludable from gross income for federal income tax purposes. However, see "TAX MATTERS" herein for a description of the federal alternative minimum tax on corporations and certain other federal tax consequences of ownership of the Series 2005A Bonds. Bond Counsel is further of the opinion that pursuant to the Act (as defined herein), the Series 2005A Bonds and the interest thereon are exempt from taxation under the laws of the State of Florida, except as to estate taxes and taxes imposed by Chapter 220, Florida Statutes, on interest, income or profits on debt obligations owned by corporations as defined in Chapter 220.*

## $17,555,000*
## CITY CENTER COMMUNITY DEVELOPMENT DISTRICT
### (Polk County, Florida)
### Special Assessment Revenue Bonds
### Series 2005A

**Dated: May 1, 2005**  **Due Date: As set forth below**

The $17,555,000* City Center Community Development District Special Assessment Revenue Bonds, Series 2005A (the "Series 2005A Bonds") are being issued by the City Center Community Development District (the "District") only in fully registered form, in the denomination of $5,000, provided, however, that the Series 2005A Bonds will be deliverable to the initial purchasers only in denominations of $100,000 or integral multiples of $5,000 in excess thereof. The District is a local unit of special purpose government of the State of Florida (the "State"), established under and pursuant to the Uniform Community Development District Act of 1980, Chapter 190, Florida Statutes, as amended (the "Act").

The District was established by Ordinance No. 03-01 of the Board of County Commissioners of Polk County, Florida (the "Ordinance"), effective on January 15, 2003 under the provisions of the Act for the purposes of, among other things, financing and managing the acquisition, construction, maintenance and operation of the major infrastructure necessary within and without the District for community development. In addition to certain general powers, the Act authorizes the District, among other things, to issue the Series 2005A Bonds for the purpose of, among others, financing, funding, planning, establishing, acquiring, constructing or reconstructing, enlarging or extending, equipping, operating and maintaining water management, water supply, sewer and wastewater management, bridges or culverts, district roads, street lights and other basic infrastructure projects within or without the boundaries of the District as provided in the Act.

The Series 2005A Bonds are being issued pursuant to the Act, Resolution 2003-18 adopted by the Board of Supervisors of the District (the "Board") on January 30, 2003, as supplemented by Resolution 2005-04 adopted on April 21, 2005 (together, collectively referred to herein as the "Resolution"), a Master Trust Indenture dated as of November 1, 2004 (the "Master Indenture") between the District and Wachovia Bank, National Association, a national banking association, as trustee (the "Trustee"), as supplemented by that certain Second Supplemental Trust Indenture, dated as of May 1, 2005 between the District and the Trustee (the "Second Supplemental Indenture" and together with the Master Indenture, collectively, the "Indenture"). All capitalized terms used in this Limited Offering Memorandum that are defined in the Indenture and not defined herein shall have the respective meanings set forth in the Indenture. See "APPENDIX A - FORMS OF MASTER INDENTURE AND SECOND SUPPLEMENTAL INDENTURE" attached hereto.

The Series 2005A Bonds, when issued, will be registered in the name of Cede & Co., as the registered owner and nominee for The Depository Trust Company ("DTC"), New York, New York. Purchases of beneficial interests in the Series 2005A Bonds will be made in book-entry only form. Accordingly, principal of and interest on the Series 2005A Bonds will be paid from the sources provided below by the Trustee directly to Cede & Co. as the nominee of DTC and the registered owner thereof. Disbursements of such payments to the DTC Participants is the responsibility of DTC and disbursements of such payments to the beneficial owners is the responsibility of DTC Participants and the Indirect Participants, as more fully described herein. Any purchaser as a beneficial owner of a Series 2005A Bond must maintain an account with a broker or dealer who is, or acts through, a DTC Participant to receive payment of the principal of and interest on such Series 2005aABond. See "DESCRIPTION OF THE SERIES 2005A BONDS - Book-Entry Only System" herein. The Series 2005A Bonds will bear interest at the fixed rate set forth herein, calculated on the basis of a 360-day year comprised of twelve 30-day months. Interest on the Series 2005A Bonds is payable semi-annually on each May 1 and November 1, commencing November 1, 2005.

The Series 2005A Bonds are subject to optional redemption, mandatory sinking fund redemption and extraordinary mandatory redemption at the times, in the amounts and at the redemption prices as more fully described herein. See "DESCRIPTION OF THE SERIES 2005A BONDS - Redemption Provisions" set forth in this Limited Offering Memorandum.

The Series 2005A Bonds are the second series of securities to be issued by the District. The Series 2005A Bonds are being issued to: (i) retire on the date of delivery of the Series 2005A Bonds all of the 2004 Notes (as defined herein); (ii) finance certain Costs of acquisition, construction, installation and equipping of the 2005A Project (as defined herein); (iii) pay certain Costs associated with the issuance of the Series 2005A Bonds; (iv) pay a portion of the interest to become due on the Series 2005A Bonds; and (v) fund the 2005A Reserve Account.

**The Series 2005A Bonds are limited obligations of the District issued under the provisions of the Act and the Indenture and do not constitute an indebtedness of the State or Polk County, Florida (the "County") but are payable solely from the revenues, funds, accounts and other sources pledged thereto under the terms and provisions of the Indenture and the District is not obligated to pay the Series 2005A Bonds except from such sources. The issuance of the Series 2005A Bonds shall not directly, indirectly or contingently obligate the District to levy or to pledge any other funds whatever therefor or to make any appropriation for their payment, other than from 2005A Pledged Revenues and 2005A Pledged Funds. The Series 2005A Bonds are not obligations or indebtedness of the State or any agency, authority, district or political subdivision of the State, including the County, other than the District.**

NO APPLICATION HAS BEEN MADE FOR A RATING WITH RESPECT TO THE SERIES 2005A BONDS. PURSUANT TO APPLICABLE STATE LAW, THE UNDERWRITER IS LIMITING THIS INITIAL OFFERING OF THE SERIES 2005A BONDS TO ONLY ACCREDITED INVESTORS WITHIN THE MEANING OF THE RULES OF THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES. THE LIMITATION OF THE INITIAL OFFERING TO ACCREDITED INVESTORS DOES NOT DENOTE RESTRICTIONS ON TRANSFER IN ANY SECONDARY MARKET FOR THE SERIES 2005A BONDS.

This cover page contains information for quick reference only. It is not a summary of the Series 2005A Bonds. Investors must read the entire Limited Offering Memorandum to obtain information essential to the making of an informed investment decision.

### MATURITY SCHEDULE
$17,555,000* - ___% Series 2005A Term Bonds due May 1, 2036 - Price ___% - CUSIP _____†

*The Series 2005A Bonds are offered for delivery when, as and if issued by the District and accepted by the Underwriter, subject to prior sale, withdrawal or modification of the offer without notice and the receipt of the opinion of Akerman Senterfitt, Orlando, Florida, Bond Counsel, as to the validity of the Series 2005A Bonds and the excludability of interest thereon from gross income for federal income tax purposes. Certain legal matters will be passed upon for the Underwriter by its counsel, Greenberg Traurig, P.A., Orlando, Florida, for the District by its counsel, Shutts & Bowen LLP, Orlando, Florida, for the Trustee by its counsel, Holland & Knight LLC, Miami, Florida and for the Developer by its counsel, Akerman Senterfitt, Orlando, Florida. It is expected that the Series 2005A Bonds will be available for delivery through DTC in New York, New York, on or about May __, 2005.*

## PRAGER, SEALY & CO., LLC

Dated: _____, 2005

\* Preliminary, subject to change.
† The District shall not be responsible for the use of CUSIP numbers, nor is any representation made as to their correctness. They are included solely for the convenience of the readers of this Limited Offering Memorandum.

# STEARNS WEAVER MILLER
# WEISSLER ALHADEFF & SITTERSON, P.A.

Darrin J. Quam
401 East Jackson Street, Suite 2200
Post Office Box 3299
Tampa, FL 33602
Direct: (813) 222-5109
Fax: (813) 222-5089
Email: dquam@stearnsweaver.com

February 3, 2012

Polk County Clerk of Circuit Court
ATTENTION: Circuit Civil Filing
255 N. Broadway Avenue
Bartow, FL 33830

    Re:   *City Center Community Development District v. Boardwalk and Baseball, Inc., et al.*
           Polk County Circuit Court Case No. 2009CA-010330-0000-00

Dear Deputy Clerk:

    Enclosed for filing in the above-referenced case is an original and a copy of a Notice of Appearance. Please file the original and return a date-stamped copy to me in the enclosed self-addressed envelope. Thank you for your assistance in this matter.

                                      Sincerely,

                                      Linda A. Wade, Legal Assistant to
                                      Darrin J. Quam, Esquire

Enclosures
1470048.1

*Exhibit B*



**Stacy M. Butterfield, CPA**
Clerk of Courts & Comptroller
Polk County, Florida

**Public Records Online**
**CASE INFORMATION**

Printed as of 5/15/2018 by Public

Case Number: 2009CA0103300000000

Judge: STEVEN L SELPH    Section: 08

### Parties

| Party Type | Party Name | Attorney |
|---|---|---|
| DEFENDANT | BOARDWALK AND BASEBALL INC | |
| DEFENDANT | BOARDWALK AND BASEBALL INC | |
| DEFENDANT | BOARDWALK LAND DEVELOPMENT INC | |
| DEFENDANT | CITY CENTER COMMUNITY DEVELOPMENT | |
| DEFENDANT | COLERIDGE CORPORATION | |
| DEFENDANT | COLERIDGE CORPORATION | |
| DEFENDANT | LOFFREDO, MARCO | |
| DEFENDANT | NESTER BRENDA AN INDIVIDUAL | |
| DEFENDANT | NESTOR BRENDA | |
| DEFENDANT | U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE | |
| PLAINTIFF | BOARDWALK AND BASEBALL INC | |
| PLAINTIFF | BOARDWALK LAND DEVELOPMENT INC | |
| PLAINTIFF | CITY CENTER BONDS, LLC | |
| PLAINTIFF | CITY CENTER COMMUNITY DEVELOPMENT | |
| PLAINTIFF | COLERIDGE CORPORATION | |
| PLAINTIFF | NESTER BRENDA AN INDIVIDUAL | |

### Dockets

| Date | Action | Type | Pages | Sequence |
|---|---|---|---|---|
| 9/17/2009 | LETTER FROM ATTORNEY'S OFFICE | LAO | 1 | 1 |

Case Number: 2009CA0103030000000

Judge: STEVEN L SELPH  Section: 08

**Dockets**

| Date | Action | Type | Pages | Sequence |
|---|---|---|---|---|
| 9/17/2009 | CIVIL COVER SHEET | CCS | 1 | 2 |
| 9/17/2009 | VALUE OF REAL PROPERTY OR MORTGAGE FORECLOSURE CLAIM | VC | 1 | 3 |
| 9/17/2009 | COMPLAINT | CO | 102 | 4 |
| 9/17/2009 | NOTICE OF LIS PENDENS | LP | 6 | 5 |
| 9/18/2009 | SUMMONS | S | 3 | 6 |
| 9/18/2009 | SUMMONS | S | 3 | 7 |
| 9/18/2009 | SUMMONS | S | 3 | 8 |
| 9/18/2009 | SUMMONS | S | 3 | 9 |
| 10/13/2009 | NOTICE OF APPEARANCE | NAP | 2 | 10 |
| 10/30/2009 | DEFENDANT BRENDA NESTOR ANSWER / RESPONSE | AR | 8 | 11 |
| 10/30/2009 | DEFENDANT BOARDWALK LAND DEVELOPMENT ANSWER / RESPONSE | AR | 8 | 12 |
| 10/30/2009 | DEFENDANT COLERIDGE CORPORATION ANSWER / RESPONSE | AR | 6 | 13 |
| 10/30/2009 | BOARDWALK AND BASEBALL INC ANSWER / RESPONSE | AR | 6 | 14 |
| 11/24/2009 | DEFENDANT BOARDWALK AND BASEBALL FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF | RQA | 2 | 16 |
| 11/24/2009 | MOTION FOR LEAVE TO FILE COUNTERCLAIM | M | 3 | 17 |
| 11/24/2009 | DEFENDANTS MOTION FOR REFERRAL TO MEDIATION | M | 2 | 18 |
| 11/24/2009 | DEFENDANT BOARDWALK AND BASEBALL FIRST SET OF INTERROGATORIES TO PLAINTIFF | NSI | 2 | 19 |

Case Number: 2009CA0103300000000

Judge: STEVEN L SELPH   Section: 08

## Dockets

| Date | Action | Type | Pages | Sequence |
|---|---|---|---|---|
| 11/24/2009 | DEFENANTS MOTION FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES | M | 4 | 20 |
| 11/25/2009 | Calendar entry added for: 02/26/2010 10:00 AM Reason: MOT_MEDIATION | CINS | 0 | 15 |
| 12/2/2009 | LETTER FROM ATTORNEY'S OFFICE | LAO | 1 | 21 |
| 12/2/2009 | NOTICE OF SERVING INTERROGATORIES | NSI | 2 | 22 |
| 12/2/2009 | REQUEST FOR ADMISSIONS | RQA | 2 | 23 |
| 12/2/2009 | NOTICE OF SERVING INTERROGATORIES | NSI | 2 | 24 |
| 12/2/2009 | REQUEST FOR ADMISSIONS | RQA | 2 | 25 |
| 12/4/2009 | NOTICE OF HEARING | NH | 2 | 26 |
| 12/28/2009 | LETTER FROM ATTORNEY'S OFFICE | LAO | 1 | 27 |
| 12/28/2009 | NOTICE OF HEARING | NH | 2 | 28 |
| 12/30/2009 | LETTER FROM ATTORNEY'S OFFICE | LAO | 1 | 29 |
| 12/30/2009 | PLAINTIFF CITY CENTER'S ANSWER / RESPONSE TO BOARDWALK AND BASEBALL'S FIRST REQUEST FOR ADMISSIONS | AR | 2 | 30 |
| 1/19/2010 | DEFENDANT BOARDWALK AND BASEBALL INC ANSWER / RESPONSE | AR | 2 | 31 |
| 1/19/2010 | DEFENDANT COLERIDGE CORPORARION ANSWER / RESPONSE | AR | 2 | 32 |
| 1/28/2010 | CERTIFICATE OF SERVICE OF COLERIDGE CORPORATIONS ANSWER TO INTERROGATORIES PROPOUNDED BY CITY CENTER | C | 1 | 33 |

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

CITY CENTER COMMUNITY
DEVELOPMENT DISTRICT, a local
unit of special purpose government
of the State of Florida,

CASE NO. 2009CA-0103300-0000-00

Plaintiff,

v.

BOARDWALK AND BASEBALL INC., a
Delaware corporation; COLERIDGE
CORPORATION, a Delaware corporation;
BOARDWALK LAND DEVELOPMENT,
INC., a Florida corporation; and BRENDA
NESTOR, an Individual,

Defendants.

_____/



## NOTICE OF APPEARANCE

The Clerk of the above-styled court will please enter the appearance of Leigh K. Fletcher and Tina M. Fischer of the firm Kellerhals Ferguson Fletcher Kroblin, LLP, 501 E. Kennedy Boulevard, Suite 802, Tampa, Florida 33602, as co-counsel for Defendants Boardwalk and Baseball, Inc., Coleridge Corporation, Boardwalk Land Development, Inc. and Brenda Nestor in the above-styled cause.

Exhibit C

It is requested of the parties that copies of all pleadings, notices, and other papers filed by the parties herein be furnished to the undersigned.

*/s/ Tina M. Fischer*
LEIGH K. FLETCHER, ESQUIRE
Florida Bar No. 0107344
TINA M. FISCHER, ESQUIRE
Florida Bar No. 0017282
KELLERHALS FERGUSON
FLETCHER KROBLIN, LLP
501 E. Kennedy Boulevard, Suite 802
Tampa, Florida 33602
Telephone: (813) 898.2828
Attorneys for Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing Notice has been furnished via U.S. Mail to Mitchell Earl Albaugh, Esquire, Clark & Albaugh, LLP, 700 W. Morse Boulevard, Suite 101, Winter Park, FL 32789-3768; I. Wiliam Spivey, II, Esquire, Greenberg Traurig P.A., 450 S. Orange Avenue Suite 650, Orlando, Florida 32801; Douglas M. Smith, Esquire Hopping Greem & Sams, P.A. 119 S. Monroe Street, Suite 300, PO Box 6526, Tallahassee Florida 32314 and Darrin J. Quam, Stearns Weaver Miller Weissler Alhadef & Sitterson, P.A. 401 East Jackson Street, Suite 2200, Tampa, Florida 33602 on this 20th day of June, 2012.

*/s/ Tina M. Fischer*
Attorney

IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT IN AND
FOR POLK COUNTY, FLORIDA

CASE NO. 2009-CA-010330

CITY CENTER COMMUNITY
DEVELOPMENT DISTRICT; and
U.S. BANK NATIONAL ASSOCIATION,
as Trustee

    Plaintiffs,

v.

BOARDWALK AND BASEBALL, INC.;
COLERIDGE CORPORATION;
BOARDWALK LAND DEVELOPMENT, INC.;
and BRENDA NESTOR,

    Defendants.
_____/

## NOTICE OF APPEARANCE OF CO-COUNSEL

PLEASE TAKE NOTICE that Tucker H. Byrd and the law firm of Morgan & Morgan, P.A., enter this appearance as co-counsel of record for the Defendants, BOARDWALK AND BASEBALL, INC.; COLERIDGE CORPORATION; BOARDWALK LAND DEVELOPMENT, INC.; and BRENDA NESTOR. Please forward copies of all future pleadings and correspondence to the undersigned.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by e-mail to: Mitchell E. Albaugh, Esq.; William Spivey, II, Esq.; Leigh Fletcher, Esq.

MORGAN & MORGAN, P.A.
Business Trial Group

By: /s/ Tucker H. Byrd
Tucker H. Byrd, Esq.
Florida Bar No. 381632
20 North Orange Avenue, Suite 1600
Orlando, FL 32803
Telephone: 407-420-1414
Facsimile: 408-418-2048
Email: TByrd@BusinessTrialGroup.com

Case 17-21187-LMI    Doc 423    Filed 05/14/18    Page 1 of 5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:  
**BRENDA DIANA NESTOR,**

    Debtor.
_____/

Chapter 11  
CASE NO.: 17-21187-BKC-LMI

*[handwritten: This is my own filing! Joel's own filing]*

### TRUSTEE'S *EX-PARTE* APPLICATION TO EMPLOY COUNSEL

→ Joel Tabas, the Chapter 7 Trustee ("**Trustee Tabas**") of the bankruptcy estate of Brenda Diana Nestor ("**Debtor**"), requests the Court enter an order authorizing the employment of Attorney Drew M. Dillworth, Esq. and the Law Firm of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. (together "**Proposed Counsel**"), as general counsel in this case, and in support states:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter pursuant to U.S.C. § 157(b). Venue in this district is proper, pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to 11 U.S.C. § 327(a), Trustee Tabas may employ one or more attorneys to assist with the carrying out of the duties imposed upon him in this case.

3. Trustee Tabas wishes to employ Proposed Counsel as general counsel in this case.[1]

4. Proposed Counsel do not hold or represent any interest adverse to the estate and Trustee Tabas believes that the employment of this attorney for the services described above will be in the best interests of the estate.

5. Attached to this Motion, as Exhibit A, is Proposed Counsel's affidavit demonstrating that Proposed Counsel are disinterested as required by 11 U.S.C. § 327(a) and a verified statement as required under Fed. R. Bankr. P. 2014.

6. Proposed Counsel has agreed to be compensated in accordance with 11 U.S.C. § 330.

7. Trustee Tabas believes that Proposed Counsel are qualified to practice in the Bankruptcy Court and are qualified to advise him on his relations with and responsibilities to the Debtor, creditors and other parties.

---

[1] Trustee Tabas may hire special counsel to deal with the following matters: prosecuting objections to discharge, if necessary; prosecuting objections to exemptions, if necessary.

*[handwritten: I have no doubt I will not get a fair, reasonable and in the best interest of my Estate! The over charging of Stearns while not getting the 2 indemnification letters]*

*[handwritten at top: made the Economic harm $400,000. to me that we are still fighting today! $400 Million V/Estate!]*

CASE NO.: 17-21187-BKC-LMI

8. Trustee Tabas contacted the Debtor prior to filing this Motion to determine whether the Debtor opposed the employment of Proposed Counsel as requested herein. Debtor advised Trustee Tabas that she objected to the employment of Proposed Counsel. Notwithstanding Debtor's objection, Trustee Tabas wishes to employ Propose Counsel and requires the immediate assistance of Proposed Counsel in this case to analyze the issues confronted by this estate and assist in the preparation of a written report to the Court as required by the Court's Order [ECF No. 405] Directing Appointment of Chapter 11 Trustee. Accordingly, Trustee Tabas requests that the Court enter the attached interim Order authorizing the employment of Proposed Counsel on an interim basis and setting a final hearing on the employment of Proposed Counsel in connection with the Status Conference scheduled for May 22, 2018 at 9:30 a.m.

**WHEREFORE,** Trustee Tabas respectfully requests that this Court enter an Order, substantially in the form attached hereto as Exhibit B, authorizing, on an interim basis, the employment of Proposed Counsel on the matters set forth above, scheduling a final hearing to consider objections to employment of Proposed Counsel, and for such other and further relief as the Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Local Bankruptcy Rule 9013-1(C)(3), a true and correct copy of this Motion was served on (i) the debtor, **Brenda Nestor**, 39 Palm Avenue, Miami Beach, Florida 33139, (ii) the United States Trustee and (iii) parties that have filed appearances in this case, either by Notice of Electronic Filing by CM/ECF to those counsel or parties who are registered to receive Notices of Electronic Filing in this case or by regular U.S. mail to those who appear on the attached Service List, postage fully prepaid, on May 14, 2018.

Respectfully submitted,

/s/ Joel Tabas
Joel Tabas, Trustee
Ingraham Building - Suite 248
25 SE 2nd Avenue
Miami, Florida 33131
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
jtabas@tabassoloff.com

#5672210 v1

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

BRENDA DIANA NESTOR,

Case No. 17-21187-LMI
Chapter 11

Debtor.
_____/

### AFFIDAVIT OF PROPOSED ATTORNEY FOR TRUSTEE TABAS

Under the penalties of perjury, I, DREW M. DILLWORTH, aver as follows:

1. I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida, and I am qualified to practice in the U.S. Bankruptcy Court for the Southern District of Florida.

2. I am an attorney and shareholder of the law firm of STEARNS WEAVER MILER WEISSLER ALHADEFF & SITTERSON, P.A. ( the "Firm"), with offices located in Miami, Fort Lauderdale, Tampa, and Tallahassee, Florida.

3. Neither I nor the Firm hold or represent any interest adverse to the estate, and we are disinterested persons as required by 11 U.S.C. § 327(a).

4. Neither nor the Firm have any connections with the Debtor, creditors disclosed to date, any other parties in interest, their respective attorneys and accountants, the U.S. trustee, or any person employed in the office of the U.S. trustee as required by Bankruptcy Rule 2014, except as follows:

*[Handwritten annotation: For The Record I was sued "personally"]*

a. For a period of eight (8) months concluding on October 10, 2012, lawyers in the Firm's Tampa office represented the Boardwalk & Baseball, Inc., *[handwritten: Brenda Nestor personally & as officer director]*

*[Handwritten annotation: "Brenda Nestor personally loaned $400,000. on the Ad valorem Taxes owed on this same property @ I-4 and State Road #37 that Darrin ___ of Stearns Weaver is still a partner of said]*

LF-18 (rev. 06/01/08)

*[handwritten top:] this Bankruptcy in Tampa for same said Clawback & I am looking to receive is still open!*

*[handwritten left margin:] High Speed Rail, Fortress Codina are being looked into in this case right now.*

Boardwalk Land Dev., Inc., Coleridge Corp., and Debtor in the defense of foreclosure litigation styled *City Center Community Development District v. Boardwalk and Baseball, Inc., et al.*, 09-CA-010330 (10th Judicial Circuit, Polk County, FL). Based upon my investigation of that matter, the litigation was settled two (2) years after the Firm's involvement concluded and the action was dismissed with prejudice by Order dated December 16, 2014. The foreclosure litigation is not substantially related to the matters upon which the Firm will represent Trustee Tabas in this case. No attorney working on this matter had any involvement with that litigation and has no independent knowledge of the claims defended or asserted in that action.

*[handwritten:] "Stearns Weaver was a creditor in that same Bankruptcy." "open"*

b.  In the 1980s and early 1990s, the Firm represented Victor Posner and/or entities he owned or controlled in matters unrelated to this bankruptcy case. It has been more than twenty-five (25) years since the last of those matters concluded.

c.  The Firm has represented and continues to represent Bank of America NA on matters wholly unrelated to the above styled bankruptcy case.

*[handwritten left margin:] 'one Disclosure' and are sued in Akerman case filed in your record.*

d.  The Firm previously represented the Akerman law firm on two very small matters that were closed several years ago, which matters were wholly unrelated to the above styled bankruptcy case. It has been three (3) years since the last of those matters concluded.

e.  The Firm previously represented Moecker & Company in its capacity as assignee for the benefit of creditors in several matters wholly unrelated to the

LF-18 (rev. 06/01/08)

*[handwritten bottom:] ↑ Said groups are both trying to extort $12 Million Dollars from my Bankruptcy Case! I need Clawbacks of millions of Dollars*

*I loan the Victor Posner Estate to protect the IRS all ③ creditors (myself also as Creditors & Beneficiaries)* above styled bankruptcy case. It has been five (5) years since the last of those matters concluded. *This case is still open with Judge Williamson in Tampa.*

5. Stearns Weaver submits that none of the foregoing representations or connections constitutes any conflict of interest or in any way impairs its disinterestedness in these cases.

6. Any representation disclosed above, did not/does not comprise a material component of the Firm's overall practice. ← *Representation of Armando Codina is involved with Bonds in Posner & Doral/Lennar LNR*

Under the penalties of perjury, I, DREW M. DILLWORTH, declare that I have read the foregoing Affidavit and that the facts stated in this Affidavit are true and correct.

Dated: May 14, 2018

DREW M. DILLWORTH, ESQ.
FLORIDA BAR NO. 0167835